```
                    U.S. DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
                        AT SEATTLE

SANDRA L. FERGUSON,                  ) No.
                                     )
              Plaintiff,             ) COMPLAINT FOR DAMAGES AND OTHER
                                     ) RELIEF
vs.                                  )
                                     )
BRIAN J. WAID AND THE MARITAL        )
COMMUNITY THEREOF,                   )
                                     )
              Defendant.             )
_____)
```

## I.    INTRODUCTION

1. This action against the defendant, Brian Waid, is based

   on 42 U.S.C. §1983. Under Section 1983, persons are

   liable if they act under color of law to deprive

   individuals of "any rights, privileges, or immunities

   secured by the Constitution and laws" of the United

   States.  42 U.S.C. §1983.

2. For an individual to act under color of law does not

   require that he be an officer of the state.  It is enough

   that he is a willful participant in joint activity with

   the state or its agents to deprive the plaintiff of her

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

rights, privileges, or immunities.  "The involvement of a state official in a such conspiracy plainly provides the state action essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights, whether or not the actions of the [state officials] were officially authorized or lawful."
Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

3. The Washington State Bar Association ("WSBA") is a state agency created by the State Bar Act of 1933, RCW 2.48.010, which compels attorneys to be dues-paying members in order to maintain their licenses and right to practice law in Washington.  All members of the WSBA are subject to the authority of the WSBA-controlled Washington Lawyer Discipline System ("the system"), whose officials have unfettered discretion to subject attorneys to investigation and discipline, up to and including permanent disbarment.  In addition to acting as a regulator of attorney conduct, the WSBA is supposed to be a professional association (albeit, compulsory) which represents the interests of its members, regardless of race, gender, national origin, disability, or other protected classifications under law.  But, in practice or under custom or tradition, the WSBA is governed by white

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

males members is rife with cronyism, which results in disparate treatment of female and minority members of the compulsory, duel regulatory agency/professional association.

4. The plaintiff, Sandra Ferguson ("Ferguson"), female and Native American.[1]  Ferguson is an attorney and a WSBA member licensed to practice law in Washington State. From 2005 to 2011, and again in 2015, and from 2016 to the present, she has been subjected and continues to be subjected to disparate treatment, deprivation of her rights to due process, equal protection, the exercise of free speech, and equal employment opportunities, because of her gender, race, and speech in opposition to the WSBA-controlled lawyer discipline system.

5. The basis for the present action is that Defendant Waid, is engaged in unlawful joint activity with WSBA officials to deprive Ferguson of her liberty and property interests to pursue her profession, her right to the exercise of free speech, and her right to equal employment opportunities, regardless of gender and/or race.

---

[1] Ferguson is an enrolled member of the Tlingit-Haida Tribes of Alaska, a federally-recognized tribe.

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

6. The defendant, Brian Waid ("Waid" or "Defendant"), is an attorney and WSBA member licensed to practice law in Washington.  Waid is a white male.

7. In early 2011, Ferguson consulted and retained the defendant, Waid, to represent her in a contract dispute matter.  Due to Waid's unethical conduct (inter alia), Ferguson suffered grievous harm to her financial position, her professional standing reputation in the community, her mental and emotional health, and due to Waid's joint activity with WSBA officials, this harm continues.

**Waid's Pattern of Ethics Violations.**

8. **Sandra Ferguson and The Ferguson Firm, PLLC.**  In connection with his representation of Ferguson from April 2011 to February 10, 2012 and thereafter, Waid committed malpractice, fraud, engaged in false and deceptive business practices in violation of Washington's Consumer Protection Act ("CPA"), RCW §19.86, and breached his fiduciary duty to his client, Ferguson.  This gave rise to Ferguson's lawsuit against him, originally filed on October 24, 2014, then re-filed on December 1, 2015.

9. **Angela Oppe.**  Ferguson discovered that Waid engaged in similar fraudulent and unethical practices which harmed

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

other former (female) clients, especially, a female

client named Angela Oppe. Due to Ferguson's discovery,

Ms. Oppe retained counsel and filed a civil suit against

Waid for malpractice, breach of fiduciary duty, false and

deceptive business practices).

