THE HONORABLE MARY ALICE THEILER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA L. FERGUSON,

                    Plaintiff,

    vs.

BRIAN J. WAID AND THE WAID
MARITAL COMMUNITY,

                  Defendants.

NO. 2:17-CV-01685-MAT

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11**

NOTE DATE: MARCH 2, 2017

## I.    INTRODUCTION

This lawsuit is a part of Plaintiff Sandra Ferguson's ongoing effort to advance her spurious claims against Defendant Brian Waid to damage his professional reputation. Rule 11 sanctions are necessary to curtail Ms. Ferguson's abuse of the court system for this improper purpose.

Ms. Ferguson has no claim against Mr. Waid, a fact of which she was, or should have been, aware at the time she filed the Complaint in this case. All of Ms. Ferguson's claims against Mr. Waid are based on communications with the Washington State Bar Association ("WSBA"), which cannot form the basis of any viable claim against Mr. Waid. A reasonable

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11**- 1
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

inquiry would have revealed that her claims were legally and factually baseless under Rule for Enforcement of Lawyer Conduct 2.12. Ms. Ferguson's failure to make a reasonable and competent inquiry has caused Mr. Waid to expend resources defending against the frivolous claims in this lawsuit.

In addition, the Complaint asserts claims that are a reiteration of those previously rejected and found frivolous in *Caruso v. Washington State Bar Association*, No. C17-00003 RSM (W.D. Wash. Filed Jan. 3, 2017) (hereinafter "*Caruso/Ferguson*").[1] In the present version of her Complaint, Ms. Ferguson merely substitutes Mr. Waid as the defendant in lieu of the WSBA and its officers. Moreover, in the *Caruso/Ferguson* matter, this Court denied Ms. Ferguson's motion for leave to amend her complaint and add Mr. Waid as a defendant. Her proposed amended complaint in that case included similar factual allegations as the current Complaint regarding Mr. Waid, and Ms. Ferguson's basis for adding Mr. Waid to the *Caruso/Ferguson* action is the same as her basis for suing Mr. Waid in the present matter—he allegedly worked with the WSBA to file a grievance against her, thereby allegedly depriving her of her constitutional rights.

The history of litigation between the parties demonstrates that simply dismissing the pending Complaint is not sufficient to deter Ms. Ferguson from re-filing the same or similarly frivolous claims against Mr. Waid in the future. This matter is the fourth lawsuit Ms. Ferguson has brought—or attempted to bring—against Mr. Waid since October 2014.[2] The pending Complaint, like her previous complaints in *Caruso/Ferguson*, is frivolous and filed for an improper purpose. Mr. Waid thus respectfully requests that this Court impose sanctions against Ms. Ferguson pursuant to FRCP 11.

---

[1] The initial complaint in *Caruso/Ferguson*, was filed on January 3, 2017 as a putative class action. Subsequently, on February 21, 2017, plaintiffs in that case amended their complaint to abandon their class claims. *See Caruso/Ferguson*, No. C17-00003 RSM, Dkt. no. 1, at 4 and Dkt. no. 4, at 3. All references to the *Caruso/Ferguson* complaint in this motion refer to the first amended complaint at Dkt. no. 4.

[2] In addition to the present case, Ms. Ferguson currently has a state appellate court case; a state trial court case identical to the appellate action and stayed pending the outcome of the appeal; and a Ninth Circuit appeal of the denial of the motion to amend in the *Caruso/Ferguson* matter, all of which assert claims against Mr. Waid. Compl., Dkt. no. 1, at ¶¶ 12–13, 19–20.

