UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA L. FERGUSON,

Plaintiff,

v.

BRIAN J. WAID AND THE WAID
MARITAL COMMUNITY,

Defendants.

Case No. C17-1685RSM

ORDER DENYING MOTION FOR
RECONSIDERATION

This matter comes before the Court on Plaintiff's January 22, 2018, Motion for Reconsideration. Dkt. #27. Plaintiff asks the Court to reconsider the January 12, 2018, Order Granting in Part Plaintiff's Motion for Relief from Deadline, Dkt. #24. The Court has determined that responsive briefing is unnecessary. *See* LCR 7(h)(3).

The Court's Order addressed Plaintiff's request for relief from the deadline to respond to Defendant's still-pending Motion for Judgment on the Pleadings, Dkt. #16. The Court found that Plaintiff's request to strike the noting date for Defendant's Motion until after the parties have filed their Joint Status Report was moot because the Joint Status Report had been filed before the Court could rule. Dkt. #24 at 1. However, the Court also found that Plaintiff had indicated, in the Joint Status Report itself rather than briefing on the Motion, her need for more

ORDER DENYING MOTION FOR RECONSIDERATION - 1

time to adequately research and prepare responsive briefing. The Court therefore granted an extension of one week, and found that an extension of greater than one week had not been requested or justified in Plaintiff's Motion. *Id.* at 2.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* "A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." LCR 7(j). Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." *Id.*

Plaintiff is using the instant Motion for Reconsideration not to challenge the Court's Order but to request more time to respond to Defendant's Motion. This is procedurally improper. The arguments Plaintiff now makes for needing more time to respond could have and should have been made in her original Motion for relief from the deadline. By making these arguments now, ten days after the Court's Order and on the day that her response brief is due, she has made it impossible for the Court to rule prior to the deadline. The deadline has now passed. In any event, Plaintiff does not present evidence or argument showing manifest error in the Court's prior ruling or new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. Instead, Plaintiff argues that, "[i]n retrospect, Ms. Ferguson realizes that she should have proposed… a continuance of more like *two weeks*." Dkt. #27 at 2 (emphasis in original). Plaintiff argues that Defendant has not been reasonable in stipulating to an extension of the noting date for the underlying Motion for Judgment on the Pleadings. Plaintiff discusses her busy schedule and the complicated nature

and number of legal issues for which research has taken more time than expected.  Plaintiff argues that Defendant will not be prejudiced if Plaintiff has additional time to respond.  *Id*. at 10.  None of these arguments are relevant for a Motion for Reconsideration, and as discussed above, are untimely.  Accordingly, the Court will deny this Motion.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration, Dkt. #27, is DENIED.

DATED this 23 day of January, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE