UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN J. WAID AND THE WAID MARITAL COMMUNITY, <br><br> Defendants. | Case No. C17-1685 RSM <br><br> ORDER GRANTING DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Defendant Brian J. Waid's Motion for Judgment on the Pleadings. Dkt. #16.

Plaintiff asserts causes of action against Defendants for "Deprivation of Right to Due Process" under the Fourteenth Amendment, "Right to Equal Protection" under the Fourteenth Amendment, "Right to Free Speech" under the Fourteenth Amendment, and a Title VII claim. Dkt. #1. All causes of action are based on the repeated allegation that "Defendant reached an understanding with state bar officials to file a meritless grievance against Ferguson and did file said grievance against Ferguson, becoming a willful participant in joint activity with state officials…" *Id.*

Defendant argues that all of Plaintiff's causes of action "are based on [Defendant's] communications with the Washington State Bar Association," but that "Defendant is immune

ORDER GRANTING DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS - 1

from litigation based on, or related to, communications with the WSBA under Rule for Enforcement of Lawyer Discipline 2.12, the *Noerre-Pennington* Doctrine, and RCW 4.25.510 (Washington Anti-SLAPP Statute). Dkt. #16 at 8. Defendant also argues that Plaintiff's claims are barred by *res judicata* because they are claims that could have been brought in the previous case *Caruso v. Washington State Bar Association*, No. C17-00003 RSM, and that this Court should abstain from interfering in Plaintiff's ongoing state disciplinary proceedings under the *Younger* doctrine.[1]

The Washington Rules of Professional Conduct ("RPCs") provide that a lawyer "should inform the appropriate professional authority"—e.g., the WSBA Office of Disciplinary Counsel—if the "lawyer knows that another lawyer has committed a violation of the applicable [RPC's]." RPC 8.3(a). The Washington Rules for Enforcement of Lawyer Conduct ("ELC") provide that "[c]ommunications to the . . . [WSBA] disciplinary counsel . . . are absolutely privileged, and no lawsuit predicated thereon may be instituted against any grievant, witness, or other person providing information." ELC 2.12.

The *Noerr-Pennington* immunity "applies to claims under §1983 that are based on the petitioning of public authorities." *Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005).

Washington's Anti-SLAPP statute, RCW 4.24.510, provides:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, is immune from civil liability for claims based upon the communication to the agency or

---
[1] *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982) ("Where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." (internal quotations omitted)).

ORDER GRANTING DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS - 2

> organization regarding any matter reasonably of concern to that agency or organization.

The Court has reviewed the pleadings and agrees with Defendant that all of Plaintiff's claims are based on Defendant's communications with the Washington State Bar Association. The Court agrees with Defendant that his communications were privileged under Washington State law and could not form the basis of this lawsuit. *See* ELC 2.12. Further, such communications were protected by the *Noerr-Pennington* doctrine and Washington's Anti-SLAPP statute given the above law. Plaintiff has been unable to present a valid response to any of these arguments. Accordingly, judgement on the pleadings is warranted in Defendant's favor and these claims are dismissed with prejudice. The Court need not reach Defendant's *res judicata* and *Younger* doctrine arguments.

The Court will address Defendant's requests for attorneys' fees, expenses, and statutory damages under RCW 4.24.510 and 42 U.S.C. § 1988 in a subsequent order on Defendant's Motion for Sanctions (Dkt. #25). Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

1) Defendant Brian J. Waid's Motion for Judgment on the Pleadings (Dkt. #16) is GRANTED.

2) Plaintiff's claims are DISMISSED with prejudice.

3) This case remains open.

DATED this 9th day of March 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE