UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>Defendants. | Case No. C17-1685 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS |

The Court has previously dismissed all of Plaintiff's claims as based on communications with the Washington State Bar Association that were privileged under Washington Rules for Enforcement of Lawyer Conduct 2.12 and protected by the *Noerr-Pennington* doctrine and Washington's Anti-SLAPP statute. Dkt. #39 at 3. This matter now comes before the Court on Defendant Brian J. Waid's Motion for Rule 11 Sanctions (Dkt. #25), and to address Defendant's prior requests for statutory fees.

**A. Rule 11 Sanctions**

Defendant brings the instant Motion because "[a] reasonable inquiry would have revealed that [Plaintiff's] claims were legally and factually baseless." Dkt. #25 at 1–2. Defendant argues that "the Complaint asserts claims that are a reiteration of those previously

ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS - 1

rejected and found frivolous in *Caruso v. Washington State Bar Association*, No. C17-00003 RSM (W.D. Wash. Filed Jan. 3, 2017)." *Id.* at 2. Defendant sets forth the procedural history of that case, which the Court need not reiterate. *Id.* at 3–5. Plaintiff Sandra Ferguson was a plaintiff in that case, attempted to bring nearly identical claims against Mr. Waid after previously suing the Washington State Bar Association, and the Court rejected that request. Plaintiff has appealed that case to the Ninth Circuit.

The Ninth Circuit has set forth the considerations for Rule 11 sanctions:

> An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(2). When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted). As shorthand for this test, we use the word "frivolous" "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.*), 78 F.3d 431, 434 (9th Cir. 1996).

*Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005). A district court is vested with discretion whether or not to enter Rule 11 sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Defendant argues that Plaintiff, an attorney licensed in this state, has violated Rule 11 in two ways. First, because "Mr. Waid had a duty to respond to inquiries from the WSBA regarding its investigation of Ms. Ferguson, and Ms. Ferguson has no objectively reasonable basis to sue Mr. Waid based on his fulfillment of the duties imposed by the [Washington Rules

ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS - 2

of Professional Conduct] and [Washington Rules for Enforcement of Lawyer Conduct]." Dkt. #25 at 8. Defendant argues that "Ms. Ferguson's pending Complaint is therefore baseless and made without reasonable and competent inquiry…" *Id*.

Defendant also argues that Plaintiff has violated Rule 11 by asserting claims previously rejected by this Court. Defendant cites *Knipe v. United States*, 151 F.R.D. 24, 25 (N.D.N.Y. 1993), *aff'd*, 19 F.3d 72, 77 (2d Cir. 1994) for the proposition that "[w]hen an attorney advances legally groundless arguments, and has previously advanced the same arguments in other lawsuits without success, Rule 11 sanctions are appropriate." Dkt. #25 at 8 n.34. In *Knipe*, plaintiffs filed a complaint challenging the enforcement authority of the Federal Aviation Administration ("FAA"). 151 F.R.D. at 25. The court found that plaintiffs' counsel violated Rule 11 because the suit advanced legally baseless arguments already rejected in two previous lawsuits counsel had filed, and appeared to be a "back door attempt to further his personal agenda against the FAA." *Id*. at 25-26. As Defendants point out, the plaintiffs in *Knipe* had previously filed a case based on the same set of facts, but under a different legal theory. The *Knipe* court found that Rule 11 sanctions were appropriate because plaintiffs' counsel was pursuing the same previously rejected arguments under a different cause of action, and because "at no time prior to the dismissal of the first action did plaintiffs' counsel advance this new-found theory of liability, nor did he ever seek to amend the first complaint to include this novel approach." 151 F.R.D. at 26. The Court concluded that "[t]hese facts, along with the fact that counsel's arguments have been repeatedly rejected by district courts and circuit courts alike, lead the court to conclude that the instant complaint was filed with an improper purpose." *Id*.

