UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA L. FERGUSON,

Plaintiff,

v.

BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,

Defendants.

Case No. C17-1685 RSM

ORDER DENYING MOTION FOR OVER-LENGTH BRIEF

This matter comes before the Court on Plaintiff Sandra L. Ferguson's Motion for Over-Length Brief. Dkt. #56. The Court has determined that responsive briefing is unnecessary. *See* LCR 7(f)(3).

Ms. Ferguson requests 30 pages of briefing for a forthcoming partial summary judgment motion, six pages over the standard 24-page limit. Dkt. #56 at 1; LCR 7(e)(3). Ms. Ferguson states that the recent Minute Order striking her partial summary judgment motion was "helpful in making revisions to the brief. . ." *Id*. However, she states that "Plaintiff has fallen short of meeting the 24-page limit due to the subject matter of the motion," because "Defendant's defamation claim requires a discussion of First Amendment issues and law, and a discussion of an extensive history and evidentiary record related to this defamation claim by

ORDER DENYING MOTION FOR OVER-LENGTH BRIEF - 1

Defendant." *Id*. at 2. She provides no further detail on this point. She states that "[a]ttempts to shorten the brief at this point will cause the quality and coherence to suffer." *Id*. Ms. Ferguson explicitly states that the 30-page motion is "attached hereto." *Id.* at 1. The 30-page motion is not attached.

The Court begins by noting that this is the fourth time Ms. Ferguson has attempted to file this partial summary judgment motion. The first time, Ms. Ferguson filed a 72-page brief and withdrew it. Dkt. #38. The second time, Ms. Ferguson filed a 30-page brief and withdrew it. Dkt. #41. The third and most recent time, Ms. Ferguson filed a 24-page brief (not including the caption). Dkt. #42. Although this most recent motion was within the page limits, it was stricken by Minute Order for other reasons. *See* Dkt. #54.

It is unclear to the Court how it's March 26, 2018, Minute Order has led Ms. Ferguson to refile with six pages of additional briefing. The Minute Order only asked that Ms. Ferguson properly sign her motion, state her declarations under penalty of perjury, provide the Court with courtesy copies, and refile previously corrected exhibits; it did not address the content of Ms. Ferguson's motion. *See id*.

In any event, the Court is in the dark as to the need for additional briefing without seeing the promised attached 30-page motion for partial summary judgment. Ms. Ferguson's single sentence about the need to discuss First Amendment law and an extensive history does not alone provide a basis for deviating from the standard 24-page limit, which is typically sufficient for cases of constitutional law or with lengthy factual backgrounds. Motions seeking approval to file an over-length motion or brief are disfavored. LCR 7(f). Based solely on the information before it, the Court finds that such approval is not warranted. Given the particular procedural history of this case and Ms. Ferguson's repeated attempts to file and re-file this

motion for partial summary judgment, the Court will entertain no further motions for over-length briefing from Ms. Ferguson.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Sandra L. Ferguson's Motion for Over-Length Brief (Dkt. #56) is DENIED. The Court will entertain no further motions for over-length briefing from Ms. Ferguson.

DATED this 28th day of March 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE