UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA L. FERGUSON,

    Plaintiff,

    v.

BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,

    Defendants.

Case No. C17-1685 RSM

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY FEES

    This matter comes before the Court on Defendant Brian J. Waid's Motion for Attorney Fees. Dkt. #45. On March 13, 2018, the Court ordered Defendant to file this Motion, stating, "Defendant shall file a separate motion for reasonable fees and costs incurred in this case. . . . Such motion shall be supported by evidence supporting both the attorney's hourly rate and hours expended." Dkt. #40 at 5. In that same Order, the Court had already concluded that Rule 11 sanctions in the form of attorney fees were warranted given that "Plaintiff's Complaint is legally baseless from an objective perspective, and that she did not conduct a reasonable and competent inquiry before signing and filing it." *Id*.

    Defendant now requests attorneys' fees in the amount of $44,092 and costs of $79. Dkt. #45 at 2. Defendant seeks fees for efforts dating back to the beginning of the lawsuit, *e.g.*

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY FEES - 1

stating that "[d]uring our December 12, 2017, CR 26(f) conference of attorneys, defense counsel informed Plaintiff that her claims lacked merit based on a variety of legal defenses." *Id*. Defendant's fees are based on an hourly rate of $300 per hour for partners and $260 for associates. *Id*. at 4. Defendant cites to comparable rates approved by this Court involving civil rights and constitutional claims. *Id*. (citing cases). Defendants submit records showing 39.5 hours billed by partners and 162.1 hours billed by an associate, but only request 165 hours after making certain deductions. *Id*. at 5; Dkt. #46 at 5–6; Dkts. #46-2 through #46-6. Defendant has excluded from its request any fees or costs incurred in litigating Defendant's affirmative counter-claims against Plaintiff. Defendant "reduced by 50 percent any fee entry which referenced activities related to both the defense of Plaintiff's claims and the prosecution of Defendant's counterclaims." *Id*. at 6.

Plaintiff opposes this Motion, arguing that fees are not appropriate in this case. Dkt. #68. However, Plaintiff does not challenge the reasonableness of the rate or hours requested. Instead, she argues she did not violate Rule 11 because her claims were filed in good faith. *See id.* at 2. The question of whether Plaintiff violated Rule 11 has already been ruled on by the Court, with a previous opportunity for her to respond. She did not take advantage of that opportunity. *See* Dkt. #40 at 4 ("Plaintiff has failed to file any opposition to this Motion.") Plaintiff provides no legal basis for the Court to now reconsider its ruling on this issue, and the Court declines to do so.

Plaintiff also appears to argue that the $10,000 in statutory fees are sufficient punishment. Dkt. #68 at 3. Plaintiff states, "[t]he Court should not impose additional penalties on Plaintiff beyond the $10,000 that has already been imposed because this was a question of

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY FEES - 2

first impression decided by this Court for the first time." *Id*. at 10. Defendant does not respond to this line of argument.

The Court does not intend to award excessive attorney fees. Rather, the rule states that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The rule repeats this limitation by stating that "reasonable" attorney fees and expenses can be awarded if "warranted for effective deterrence." *Id*. The Court finds that Plaintiff's conduct in this case, including the lengthy procedural history, dismissal of prior similar claims, and significant time and effort required of Defendant to defend clearly baseless claims, warrants a significant fee as a deterrent to her and to others similarly situated. Plaintiff provides the Court with no evidence or argument to show "what suffices" as a deterrence given her financial situation or those who are similarly situated. The Court has reviewed the fees below for reasonableness and made deductions. Accordingly, the Court concludes that fees under Rule 11(c) are warranted in addition to the previously awarded $10,000 statutory fee.[1]

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id*. at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the

---

[1] The Court notes that Defendant likely has other valid bases for obtaining these same attorney fees. The Court previously stated that attorney's fees available in this case under Rule 11 are "duplicative" of those available under RCW 4.24.510 and 42 U.S.C. §1988. Dkt. #40 at 5. Defendant previously sought those fees, and Plaintiff failed to file a valid response to the Motion containing those requests. *See id*. By local rule, "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2).

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY FEES - 3

*Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[2] In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch*, 480 F.3d at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). It is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch*, 480 F.3d at 948. The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

The Court will first address the hourly rate. The Court finds that the hourly rate of $300 per hour for partners and $260 for associates are reasonable, based on the experience, skill, and

---

[2] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY FEES - 4

education of each attorney, and supported with citations to relevant cases where similar billing rates were awarded. *See* Dkt. #45 at 4.

The Court next turns to the hours requested. The Court has reviewed the submitted records and the deductions proposed by Defendant and finds them generally reasonable and appropriate under the above law. Defendant may claim fees for time spent since the beginning of this case, since it is the Complaint itself that constituted the violation of Rule 11. The Court appreciates that Defendant has already separated out and discounted all entries related to his counterclaims. However, the Court has determined that certain remaining entries are excessive, redundant, or otherwise unnecessary, or constitute improper block-billing. Defendant was billed at least 36.1 hours related to his "Rule 11 motion," including block-billed entries. Considering the 12-page Motion that was ultimately filed, the Court finds this total excessive. The Court also observes an apparent duplication of efforts by defense counsel related to this Motion. The Court will deduct from the award half of this time at a rate of $260 per hour, or $4,693. No other deductions are warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Brian J. Waid's Motion for Attorney Fees (Dkt. #45) is GRANTED IN PART as stated above. Plaintiff Ferguson shall pay Defendant $39,399 in attorney's fees and $79 in costs as a sanction under Rule 11(c).

DATED this 9 day of April 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE