UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>Defendants. | Case No. C17-1685 RSM<br><br>ORDER DENYING THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON DEFAMATION CLAIM |

This matter comes before the Court on the parties' Motions for Partial Summary Judgment on Defendant Brian J. Waid's Defamation Counterclaim. Dkts. #58 and #77. For the reasons stated below, the Court has reached certain rulings on legal issues related to this claim, but DENIES both Motions.

**I.    BACKGROUND[1]**

Plaintiff Sandra L. Ferguson and Defendant Waid are both licensed attorneys in the state of Washington. *See* Dkt. #1. In July of 2017, Ms. Ferguson published a "client review" of Mr. Waid on the attorney-rating website Avvo.com. Ms. Ferguson's review stated, in part:

---

[1] For purposes of this Motion for Partial Summary Judgment, the Court will limit its discussion of background facts to those relevant to the defamation counterclaim only.

ORDER DENYING THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON DEFAMATION CLAIM - 1

> I am an attorney. However, the opinions expressed in this review are based on my personal experience as a former client of this attorney, Brian J. Waid. I consulted and retained Brian Waid in April 2011 regarding a contact dispute matter. He represented me until December 10, 2012, the date he abandoned me on a false pretext while an important motion was pending. Let me state it unequivocally: Brian J. Waid is a PREDATOR and a FRAUD. He should be prosecuted as a white collar criminal. However, this decision is not within my control. But I can write this review to warn and hopefully, prevent others from becoming future victims of Attorney Waid. I am not Waid's only victim. I assisted one of his other clients to find capable counsel. We have both filed civil suits against Waid for malpractice, false and deceptive business practices, and fraud. . . . Here is what Waid did to me: (1) he failed to enforce my priority lien over the money that was in dispute; (2) he advised me to file a lawsuit instead of using a more cost-effect [sic] procedure that was available, so that he could fraudulently charge, bill and collect fees from me for his worthless legal services; (3) he concealed and failed to disclose to me that he had a conflict of interest; (4) he deposited and left $265,000 of my money in the court registry. . . he [] abandoned me, lying to the court so that he would be allowed to withdraw over my objections. . . . By similar methods, Waid's other client-victim was bilked of hundreds of thousands of dollars by Waid and his co-counsel.

Dkt. #6-2.

Ms. Ferguson repeated these statements in a second internet posting on August 11, 2017, that was titled "This Lawyer Reported for Fraud." Dkt. #6-3. In addition to the above statements, the second posting also stated that Mr. Waid "violated the professional ethics rules," and had been reported by her "to the Washington State Bar Association and to law enforcement authorities for engaging in criminal conduct (fraud)." *Id*.

This case was filed on November 9, 2017. Dkt. #1. Although Plaintiff Ferguson's claims have since been dismissed, *see* Dkt. #39, Defendant Waid has asserted counterclaims, including a claim of defamation, *see* Dkt. #6. On March 29, 2018, Ms. Ferguson moved for summary judgment dismissal of the defamation counterclaim. Dkt. #58. On April 20, 2018, Mr. Waid moved for summary judgment in favor of this counterclaim. Dkt. #77.

ORDER DENYING THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON DEFAMATION CLAIM - 2

## II. DISCUSSION

### A. Plaintiff's 88-Page Declaration

As an initial matter, the Court will address Ms. Ferguson's 88-page "Facts Declaration" attached to her Motion. Dkt. #58-1. This declaration is filed in addition to three other declarations setting forth dozens of exhibits. *See* Dkts. #59–61. Mr. Waid argues that "in her 88-page declaration, Plaintiff improperly attempts to circumvent the 24-page limit for a summary judgment motion; improperly includes arguments; improperly testifies to facts on which she has no personal knowledge; [and] improperly testifies to third-parties' hearsay. . ." Dkt. #73 at 3. The Court has reviewed the declaration and agrees with each of these points. Ms. Ferguson has previously struggled to file this Motion within the required 24-page limit, *see* Dkts. #38 and #41. The Court issued an Order denying her request for over-length briefing. Dkt. #57. Ms. Ferguson has violated this Order by attaching a declaration with additional pages of argument.

The Court further notes that Ms. Ferguson, in her briefing, improperly cites to this declaration (and her exhibits) as a whole rather than pointing to specific pages. *See, e.g.,* Dkt. #58 at 7 n.14 (to support the statement "[h]e lied to the court, and he lied to his client," Ms. Ferguson cites to "Ferguson Decl., ¶¶ 14-69, Exhibits A-Z, Ex. 1-9."); *id.* at 8 n.16 (citing "Ferguson Decl., ¶¶ 157-169, Exs. J-O, see also, Ex. F"). Mr. Waid requests that the Court strike portions of this declaration. Dkt. #73 at 4.

Pursuant to the Local Civil Rules, parties must support factual assertions with a citation to the record, including a pin cite to the relevant page or pages. *See* LCR 10(e)(6) ("In all cases where the court is to review the proceedings of an administrative agency, transcripts, deposition testimony, etc., the parties shall, insofar as possible, cite the page and line of any part of the

transcript or record to which their pleadings, motions[,] or other filings refer."); *see also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030-1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found."); *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1085 (8th Cir. 1999) ("[A] district court is not 'obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim.'") (internal citation omitted); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'") (internal citation omitted); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Given all of the above, the Court finds that it need not rely on the contents of this Declaration for purposes of ruling on this Motion, but has reviewed it in the interest of justice and declines to strike any portion of Ms. Ferguson's Declaration at this time. The Court warns Ms. Ferguson not to repeat the above procedural mistakes in future filings, and that any further violations of the Federal Rules of Civil Procedure or this Court's Local Civil Rules will result in sanctions. *See* Dkt. #84.

**B. Legal Standard for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at

248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### C. Defamation Counterclaim

#### 1. Legal Standard

Under Washington State law, to prevail on his counterclaim for defamation, Defendant Waid has the burden to prove the following elements: (1) Ms. Ferguson made a false statement, (2) the statement was unprivileged, (3) Ms. Ferguson was at fault, and (4) the statement proximately caused Mr. Waid to suffer damages. *See Mark v. Seattle Times*, 96 Wash.2d 473, 486, 635 P.2d 1081 (1981); *Mohr v. Grant*, 153 Wn.2d 812, 822, 108 P.3d 768 (2005). When the plaintiff is a public figure or public official, the degree of fault required is actual malice. *LaMon v. Butler*, 112 Wn.2d 193, 197, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989). If the plaintiff is merely a private individual, a negligence standard of fault applies. *Caruso v. Local 690, Int'l Bhd. of Teamsters*, 100 Wn.2d 343, 352, 670 P.2d 240 (1983).

#### 2. Defamation Per Se

"A defamatory publication is libelous per se (actionable without proof of special damages) if it (1) exposes a living person to hatred, contempt, ridicule or obloquy, to deprive him of the benefit of public confidence or social intercourse, or (2) injures him in his business, trade, profession or office." *Caruso*, 100 Wn.2d at 353. A publication is also libelous per se if it imputes to the plaintiff criminal conduct involving moral turpitude. *Ward v. Painters' Local Union No. 300*, 41 Wn.2d 859, 863, 252 P.2d 253 (1953). Truth is still an absolute defense to a per se defamatory statement.

The Court finds that Ms. Ferguson's statements will be defamation per se if she is unable to prove the truth of her statements. There can be no reasonable dispute that Ms. Ferguson's statements, which she does not deny making, injured Mr. Waid in his business, trade, profession, or office. The statements were directed at Mr. Waid as a legal professional, intending to discourage any potential clients. Her statements also clearly and unquestionably impute to Mr. Waid criminal conduct involving moral turpitude by accusing him of fraud, malpractice, false and deceptive business practices, and of being a white collar criminal. Accordingly, Mr. Waid's defamation claim can be actionable without proof of damages, pursuant to the discussion in the next section.

3. **Mr. Waid is not a Public Figure**

The Court next addresses whether Mr. Waid is a public figure. Ms. Ferguson argues that he is a limited-purpose public figure "by his choice to maintain a website and to advertise on Avvo" and because "he advertises himself on the internet as an attorney who is learned and experienced in specific areas of substantive law." Dkt. #58 at 11–12. Mr. Waid argues that, under Washington law, the mere advertising of services does not make business owners

ORDER DENYING THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON DEFAMATION CLAIM - 6

limited-purpose public figures. Dkt. #73 at 11 (citing *Vern Sims Ford v. Hagel*, 42 Wn. App. 675, 679, 713 P.2d 736, 739 (1986)).

The Court finds that Mr. Waid is not a limited-purpose public figure solely because he has an Avvo.com profile. The Avvo.com profile is akin to advertising of services for a business.[2] Further, there is no evidence that Mr. Waid took voluntary and significant action to move from a private person to a public person with regard to this controversy. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345, 352, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974). That Ms. Ferguson or others have filed suit against Mr. Waid does not constitute voluntary action. Ms. Ferguson's reliance on non-Washington cases to support her argument is unconvincing and unhelpful, and does nothing to change the above conclusions. *See* Dkt. #58 at 12 (citing *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 710, 57 P.3d 82 (2002); *Journal-Gazette Co. v. Bandido's, Inc.*, 712 N.E.2d 446 (Ind. 1999); *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087 (4th Cir. 1993); *Howard v. Antilla*, U.S. Dist. LEXIS 19772 (D.N.H. Nov. 17, 1999)). Accordingly, as a private individual, Mr. Waid need only prove a negligence standard of fault.[3]

### 4. False Statement versus Opinion

Ms. Ferguson argues that the statements at issue were merely opinion, and therefore not actionable. Dkt. #58 at 14–20.

Mr. Waid asserts that "[a]ccusations of criminal activity, even in the form of opinion, are not constitutionally protected. . . . No First Amendment protection enfolds false charges of criminal behavior." Dkt. #73 at 15 (citing *Vern Sims Ford*, 42 Wn. App. at 683). Plaintiff

---

[2] The Court notes that, although Mr. Waid may upload content to his profile, the Avvo.com website is ultimately maintained by Avvo and not Mr. Waid.

[3] However, the Court notes that when defamation derives from negligence, rather than actual malice, a plaintiff may recover only for actual damages, *i.e.* "a trier of fact cannot presume damages under the libel per se doctrine unless liability is based on malice rather than negligence." *Whiton v. Oregon Labor Press Publ'g Co.*, 1998 Wash. App. LEXIS 880, *28 (1998) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974)).

ORDER DENYING THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON DEFAMATION CLAIM - 7

admits that her statements were not intended to be taken as hyperbole, but as true factual statements. Dkt. #58 at 17. Mr. Waid cites to *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 110 S. Ct. 2695, 111 L. Ed. 2d 1 (1990) for a discussion of statements of fact versus statements of opinion based on facts. Dkt. #73 at 16. *Milkovich* held "[e]ven if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact." 497 U.S. at 18–19. Mr. Waid argues that "[a]lthough Plaintiff points to her inclusion of the case names and numbers related to her statements, such reference is not sufficient to turn her false statement of facts into non-actionable opinions." Dkt. #73 at 16.

The Court agrees with Mr. Waid's analysis and concludes as a matter of law that Ms. Ferguson made statements of fact, not opinion, when she stated that Mr. Waid engaged in fraudulent and criminal activity. Ms. Ferguson is precluded from raising this defense at trial.

### 5. Remaining Questions of Fact

Ms. Ferguson's remaining basis for summary judgment is that, because her statements were true, Mr. Waid cannot possibly succeed on his claim. Ms. Ferguson spends much time in briefing, and attaches thousands of pages to the record, in an effort to prove the truth of her statements that Mr. Waid committed fraud, "is a predator," and engaged in criminal activity.

Ms. Ferguson's statements were essentially based on her claim that Mr. Waid filed a "sham" case in order to charge her for his legal services and that he illegally withhold Ferguson's money from her by depositing it into the court registry. *See* Dkt. #71 at 7–8. Ms. Ferguson also asserts that these statements were based on "a pattern and practice of fraudulent methods he uses for billing, charging and collecting fees from his clients for worthless legal services." *Id.* at 9. If true, this could be considered fraudulent or criminal activity.

Mr. Waid argues that Ms. Ferguson's claims have been dismissed with prejudice by other courts for lack of evidence, and that no Court has made a finding that such claims are true. *See* Dkt. #73 at 17 (citing Dkt. #74 at ¶¶ 3, 38, 95–98; Dkt. #74-1). Mr. Waid submits over 50 exhibits in an attempt to prove that Ms. Ferguson's statements about him are false. Although many of Ms. Ferguson's factual assertions are contradicted by written communications submitted by Mr. Waid, several of her assertions are contradicted only by Mr. Waid's testimony.

Although Ms. Ferguson's *claims* have previously been dismissed for lack of evidence, this does not alone mean that her allegedly defamatory *statements* are false as a matter of law. The parties both discuss the veracity of Ms. Ferguson's statements while disputing the facts and citing to dozens of exhibits. Mr. Waid argues that Ms. Ferguson can point to no evidence "other than her own self-serving hearsay" that he engaged in the conduct at issue. *See* Dkt. #73 at 22. However, Ms. Ferguson's own non-hearsay testimony about Mr. Waid's conduct with relation to her and her legal case is sufficient to create a genuine dispute. Many of the key facts are disputed on a "he said, she said" basis. "The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial." *Crane*, 41 F.3d at 549. Given all of the above, there still remains a genuine dispute between the parties as to at least some material facts; this precludes summary judgment on this issue for either party. *See* Fed. R. Civ. P. 56(a); *Anderson, supra*. The Court is supported in this conclusion by the fact that none of Mr. Waid's cited cases, *e.g.*, *Beahm v. City of Bremerton*, Case No. C09-5048 RJB, 2010 WL 1141476, at *13 (W.D. Wash. Mar. 22, 2010), *Wood v. Battle Ground Sch. Dist.*, 107 Wn. App. 550, 572, 27 P.3d 1208 (2001), *Maison de France, Ltd. v. Mais Oui!*, Inc., 126 Wn. App. 34, 108 P.3d 787, 793 (2005), and *Duc Tan v. Le*, 177

ORDER DENYING THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON DEFAMATION CLAIM - 9

Wn.2d 649, 300 P.3d 356 (2013), involved a trial court resolving the issue of truth on summary judgment.[4]

### III. CONCLUSION

If Mr. Waid chooses to pursue this claim to trial, he may rely on the above legal rulings. Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the parties' Motions for Partial Summary Judgment on Defendant Brian J. Waid's Defamation Counterclaim (Dkts. #58 and #77) are DENIED as stated above.

DATED this 11th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] As stated in *Wood*, "[t]he court must decide whether the statement is capable of a defamatory meaning and the jury decides whether the statement was, in fact, defamatory." 107 Wn. App. at 572.

ORDER DENYING THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON DEFAMATION CLAIM - 10