10.   **Carole LaRoche**.  During discovery proceedings in

Ferguson's 2014 action against Waid, the information

about Carole LaRoche's complaints against Waid were

withheld by Waid, despite discovery requests which called

for production of this information.  Waid falsely

testified during his deposition to avoid disclosure of

Ms. LaRoche's complaints against him.  Despite Waid's

discovery abuse, Ferguson learned the existence of this

other (female) former client of Waid's, Carole LaRoche,

who lodged a bar grievance against Waid, which was

dismissed by the WSBA, amd then filed a civil suit, pro

se, against Waid.

11.   **The Foulons**.  In addition to Angela Oppe and

Carole LaRoche, Ferguson learned of another client of

Waid's, Bob Foulon and his wife.  The marital community

of the Foulons was harmed by Waid's and his co-counsel's

breach of fiduciary duty to their clients (e.g., breach

of the duty to communicate).

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

12.     On October 24, 2014, Ferguson filed a lawsuit against Waid for his acts, errors and omissions representing Ms. Ferguson and her law firm from April 2011 to February 10, 2012.  Waid's multiple motions for summary judgment dismissal of that lawsuit were repeatedly denied by the trial court.

13.     Ferguson's civil case against Waid was extensively litigated from October 2014 to December 1, 2015, when the trial court granted Waid's motion for "non-suit" dismissal under CR 41.  Ferguson's remaining claims were dismissed without prejudice on December 1, 2015, and the same day, Ferguson re-filed her claims under a new cause number.  Ferguson's Complaint in the 2015 action is attached and incorporated by reference herein as Exhibit A.

14.     However, Ferguson's 2015 lawsuit against Waid is stayed pending the resolution of a number of issues on appeal from the 2014 case. Ferguson continues to be denied her right to a jury trial on the merits, while being required to appeal orders entered in the first-filed (2014) action, although there has been no final adjudication of her claims against Waid.  The compelled

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

appeal is pending, and the second-filed action at the

trial court level remains stayed at this time.

15.      **Anonymous Submission to WSBA—December 1, 2015**.

As part of the basis for this lawsuit, Ferguson alleges

that on December 1, 2015, Waid (or another person acting

on Waid's behalf) made an anonymous submission to the

WSBA's Office of Disciplinary Counsel, which caused her

to be targeted for investigation and potential

disciplinary action.  As a result of this anonymous

submission, the WSBA launched an investigation of

Ferguson and her "capacity" to continue to practice law.

16.      **Waid's Agreement with WSBA Officials**.  In early

2016, during the investigation of Ferguson's "capacity"

to practice law, Waid ("Waid") became a willful

participant in joint activity with officials of the

Washington State Bar Association ("WSBA") to deprive her

of her constitutional and legal rights, when he and WSBA

officials reached an understanding that he would file a

meritless grievance against Ferguson, giving WSBA

officials a pretext to investigate and pursue

disciplinary action against Ferguson.

17.      **Waid's Grievance Against Ferguson—March 1, 2016**.

On March 1, 2016, Waid filed the proposed baseless

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

grievance against Ferguson.  In subsequent correspondence with WSBA officials over many months, Waid repeatedly urged the WSBA to immediately proceed with an investigation of Ferguson, despite Ferguson's pending litigation against him, and to disbar Ferguson before she could proceed to a trial on the merits.  Waid complained to WSBA officials that Ferguson published negative reviews of him as her lawyer on "AVVO", impliedly asking the WSBA to prevent or punish Ferguson for her exercise of the right to free speech, warning the public about Waid's fraudulent practices as an attorney.

18.      The WSBA commenced an investigation of Ferguson based on Waid's March 1, 2016 grievance.  In subsequent correspondence with WSBA officials, Ferguson made multiple requests that Waid's grievance be dismissed because it was an abuse of the disciplinary process, and was a meritless grievance aimed at preventing her from moving forward, unmolested, with her civil suit against him.  In her letters to the WSBA, Ferguson asked that, alternative to immediate dismissal, the WSBA's investigation at least be deferred until the final adjudication of her civil suit against Waid.  The WSBA repeatedly failed to act on Ferguson's requests and

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

thereby, denied Ferguson's requests, while the investigation of Ferguson, at Waid's behest, continued.

19.      In early 2017, Ferguson joined a putative class action filed against the WSBA.  Waid was not a party or defendant in that action.  The attorney of record subsequently abandoned the class action and the case was shortly thereafter, dismissed on Defendants' motion for dismissal on the pleadings brought under Rule 12(b)(6). The case went up on appeal.

20.      Ferguson discharged her attorney and appeared pro se.  Ferguson sought in the district court, but was denied the opportunity to amend the complaint to allege additional facts and join additional defendants. Therefore, she filed a notice of appeal. Ferguson's appeal is pending in the Ninth Circuit Court of Appeal.

21.      On May 11, 2017, Ferguson lodged a formal bar grievance against Waid.  Her grievance concerned the ethics violations Waid committed as her attorney in the contract dispute matter.  In addition, Ferguson's grievance against Waid concerned his similar ethics violations committed as the attorney for Angela Oppe. Ferguson discovered that Waid defrauded Oppe and assisted Oppe to find legal counsel.  Therefore, she was

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

intimately familiar with Waid's ethics violations

committed while representing Oppe.  Like Ferguson, Oppe

filed a civil lawsuit against Waid.  Oppe's lawsuit was

settled before trial.

22.      Waid responded to Ferguson's grievance by asking

the WSBA to defer the investigation of Ferguson's

grievance until the final adjudication of Ferguson's

pending lawsuit against him.  The WSBA granted Waid's

request, and promptly notified Ferguson and Waid that it

was deferring the investigation of *both* grievances.  This

was supposed to present the appearance of equal treatment

of both WSBA members.  However, it was in fact, disparate

treatment of two similarly-situated WSBA members (one

female and minority, the other white and male).  By this

time, Ferguson had been the target of a WSBA

investigation for 15 months, interfering with her right

to practice her profession unmolested.  The investigation

had continued for 15 months, despite the fact that Waid's

grievance lacked merit, and despite the WSBA's knowledge

of the pending litigation between Ferguson and Waid, the

evidence of Waid's pattern of serious ethics violations,

and Ferguson's multiple requests that the investigation

be deferred due to that litigation, all of which were

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206) 624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

denied by WSBA officials, until Waid requested a deferral of the investigation against him.

23.      Ferguson appealed the WSBA's decisions to a WSBA review committee, asking for the dismissal of Waid's grievance and for the investigation of her grievance against Waid to proceed, based on Waid's evident pattern of ethics violations and endangerment to the public from delaying the investigation.  Ferguson's appeal to the WSBA was denied.  Therefore, both members' grievances are now deferred.

24.      In Waid's letters to the WSBA, written after he filed the March 1, 2016 grievance, Waid repeatedly discusses the fact that he and WSBA officials came to an understanding that he would file a bar grievance against Ferguson. Waid states in his letters (inter alia) that he did not *initiate* the grievance, but merely "went along" with the WSBA's idea that he file a grievance against Ferguson.  Thus, Waid's own written statements are admissions which show that is potentially liable under Section 1983 for his willful participation in joint activity with WSBA officials, for depriving Ferguson of her of liberty and property interests to pursue her chosen profession, in violation of her First Amendment

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

right to free speech, her right to due process and equal protection secured by the U.S. Constitution, and in violation of her right to equal employment opportunities regardless of gender or race, protected by Title VII of the Civil Rights Act of 1964, as amended. (42 U.S.C. §2000e, et seq.)

## II.    JURISDICTION AND VENUE

25.     This case arises under the U.S. Constitution and laws of the United States.  This Court has jurisdiction under 28 U.S.C. §1331.

26.     This is an action arising under 42 U.S.C. §1983. The Court has jurisdiction under 28 U.S.C. § 1343(a)(3)(4).

27.      This is also a case or controversy within this Court's jurisdiction under 28 U.S.C. §§ 2201 and 2202 because Plaintiff seeks declaratory and injunctive relief pursuant to Fed. R. Civ. P. 65.

28.     Venue is proper because the plaintiff and defendant reside in this judicial district "in which a substantial part of the events or actions giving rise to the claims occurred."  28 U.S.C. §§1391(b), 124(d)(1).

## III.    PARTIES

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

29.      Plaintiff, Sandra L. Ferguson, is a citizen of the United States.  She resides in Washington.

30.      Defendant, Brian Waid, is a married person.  Waid is a citizen of the United States.  The marital community of Waid resides in Washington.

## IV.      FACTUAL ALLEGATIONS

31.      The attorney, Sandra Ferguson, is female and Native American.[2]  Ferguson has been practicing law for 24 years.  In 24 years, she has been a member of the Oregon State Bar, the District of Columbia Bar, and the Washington State Bar.

32.      After practicing law for a number of years in Washington, D.C. as an associate at a private law firm representing Indian tribes and tribal organizations, Ferguson was offered and accepted a position as in-house counsel for the Quinault Indian Nation, a sovereign government over the reservation located within Washington State borders.  Accordingly, Ferguson sought and gained admission to the Washington State Bar at the end of 1997. She had no disciplinary history or record in any

---

[2] Ferguson is an enrolled member of the Tlingit-Haida Tribes of Alaska, a federally-recognized tribe.

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

jurisdiction when she sought and gained admission to the Washington State Bar.

33.     In 24 years of practice, only one client (or member of the public) has ever filed a grievance against her.  That individual's grievance was filed with the WSBA, because Ferguson declined to advance costs of litigation to proceed with a lawsuit on behalf of the grievant.  Ferguson filed a preliminary written response to the grievance, and the grievance was dismissed by the WSBA.

34.     In contrast, there have been three separate occasions when the WSBA has acted on grievances filed against Ferguson by similarly-situated white male attorneys who are members of the WSBA.  These attorneys have filed meritless grievances against Ferguson which the WSBA has used as pretext to target her for investigation and discipline.

35.     The first time a similarly-situated white male WSBA member filed a grievance against Ferguson was in April 2005, when Ferguson's opposing counsel, Doug Owens ("Owens"), filed a grievance alleging that she obtained emergency injunctive relief by ex parte motion for her clients, without prior notice.  Ferguson did not dispute

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

these basic facts, but maintained that her motion was permitted by law (i.e., CR 65(b).

36.      In May 2005, Owens admitted in a sworn declaration that he engaged in improper ex parte communications with the judge in their clients' case. In addition, Ferguson obtained a hearing transcript and provided it to the WSBA, which proved that Owens made false or misleading representations to the trial court judge in their clients' case, during a hearing which occurred prior to Ferguson's appearance in their clients' case.  Owens' proven lack of candor toward the tribunal caused the need for Ferguson's subsequent emergency motion of which Owens complained in his grievance.  Based on this evidence, Ferguson filed a bar grievance against Owens.

37.      With respect to Ferguson's grievance against Owens, the WSBA investigator/prosecutor, attempted to immediately dismiss it, without any investigation. However, Ferguson appealed and a WSBA review committee ordered the investigator (and prosecutor) in the proceeding against Ferguson, to "further investigate" Owens' conduct with regard to his ex parte communications with the judge and his lack of candor toward the tribunal

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

during the hearing, but the WSBA investigator did not comply with this order to "further investigate" Owens' conduct, while continuing to aggressively pursue the meritless claim against Ferguson, well beyond the scope of the allegations in Owens' grievance.  The WSBA investigator/prosecutor then submitted a false, unsupported conclusion to the WSBA, in support of the recommendation that charges be filed against Ferguson, and the WSBA proceed to hearing on the charges against Ferguson.

38.     Although the WSBA was not required to meet its burden of proof, Ferguson's hearing before a WSBA representative (a "hearing officer"), resulted in a 30-day suspension by the WSBA representative.  On automatic review, the WSBA Disciplinary Board increased the suspension to 90 days.  Ferguson appealed both decisions to the Washington Supreme Court.  Before the Supreme Court, she and her lawyer warned the WSBA that a CR 11 motion would be filed.  In response, they received a threat from the WSBA's counsel, Bob Weldon.  The WSBA's response was not to deny the CR 11 violation alleged by Ferguson, nor to withdraw, or correct the false pleadings, but instead, to threaten Ferguson and her

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

attorney if she did not withdraw the CR 11 claim.
Ferguson did not withdraw the claim, but to the best of
Ferguson's recollection, the Court did not rule on it.
Instead, the Court affirmed the WSBA Disciplinary Board's
90-day suspension on February 3, 2011 in a scathing
published opinion which destroyed Ferguson's professional
reputation and has continued to harm her in her law
practice and her clients' cases.  The damaging statements
in the Court's published opinion were not warranted or
supported by evidence in the record of the disciplinary
case, but appeared to be based on untruthful
communications by WSBA officials with certain members of
the Court.  In addition, the published opinion excoriated
Ferguson for filing a grievance against the white male
WSBA member, Owens, even though the uncontroverted
evidence substantiated his ethics violations and the
merits of her grievance.  This portion of the opinion
also appeared to be based on WSBA officials' untruthful
or misleading communications with certain members of the
Court.

39.     The second time the WSBA acted adversely based on
a grievance filed against Ferguson by another white male
WSBA member was when, on December 4, 2015, the WSBA

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

received a submission from an anonymous source. The submission was Ferguson's own declaration, recently filed in support of a continuance in a lawsuit she had filed against her former attorney, Brian Waid (a white male WSBA member). The anonymous submission contained no allegation about Ms. Ferguson's professional conduct as part, only the declaration and a print-out of a WSBA website page showing Ferguson's profile. But, based on the anonymous submission, the WSBA launched an investigation into Ms. Ferguson's "capacity" to contine to engage in the practice law. In response to the anonymous submission, Ferguson informed the WSBA of her reason to believe that the anonymous filer was Brian Waid or someone acting on his behalf, and that by filing an anonymous "grievance", Waid was hoping to burden her with the need to defend her right to practice law, while the litigation between them was pending. Ferguson also expressed her concern to WSBA officials that Waid was abusing the disciplinary system. The WSBA continued to target and investigate Ferguson. This investigation into Ferguson's "capacity" was still active when the next (third) grievance was filed against Ferguson by a white male WSBA member.

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

40.      The third time Ferguson was the subject of a
grievance by a white male WSBA member was on March 1,
2016, when Defendant Waid filed a grievance against her.
This third grievance was not anonymous, but was in the
form of a 26-page letter dated March 1, 2016 and signed
by Waid.  Shortly thereafter, the WSBA dropped the
investigation triggered by the anonymous filing, but
proceeded with an investigation of Waid's new grievance.

41.      In letters Waid wrote to the WSBA over many
months, he repeatedly urged the WSBA to immediately
investigate and disbar Ferguson before her pending civil
lawsuit against him could be resolved on the merits.
Waid also complained to the WSBA that Ferguson published
negative statements about him and his conduct as her
attorney and Oppe's attorney, on a website called "AVVO".
Waid repeatedly stated that he did *not* initiate the
grievance against Ferguson which was filed on March 1,
2016, but was told to file it by WSBA officials.
Therefore, he "went along with" this proposal.

42.      In her responses to Waid's letters, Ferguson
informed the WSBA of Waid's ethics violations as her
lawyer, and of his similar ethics violations while
representing another former client, Angela Oppe, who also

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

had filed a lawsuit against Waid for defrauding her of hundreds of thousands of dollars.  Ferguson also provided the WSBA with material portions of the record of evidence from both her civil case and Oppe's civil case, substantiating these allegations about Waid.

43.      Ferguson did not immediately file a formal bar grievance against Waid, in part, because she believed it would be futile to do so, given Waid's status as a white male WSBA member and her less favorable status as a female minority WSBA member, but also she did not file the grievance against Waid because she had previously been subject to public censure by the Washington Supreme Court for filing a grievance against a white male WSBA member (Owens in 2005).

44.      The WSBA did not act on the information and evidence it received from Ferguson regarding Waid's ethics violations, but continued to investigate Ferguson. Ferguson repeatedly requested that the investigation into Waid's grievance be dismissed as baseless, or at least deferred until the civil suit was resolved.  These requests were ignored by WSBA officials, and the investigation of Ferguson, based on Waid's March 1, 2016 grievance letter, continued.

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

45.     In early 2017, Ferguson joined a putative class action against the WSBA.

46.     On May 11, 2017, Ferguson filed a formal grievance against Waid with the WSBA's Office of Disciplinary Counsel.  The subject of this grievance was Waid's unethical conduct as her own attorney, and his similar unethical conduct as Angela Oppe's attorney.

47.     Waid responded to Ferguson's grievance by asking the WSBA to defer the investigation due to the pending civil lawsuit between Ferguson and Waid.  At this time, Oppe's lawsuit was no longer pending, but had been settled.  In contrast to the WSBA's previous refusals of Ferguson's requests to defer the investigation for the same reason, the WSBA promptly agreed to defer its investigation against Waid.  In order to create the false appearance of fairness and equal treatment of both WSBA members, both investigations into the grievances by Waid and Ferguson were deferred.

48.     Ferguson appealed the WSBA's decision.  She asked that the grievance against her, which had placed her under investigation for the past 15 months, be immediately dismissed.  She asked that the grievance against Waid be investigated on the basis that to delay

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

an investigation and disciplinary action would endanger
the public, given Waid's evident pattern and practice of
serious ethics violations which harmed his clients.
Ferguson's appeal and request for relief was denied by
the WSBA without explanation.

49.      In this lawsuit, Ferguson alleges that Defendant
Waid, jointly with WSBA officials, has targeted her for
adverse action based on her gender and/or race and in
retaliation for protected activity (defending herself in
the prior disciplinary action, suing Waid for his conduct
as her attorney, and publishing truthful statements about
Waid's conduct as her attorney).  Ferguson alleges that
the WSBA, with the help of Waid, is engaged in ongoing
and continuing unlawful conduct of taking taken adverse
actions against her based on meritless grievances filed
by white male WSBA members, while refusing to investigate
or take action against these same white male members
engaging in serious ethics violations.  She further
alleges that this disparate treatment is based on race
and gender, and violates her rights to due process, equal
protection, free speech, and equal employment
opportunities under the U.S. Constitution and laws of the
United States.

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

50.     Due to his March 1, 2016 grievance, Brian Waid

became a willful participant in joint activity with

officials of the Washington State Bar Association

("WSBA")to deprive Sandra Ferguson of her liberty and

property interests, and right to exercise of free speech,

without due process of law, and in violation of her right

to equal protection, guaranteed under the First, Fifth

and Fourteenth Amendments to the U.S. Constitution, and

in violation of Ferguson's right to equal employment

opportunities regardless of race and gender under Title

VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.*

**The WSBA Lawyer Discipline System.**

51.     Disciplinary proceedings are quasi-criminal

proceedings.  The targeted attorney is defending liberty

and property interests to pursue her chosen profession

and to earn a livelihood.  The Washington Lawyer

Discipline System, as administered by the WSBA, deprives

targeted attorneys of their right to due process and

equal protection guaranteed by the Fifth and Fourteenth

Amendments to the U.S. Constitution.  Furthermore, the

WSBA subjects female and minority WSBA members to

disparate treatment based on their protected class.  This

all is due to the lack of separation or independence of

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

the disciplinary system from the WSBA.  It is also the
result of an absence of mandatory rules to which WSBA
officials are held.  It is due to the unfettered
discretion of individual officials to make arbitrary
decisions affecting the rights of individual attorneys
who subject to the WSBA's disciplinary authority and are
in the system.  The foregoing conditions result in a
lawyer discipline system which is infused with "cronyism"
and is biased against minorities and females WSBA
members, while favoring and protecting white male WSBA
members even when they engage in unscrupulous practices
and serious ethics violations, thereby, harming the
public which is supposed to be protected by the WSBA's
lawyer discipline system.

52.      The Washington Supreme Court ("the Court") has
promulgated facially-neutral rules, titled "Enforcement
of Lawyer Conduct", which govern the lawyer discipline
system.  In these rules, the Court declares exclusive and
inherent authority over the discipline system.  But, as a
practical matter, the system is controlled by the WSBA.
The individuals responsible for administering the system
are all part of "the WSBA", including the Board of
Governors, its various committees and subcommittees, the

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

Disciplinary Board and its various committees and subcommittees, the Office of Disciplinary Counsel lawyers, investigators and staff, and hearing officers. These individuals who make up "the WSBA" have unfettered discretion, from the initial decision of whether or not to investigate a grievance against a particular member-attorney (or to investigate a member-attorney where no grievance has been filed); to determine the nature and scope of an investigation of a member-attorney once it is undertaken; to determining whether a particular member-attorney will be charged or not, and if so, what those charges will be; to determining whether an offer to settle before trial will be made to the targeted attorney; to deciding whether charges against a particular attorney will be referred to the "deferral program" and thereafter, dismissed without becoming public; to deciding whether to order a matter to hearing, and what sanctions will be sought against an attorney who is charged.

**The ABA Committee Reports**.

53.     For 25 years, the Washington Supreme Court and WSBA officials have known or had reason to know that the Washington Lawyer Discipline System deprives targeted

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

WSBA members of their constitutional rights.  Despite this knowledge, they have failed to make the changes recommended by the American Bar Association, as necessary to protect WSBA members and the public.

54.     In 1993, and again in 2006, the American Bar Association's Standing Committee on Professional Discipline ("the ABA Committee") reviewed and evaluated the Washington's Lawyer Discipline System. In 1993, and again in 2006, the ABA Committee issued a report identifying structural problems with the system and warned that these problems placed attorney-members and the public at risk.  These reports made specific recommendations for structural changes to the system to protect WSBA members and the public.

55.     The most serious structural problem that was identified by the ABA Committee as placing member-attorneys and the public at risk, was the WSBA's *de facto* control over the lawyer discipline system.  The 2006 Report of the ABA Committee finds that this problem (previously identified in the 1993 ABA Report) continues unabated.  The same Report specifically recommends as a remedy the creation of an independent body to oversee and administer the lawyer discipline system (instead of the

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

WSBA). The Report suggests that the only way to protect WSBA members and the public is to have an independent, impartial, and effective lawyer discipline system which requires divesting the WSBA of its control over the system.

56.     Intentionally, or in reckless disregard of the constitutional and statutory rights of Ferguson and other similarly-situated WSBA members, the Court and the WSBA have rejected the ABA Committee's recommendation to create an independent body (instead of the WSBA) to administer and operate the Washington Lawyer Discipline System.

57.     The WSBA is traditionally or historically an organization governed by white male members of the WSBA. The WSBA has not emerged from this tradition or history into the 21st century. The organization of WSBA governors seek to maintain the status quo and present to the public an image that will allow the profession to continue to police or regulate itself, without interference by an independent body that would mete out discipline impartially, regardless of race, gender, national origin, or one's influence or connections to WSBA governors or their cronies. In order to project this image, to

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

maintain the self-policing system, certain members of the
profession must be sacrificed to the "system", which
results in those who lack power within the WSBA and are
not "cronies" (i.e., females and minorities), so that
white male members of the profession who are well-
connected, can engage in ethics violations with relative
impunity.

58.      To perpetuate and preserve this system which
favors white males in positions of power within the WSBA,
the Washington Supreme Court and WSBA have acted in bad
faith, by endeavoring to mislead WSBA members and the
public, engaging in an elaborate pretense of taking steps
to change the system, while in fact, avoiding or
obstructing the one meaningful reform (i.e., removal of
the system from the control of the WSBA).

59.      The evidence of the Court's and the WSBA's
efforts to mislead WSBA members and the public is the
"REPORT OF THE WASINGTON STATE BAR ASSOCIATION BOARD OF
GOVERNORS DISCPLINE COMMITTEE" (dated September 19,
2008).  This report, issued by the WSBA's Board of
Governors, was the WSBA's feigned and ineffectual
response to the Committee's "WASHINGON STATE Report on
the Lawyer Regulation System" issued by the ABA Committee

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

in August 2006.    The ABA Committee's 2006 Report is attached hereto and incorporated by reference herein as Exhibit B.    The WSBA's 2008 Report is attached hereto and incorporated by reference herein as Exhibit C.

60.        The WSBA is a state licensing agency funded by the compulsory dues of its membership.    The WSBA is also supposed to be a professional association which represents the interests of its attorneys-members, regardless of race, gender, national origin, color, and affiliations.    But, the WSBA has traditionally been governed by white males and as a result, its disciplinary system is rife with cronyism and the result is that it biased against female and minority members.    In the WSBA-controlled disciplinary system, women and minority members of the WSBA are subject to disparate and less favorable treatment than white male members of the WSBA. Ferguson has experienced this discrimination and been harmed by it.    Ferguson continues to be harmed by it, due to Defendant Waid's willful participation in joint activity with the WSBA to target her for discipline and deprive her of her right to practice law without harassment.

**The WSBA's Adjudication Phase.**

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

61.     The disciplinary hearing of an attorney accused of professional misconduct is a quasi-criminal proceeding. However, targeted attorneys under the Washington system are deprived of their constitutional right to a fair and impartial hearing.  The hearing officers who decide disciplinary cases *brought* by the WSBA, are *appointed* by the WSBA and subject to *discharge* by the WSBA without cause.  The hearing officers are <u>not</u> impartial fact-finders. They are WSBA members serving in their posts at the pleasure of the WSBA. Such a system deprives targeted attorneys of their right to an impartial hearing and due process.

**<u>The WSBA's Appellate Phase.</u>**

62.     Assuming *arguendo*, that the hearing officers were neutral, impartial fact-finders, the system provides for automatic review by the Disciplinary Board.  The Disciplinary Board has discretion to modify or reverse the hearing officer's findings and conclusions, and the sanctions imposed.  For example, in Ferguson's prior disciplinary proceeding, the 2008 hearing was presided over by a WSBA officer who imposed a 30-day suspension, but the Disciplinary Board increased the suspension to 90 days.  On information and belief, the hearing officer's

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

written findings and conclusions are frequently prepared with the input or "help" of WSBA lawyers.

### V.        FIRST CAUSE OF ACTION--FIRST CLAIM

**Deprivation of Right to Due Process of Law
Fourteenth Amendment to U.S. Constitution**

63.        Plaintiff realleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

64.        Defendant reached an understanding with state bar officials to file a meritless grievance against Ferguson and did file said grievance, thereby becoming a willful participant in joint activity with state officials to deprive Ferguson of her liberty and property interests to the pursuit of her chosen profession and to earn a livelihood in such profession, and to so deprive her without due process of law and in violation of the guarantees afforded under the Fifth Amendment to the U.S. Constitution as applied to the states by the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. §1983.

### VI.        SECOND CAUSE OF ACTION—SECOND CLAIM

**Right to Equal Protection
Fourteenth Amendment to the U.S. Constitution**

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

65.     Plaintiff realleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

66.     Defendant reached an understanding with state bar officials to file a meritless grievance against Ferguson and did file said grievance against Ferguson, becoming a willful participant in joint activity with state officials to deprive Ferguson of her liberty and property interests to the pursuit of her chosen profession and to earn a livelihood in such profession, and to so deprive Ferguson of these interests in violation of her right to equal protection under the laws, guaranteed by the Fifth Amendment to the U.S. Constitution as applied to the states by the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. §1983.

## VI.    THIRD CAUSE OF ACTION–THIRD CLAIM

### Right to Free Speech
### Fourteenth Amendment to the U.S. Constitution

67.     Plaintiff realleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

68.     Defendant reached an understanding and is willfully participating in joint activity with state

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

officials to deprive Ferguson her right to the exercise

free speech regarding Defendants' conduct as her

attorney, the conduct of WSBA officials, and the

constitutional infirmities of the WSBA-controlled lawyer

discipline system, in the public interest.

### VI.   FOURTH CAUSE OF ACTION-FOURTH CLAIM

**Right to Equal Employment Opportunities
Title VII of the Civil Rights Act, as amended
42 U.S.C. §2000 et seq.**

69.     Plaintiff realleges and incorporates the

allegations of the preceding paragraphs as if fully set

forth herein.

70.     Defendant reached an understanding with state bar

officials to file a meritless grievance against Ferguson

and did file said grievance against Ferguson, becoming a

willful participant in joint activity with state

officials to deprive Ferguson of her liberty and property

interests to the pursuit of her chosen profession and to

earn a livelihood in such profession, and to so deprive

Ferguson of these interests in violation of her right to

equal employment opportunities regardless of race or

gender, under U.S. law, Title VII of the Civil Rights Act

of 1964, as amended, and is liable therefor,  under 42

U.S.C. §1983.

COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For declaratory and injunctive relief as the court deems appropriate.

2. For compensatory damages in an amount to be determined at trial.

3. For punitive damages in an amount to be determined at trial.

4. For an award of attorneys' fees and costs pursuant to 42 U.S.C. 1988.

5. For such further relief as is deemed just and appropriate.


         Respectfully submitted this 9TH the day of November, 2017.


                                   /s/Sandra L. Ferguson
                                   Sandra L. Ferguson, pro se
                                   WSBA No. 27472


COMPLAINT-1

SANDRA L. FERGUSON
600 First Avenue
Pioneer Bldg.
Seattle, WA 98104
Telephone (206)624-5696
Facsimile (206) 770-7340
sandra@slfergusonlaw.com