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11** - 2
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

## II.    FACTS & PROCEDURAL HISTORY

Sandra L. Ferguson is an attorney licensed to practice law in Washington.[3]   The Washington Supreme Court previously suspended Ferguson from practice for dishonesty before the court.[4]   Additionally, Ms. Ferguson is currently under investigation by the WSBA Office of Disciplinary Counsel.[5]

### A.  Facts Re: *Caruso/Ferguson v. WSBA*

On January 3, 2017, Ms. Ferguson and Robert E. Caruso initiated a class action lawsuit in which they sought to have this Court declare the Washington State Bar Association lawyer disciplinary system unconstitutional.[6]   Subsequently, on February 21, 2017, Mr. Caruso and Ms. Ferguson amended their complaint to abandon their class claims; the remainder of the allegations did not change.[7]   The *Caruso/Ferguson* complaint alleged that their claims arose under the "Civil Rights Act of 1871, specifically, 42 U.S.C. §1983" and that the discipline system violates Ms. Ferguson's and Mr. Caruso's constitutional rights of free speech, association, and procedural due process under the First, Fifth, and Fourteenth Amendments.[8]

On May 11, 2017, the Court dismissed the *Caruso/Ferguson* complaint without leave to amend.[9]   On May 12, 2017, Ms. Ferguson and Mr. Caruso filed a notice of appeal to the Ninth Circuit.[10]   Ms. Ferguson then sought and was granted voluntary dismissal from that appeal.[11]

On May 23, 2017, this Court found the *Caruso/Ferguson* complaint to be "both baseless and made without a reasonable and competent inquiry" and concluded that it was "frivolous."[12]

---

[3] Compl., Dkt. no. 1, at ¶ 4.

[4] *See In re Discipline of Ferguson,* 170 Wn.2d 916, 246 P.3d 1236 (2011).  This Court imposed reciprocal discipline on Ms. Ferguson on March 10, 2011.  *See In re Ferguson,* Case No. 11-rd-006-RSL, Dkt. no. 3 (W.D. Wash.).  The Court reinstated Ms. Ferguson on September 15, 2014.  *Id.* at Dkt. no. 9.

[5] *See* Compl., Dkt. no. 1, at ¶¶ 4, 44, 48–49.

[6] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 1.

[7] *See Caruso/Ferguson*, No. C17-00003, Dkt. no. 1, at 4 and Dkt. no. 4, at 3.

[8] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 4, at ¶¶ 7, 8,11, 183, 186, 192, 198.

[9] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 28, at 9 (reported at 2017 WL 1957077, at *4–*5 (W.D. Wash. May 11, 2017)).

[10] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 30.

[11] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 36.

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11** - 3
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

The Court then imposed sanctions against Ms. Ferguson's attorney, Stephen Eugster, for filing a "frivolous" complaint on behalf of Ms. Ferguson and Mr. Caruso.[13]

On July 3, 2017, as a *pro se* plaintiff, Ms. Ferguson filed a "Motion to Vacate Judgment and Amend Pleading under Fed. R. Civ. P. 59(e) or 60(b)(2) and 60(b)(6)," in which she asserted that 1) she was a plaintiff in the lawsuit because "she has been under continuous investigation by the WSBA's Office of Disciplinary Counsel since December 2015" and 2) "Waid is a proper defendant in this lawsuit because he is acting in concert with state (WSBA) officials to deprive Ferguson of her liberty and property interests to pursue her profession."[14]

In her declaration supporting the motion, Ms. Ferguson admitted that the facts on which she based her motion to amend were "facts [she] could have alleged prior to dismissal of this case."[15]  Ms. Ferguson's proposed second amended complaint, alleged that the WSBA disciplinary process denied her due process and equal protection, and that Mr. Waid was "acting in concert under color of state law to deprive Ferguson of her liberty and property interests in her right to practice law."[16]

On July 31, 2017, the Court denied Ms. Ferguson's Motion to Vacate Judgment and Amend the Complaint, pointing out that "Ms. Ferguson had knowledge of the vast majority of the evidence at issue for years before the filing of this Motion, and certainly prior to dismissal of this case."[17]  The Court further noted that "even if it were procedurally proper to review the

---

[12] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 33, at 8 (reported at 2017 WL 2256782, at \*4 (W.D. Wash. May 23, 2017) ("Because Mr. Eugster's pleading in this case is both baseless and made without a reasonable and competent inquiry, the term 'frivolous' is applicable.")).

[13] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 33, at 8; Dkt. no. 46, at 7 (reported at 2017 WL 2634340, \*4 (W.D. Wash. June 19, 2017)).

[14] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 50, at 2.  Previously, on June 8, 2017, Ms. Ferguson attempted to file a similar motion (*see Caruso/Ferguson*, No. C17-00003, Dkt. no. 38), but the Court struck that motion for violating Local Rule 83.2(b)(4), which prohibits parties from filing *pro se* without leave of the Court.  *Caruso/Ferguson*, No. C17-00003, Dkt. no. 42.  Ms. Ferguson subsequently obtained leave to proceed *pro se* and re-filed her motion.  *See Caruso/Ferguson*, No. C17-00003, Dkt. no. 57, at 1.

[15] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 51, at ¶ 2.

[16] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 50-1, at ¶ 25; *see also id.* at ¶¶ 21, 38.

[17] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 57, at 3 (reported at 2017 WL 3236606, \*1 (W.D. Wash. July 31, 2017)).

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11** - 4
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

evidence and argument presented by Ms. Ferguson, such would likely not be sufficient to change the outcome of this case for the reasons articulated by Defendants in their Response."[18] Ms. Ferguson appealed the judgment, the dismissal of her complaint, and the denial of her motion to vacate and amend to the Ninth Circuit, where it remains pending.[19]

### B. Facts Re: Pending Complaint

On November 9, 2017, Ferguson filed the pending Complaint against Mr. Waid based on the same legal theory and same set of facts as her proposed second amended complaint in the *Caruso/Ferguson* matter. As in the *Caruso/Ferguson* proposed complaint—which this Court noted was deficient and refused to allow to be filed—the pending Complaint alleges that, "based on 42 U.S.C. §1983," Mr. Waid "is engaged in unlawful joint activity with WSBA officials to deprive Ferguson of her liberty and property interests to pursue her profession, her right to the exercise of free speech, and her right to equal employment opportunities, regardless of gender and/or race."[20]

Similar to her proposed complaint in *Caruso/Ferguson*, the Complaint in this case asserts causes of action for deprivation of right to due process,[21] deprivation of right to equal protection,[22] deprivation of right to exercise free speech,[23] and deprivation of right to equal employment opportunity. Each of Ferguson's claims for relief rely upon her assertion that Mr. Waid became a "state actor" for purposes of 42 U.S.C.A §1983 by submitting the March 1, 2016

---

[18] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 57, at 4.

[19] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 58. Ms. Ferguson filed her Opening Brief in her appeal of *Caruso/Ferguson* to the Ninth Circuit on December 11, 2017. Kaplan Decl. Ex. A. This is not the first instance in which Ms. Ferguson has filed the same lawsuit against Mr. Waid after the previous action had been dismissed while simultaneously seeking an appeal of the dismissal of the prior action. In Ms. Ferguson's initial state court action against Mr. Waid, some of her claims were dismissed on summary judgment, and the remaining claims were dismissed upon Mr. Waid's motion for dismissal for nonsuit. Compl., Dkt. no. 1, at ¶¶12–13; Ans., Dkt. no. 13. The day after dismissal, Ms. Ferguson filed the same claims again, and at the same time, filed an appeal to the Washington Court of Appeals. Compl., Dkt. no. 1, at ¶¶12–13. The second action was then stayed pending the outcome of the appeal. *Id.*

[20] Compl., Dkt. no. 1, at ¶¶ 1, 5.

[21] Compl., Dkt. no. 1, at ¶ 64.

[22] Compl., Dkt. no. 1, at ¶ 66.

[23] Compl., Dkt. no. 1, at ¶ 68.

DEFENDANT BRIAN WAID'S MOTION FOR
SANCTIONS AGAINST PLAINTIFF SANDRA
FERGUSON UNDER RULE 11 - 5
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, &**
**BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

disciplinary grievance to the WSBA and by communicating with the WSBA regarding its investigation of Ms. Ferguson.[24]

### III.   ISSUES PRESENTED

1. Does Ms. Ferguson's Complaint violate Fed. R. Civ. P. 11 such that sanctions should be imposed against Ms. Ferguson?

### IV.   EVIDENCE RELIED UPON

1. The pleadings and papers previously filed in this action;

2. The Declaration of Susan K. Kaplan with exhibits;

3. The Court file of *Caruso v. WSBA*, Case No. C17-00003 RSM (W.D. Wash. Filed Jan. 3, 2017).[25]

### V.   AUTHORITY & ARGUMENT

**A. RULE 11 STANDARD**

By her signature on the Complaint, Ms. Ferguson certified that "(1) it is not being presented for any improper purpose . . . ; (2) the claims . . . are warranted by existing law; [and] (3) the factual contentions have evidentiary support."[26]   As Judge Martinez explained in *Caruso/Ferguson*, the Ninth Circuit Court of Appeals has set forth the inquiry for sanctioning an attorney under Rule 11 for filing a complaint.  The district court must determine "(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney

---

[24] Compl. Dkt. no. 1, at ¶¶ 17–18.  Mr. Waid's March 1, 2016 letter to the WSBA is attached as Exhibit 1 to his Ans., Dkt. no 6.  This March 1, 2016 letter was provided to the WSBA 10 months before the filing of Ms. Ferguson's complaint in *Caruso/Ferguson* in January 2017, and more than a year before the dismissal of that case in May 2017.  Thus, as Judge Martinez noted in his Order denying her Motion to Vacate and Amend, Ms. Ferguson had ample opportunity to include her current claims in *Caruso/Ferguson*.  *See Caruso/Ferguson*, No. C17-00003, Dkt. no. 57.

[25] Mr. Waid requests that the Court take judicial notice of the Court's own files in *Caruso v. WSBA*, as is appropriate for court filings.  *See, e.g.*, *Mahoney v. Sessions*, 871 F.3d 873, 876 n.2 (9th Cir. 2017) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006)).

[26] Fed. R. Civ. P. 11(b).

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11** - 6
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

has conducted a reasonable and competent inquiry before signing and filing it."[27]   Frivolous denotes "a filing that is *both* baseless *and* made without a reasonable and competent inquiry." [28]

Ms. Ferguson violated Rule 11 in two distinct ways: 1) the pending Complaint seeks liability for acts protected by absolute privilege under the Washington Rules for Enforcement of Lawyer Conduct and 2) the pending Complaint is an attempt to relitigate claims previously dismissed by this Court as being baseless and made without reasonable and competent inquiry.

**B.  THE PENDING COMPLAINT IS FRIVOLOUS AND HARASSING BECAUSE COMMUNICATIONS TO THE WSBA ARE ABSOLUTELY PRIVILEGED.**

Rule 11 sanctions should be imposed on Ms. Ferguson because, in violation of the Washington Rule for Enforcement of Lawyer Conduct 2.12, her Complaint is based on Mr. Waid's communications with the WSBA.  The Washington Rules of Professional Conduct ("RPCs") provide that a lawyer "should inform the appropriate professional authority"—e.g., the WSBA Office of Disciplinary Counsel—if the "lawyer knows that another lawyer has committed a violation of the applicable [RPC's]."[29]   To compliment that aspirational policy,[30] the Washington Rules for Enforcement of Lawyer Conduct ("ELC") provide that "[c]ommunications to the . . . [WSBA] disciplinary counsel . . . **are absolutely privileged, and no lawsuit predicated thereon may be instituted** against any grievant, witness, or other person providing information."[31]

The ELC further provides that "[a] lawyer violates RPC 8.4(1) and may be disciplined under these rules for violating duties imposed by these rules."[32]   One of the specific duties delineated in ELC 1.5 is the duty to respond to inquiries or requests about matters under

---

[27] *Caruso v. Washington State Bar Ass'n*, C17-00003, 2017 WL 2256782, at *2–3 (W.D. Wash. May 23, 2017) (citing *Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005) (internal citations and quotations omitted)).
[28] *Id.* (internal citations and quotations omitted) (emphasis in original).
[29] RPC 8.3(a).
[30] *See* RPC 8.3, Comment 1.
[31] ELC 2.12 (emphasis add); *see also In re Discipline of Sanai*, 177 Wn.2d 743, 754, 302 P.3d 864 (2013).
[32] ECL 1.5.

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11** - 7
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

investigation pursuant to ECL 5.3. Correspondingly, RPC 8.4 provides "[i]t is professional misconduct for a lawyer to . . . violate a duty . . . imposed by or under the Rules for Enforcement of Lawyer Conduct in connection with a disciplinary matter."

Ms. Ferguson's lawsuit is predicated on Mr. Waid's communications with the WSBA and therefore clearly violates ELC 2.12; consequently, her repeated attempts to sue Mr. Waid based on such privileged communications also may be a violation of RPC 8.4. Moreover, under the RPCs and ELCs, Mr. Waid had a duty to respond to inquiries from the WSBA regarding its investigation of Ms. Ferguson, and Ms. Ferguson has no objectively reasonable basis to sue Mr. Waid based on his fulfillment of the duties imposed by the RPCs and ELCs. Ms. Ferguson's pending Complaint is therefore baseless and made without reasonable and competent inquiry, and sanctions should be imposed.[33]

## C. THE COMPLAINT VIOLATES RULE 11 BECAUSE IT ASSERTS CLAIMS PREVIOUSLY DISMISSED WITH PREJUDICE BY THIS COURT.

Ms. Ferguson's Complaint merely reiterates and re-packages the same claims and core legal theories that she previously asserted in *Caruso/Ferguson*. "[S]uccessive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11."[34]

---

[33] The protection of ELC 2.12 also corresponds with the policies that support the broad immunity afforded witnesses generally and under the *Noerr-Pennington* doctrine. *See e.g.*, *Briscoe v. LaHue*, 460 U.S. 325, 330–34, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983) (holding that "[a]t least with respect to private witnesses, it is clear that § 1983 did not abrogate the absolute immunity existing at common law" and explaining that "[t]he plaintiff could not recover even if the witness knew the statements were false and made them with malice."); *Kearney v. Foley & Lardner*, LLP, 590 F.3d 638, 643–44 (9th Cir. 2009) ("The *Noerr-Pennington* doctrine derives from the Petition Clause of the First Amendment and provides that those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." (internal citations and quotations omitted)); *Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005) (finding that the *Noerr-Pennington* immunity "applies to claims under § 1983 that are based on the petitioning of public authorities.").

[34] *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986), *abrogated on other grounds by, Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *see also G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1110 (9th Cir. 2003) (affirming an order for sanctions due to "successive motions based on propositions of law clearly rejected by the Court"); *In re Grantham Brothers*, 922 F.2d 1438, 1442 (9th Cir.1991) (finding that a collateral attack on prior decision, with no basis in law or fact, is frivolous under Rule 11); *Knipe v. United States*, 151 F.R.D. 24, 25 (N.D.N.Y. 1993), *aff'd*, 19 F.3d 72, 77 (2nd Cir. 1994) (finding that when an attorney advances legally groundless arguments and has previously advanced the same arguments in other lawsuits without success, Rule 11 sanctions are appropriate).

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11** - 8
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

Pleadings and motions that constitute "harassment" are deemed to have been filed for an improper purpose. For example, in *G.C. and K.B. Investments Inc.*, the Ninth Circuit held that a party's successive filings of papers that advanced the same argument that had been repeatedly rejected by the same federal district court constituted harassment.[35]

Likewise, in *Knipe*, a federal district court found that the filing of a second action based on the same facts as a previously dismissed action was a violation of Rule 11 and justified the imposition of sanctions.[36] In that case, the plaintiffs "were the subjects of certain orders of the Federal Aviation Administration (FAA) concerning alleged safety violations."[37] They filed a complaint challenging the authority of the FAA and seeking damages for alleged civil rights violations.[38] The complaint in the first action was dismissed, and the plaintiffs' counsel was sanctioned under Rule 11 for filing that complaint.[39] Immediately after dismissal, the same plaintiffs filed the second action, which was based upon the same set of facts as the first, but sought recovery under a tort liability legal theory rather than a civil rights violation legal theory.[40] The court found that, although the legal theory had changed, the core focus of the second complaint was the same—an attack on the FAA enforcement authority.[41] The court also noted that, prior to the dismissal of the previous action, the plaintiffs' counsel never advanced his "new-found" legal liability theory or sought to amend the first complaint to include this "novel" theory.[42] The court found that by filing the second action, the plaintiffs' counsel "ha[d] again crossed the line between zealous advocacy and frivolous conduct," and the counsel's

---

[35] *G.C. & K.B. Investments, Inc.*, 326 F.3d at 1110.
[36] *Knipe*, 151 F.R.D. at 25.
[37] *Knipe*, 151 F.R.D. at 25.
[38] *Knipe*, 151 F.R.D. at 25.
[39] *Knipe*, 151 F.R.D. at 25.
[40] *Knipe*, 151 F.R.D. at 25.
[41] *Knipe*, 151 F.R.D. at 25–26.
[42] *Knipe*, 151 F.R.D. at 26.

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11** - 9
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

advancement of arguments already rejected as legally baseless appeared to be a "back door attempt to further his personal agenda against the FAA."[43]

Similar to the frivolous filings in both *G.C. and K.B. Investments Inc.* and *Knipe*, in the present case, this Court previously rejected Ms. Ferguson's claims—dismissing them with prejudice and without leave to amend in the *Caruso/Ferguson* matter—and found the claims to be "legally and factually baseless from an objective perspective" in violation of Rule 11.[44] Ms. Ferguson unquestionably knew of the Court's prior rulings in *Caruso/Ferguson* because she was one of the two named plaintiffs and she obtained leave to proceed as a *pro se* plaintiff in that matter. As in *Knipe*, the frivolous nature of Ms. Ferguson's claims regarding the administration of the Washington system of attorney discipline as it pertains to her is not transformed by her filing of the pending Complaint against Mr. Waid.

Additionally, like the situation in *Knipe*, Ms. Ferguson never advanced her "new-found" legal theory of intentional discrimination or moved to add Mr. Waid as a defendant prior to dismissal of the *Caruso/Ferguson* complaint even though she had knowledge of the underlying facts. Ms. Ferguson, as *pro se* counsel, moved to vacate the prior judgment and amend the complaint after dismissal; however, the court rejected her proposed second amended complaint. In filing her motion to vacate and amend, Ms. Ferguson sought to add the same claims and factual allegations she asserts in the present matter. Like the pending Complaint, the "rejected" proposed amended complaint in *Caruso/Ferguson* included Mr. Waid as a defendant based on his communications to the WSBA related to its investigation of Ms. Ferguson. This Court denied Ms. Ferguson's motion to amend, noting that "even if it were procedurally proper to review the evidence and argument presented by Ms. Ferguson, **such would likely not be sufficient to change the outcome of this case** for the reasons articulated by Defendants in their

---

[43] *Knipe*, 151 F.R.D. at 26.
[44] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 33, at 7 (reported at 2017 WL 2256782, at *4).

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11** - 10
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

Response."[45]  The dismissal of the *Caruso/Ferguson* complaint with prejudice, the sanctioning of Ms. Ferguson's attorney for filing the *Caruso/Ferguson* complaint, and the Court's denial of Ms. Ferguson's motion to amend that complaint were, or should have been, warnings to Ms. Ferguson to not file the pending Complaint.  Like the counsel in *Knipe*, Ms. Ferguson's filing of the pending Complaint after it was rejected as deficient by this Court demonstrates that she filed it for an improper purpose in violation of Rule 11.

Moreover, the fact that Ms. Ferguson has appealed both the dismissal of her complaint and the denial of her motion to amend in the *Caruso/Ferguson* matter is further evidence that the pending Complaint is baseless and made without reasonable and competent inquiry.  The same core issues in this case also are at issue in Ms. Ferguson's appeal before the Ninth Circuit Court of Appeals.  In her appellate brief, Ms. Ferguson asserts that the *Caruso/Ferguson* Court erred by refusing to allow her to amend the complaint.[46]  To support her argument that she should have been granted to leave to file her proposed amended complaint, she describes Mr. Waid's communications with the WSBA as one of the underlying facts that purportedly supports her allegation that the WSBA discipline system has been applied to her in violation of her constitutional rights.[47]

The gravamen of the claims brought by Ms. Ferguson in the *Caruso/Ferguson* complaint and the proposed amended complaint is the same as those advanced by the pending Complaint and the pending appeal before the Ninth Circuit.[48]  Sanctions under Rule 11 are appropriate because Ms. Ferguson had no objectively reasonable basis for filing the pending Complaint.

---

[45] *Caruso/Ferguson*, No. C17-00003, Dkt. no. 57, at 4 (reported at 2017 WL 3236606, at *2 (emphasis added)).

[46] Kaplan Decl. Ex. A, at 3.

[47] Contrary to the Ms. Ferguson's allegations in the various complaints and appeals, there could not have been any joint action or agreement between Mr. Waid and the WSBA to deprive Ferguson of her constitutional rights because, as the Court already determined in *Caruso/Ferguson*, the WSBA did **not** deprive her of her constitutional rights. *Caruso/Ferguson*, No. C17-00003, Dkt. no. 33, at 4 (reported at 2017 WL 2256782, at *2 (W.D. Wash. May 23, 2017) ("As to Plaintiffs' remaining claims that Defendants' actions violated procedural due process and constitutional scrutiny, the Court found that Plaintiffs' due process and constitutional scrutiny claims fail under the law cited by Defendants." (internal quotations omitted)).

[48] Kaplan Decl. Ex. A, at 3–5, 13.

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11** - 11
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

**VI.    CONCLUSION**

For the foregoing reasons, Mr. Waid respectfully requests that this Court impose sanctions on Ms. Ferguson under Rule 11 and issue an order for her to pay Mr. Waid's attorneys' fees in defending this frivolous action.

Dated: January 16, 2018                           CARROLL, BIDDLE, & BILANKO, PLLC


                                                  By:    */s/Jeffrey E. Bilanko*
                                                         Jeffrey E. Bilanko, WSBA 38829

                                                         */s/Susan K. Kaplan*
                                                         Susan K. Kaplan, WSBA 40985

                                                         Carroll, Biddle, & Bilanko, PLLC
                                                         801 2nd Avenue, Suite 800
                                                         Seattle, WA 98104
                                                         Phone: (206) 489-5549
                                                         Email: jbilanko@cbblegal.com
                                                         Email: skaplan@cbblegal.com
                                                         Attorneys for Defendant Brian J. Waid

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11** - 12
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day a true and accurate copy of the document to which this declaration is affixed was filed with the above-entitled Court through CM/ECF and was sent as indicated below on this day, to:

**Attorneys for Plaintiff**:
Sandra L. Ferguson
The Ferguson Firm
The Pioneer Building
600 First Avenue
Seattle, WA 98104
Tel.: (206) 624-5696
Fax: (206) 770-7340

☐ U.S. Mail Postage Prepaid
☐ CM/ECF
☐ Hand Delivery
☒ Email: sandra@slfergusonlaw.com

DATED this 18th day of January 2018.

/s/ Stephanie M. Hosey
Stephanie M. Hosey, Paralegal

**DEFENDANT BRIAN WAID'S MOTION FOR SANCTIONS AGAINST PLAINTIFF SANDRA FERGUSON UNDER RULE 11** - 13
(2:17-CV-01685-MAT)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

1119993/32081398v2