Defendant compares *Knipe* to the present case:

> Ms. Ferguson never advanced her "new-found" legal theory of intentional discrimination or moved to add Mr. Waid as a

ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS - 3

defendant prior to dismissal of the *Caruso/Ferguson* complaint even though she had knowledge of the underlying facts. Ms. Ferguson, as *pro se* counsel, moved to vacate the prior judgment and amend the complaint after dismissal; however, the court rejected her proposed second amended complaint. In filing her motion to vacate and amend, Ms. Ferguson sought to add the same claims and factual allegations she asserts in the present matter. Like the pending Complaint, the "rejected" proposed amended complaint in *Caruso/Ferguson* included Mr. Waid as a defendant based on his communications to the WSBA related to its investigation of Ms. Ferguson. This Court denied Ms. Ferguson's motion to amend, noting that "even if it were procedurally proper to review the evidence and argument presented by Ms. Ferguson, **such would likely not be sufficient to change the outcome of this case** for the reasons articulated by Defendants in their Response." *Caruso/Ferguson*, No. C17-00003, Dkt. no. 57, at 4 (reported at 2017 WL 3236606, at *2 (emphasis added). The dismissal of the *Caruso/Ferguson* complaint with prejudice, the sanctioning of Ms. Ferguson's attorney for filing the *Caruso/Ferguson* complaint, and the Court's denial of Ms. Ferguson's motion to amend that complaint were, or should have been, warnings to Ms. Ferguson to not file the pending Complaint. Like the counsel in *Knipe*, Ms. Ferguson's filing of the pending Complaint after it was rejected as deficient by this Court demonstrates that she filed it for an improper purpose in violation of Rule 11.

Dkt. #26 at 10–11. Defendant also points out that Plaintiff has appealed both the dismissal of her complaint and the denial of her motion to amend in the *Caruso/Ferguson* case, and that this should stand as further evidence that the instant separate lawsuit on the same facts was brought without reasonable and competent inquiry. *Id*. at 11.

Plaintiff has failed to file any opposition to this Motion. "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2).

The Court is typically reluctant to award sanctions under Rule 11. Rule 11 sanctions are not to be awarded in every case where frivolous claims are brought by an attorney. However, the Court agrees with Defendant that this case is not typical, and matches the fact pattern of

ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS - 4

*Knipe*. Plaintiff's silence on this issue does not help. The Court has conducted the two-prong inquiry contemplated by *Christian v. Mattel*, *supra*, and concludes that Plaintiff's Complaint is legally baseless from an objective perspective, and that she did not conduct a reasonable and competent inquiry before signing and filing it. Given the particular and peculiar facts of this case, Rule 11 sanctions are warranted.

### B. Statutory Fees

Defendant previously requested attorneys' fees, expenses, and statutory damages under RCW 4.24.510 and 42 U.S.C. § 1988. *See* Dkt. #16. Plaintiff failed to file a valid response to the Motion containing those requests. *See* Dkt. #35. The Court now finds that attorneys' fees and expenses available under those statutes are duplicative of those awarded above, and that any further analysis by the Court is moot. However, the Court concludes that statutory damages available under RCW 4.24.510 are warranted given the Court's prior Order finding in favor of Defendant based in part on the immunity granted under that statute. *See* Dkt. #39. These damages are mandatory rather than permissive. *See Hayfield v. Ruffier*, 187 Wn. App. 914, 920, 351 P.3d 231, 234 (2015). Accordingly, the Court will also award $10,000.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

1) Defendant Brian J. Waid's Motion for Sanctions (Dkt. #25) is GRANTED.

2) Plaintiff shall pay $10,000 to Defendant as a fee imposed under RCW 4.24.510.

3) Defendant shall file a separate motion for reasonable fees and costs incurred in this case no later than **ten (10) days from the date of this Order,** and shall note such Motion under Local Rule 7(d). Such motion shall be supported by evidence supporting both the attorney's hourly rate and hours expended.

ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS - 5

4) This case remains open.

DATED this 13th day of March 2018.

*[signature]*
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE