UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>　　　　Defendants. | Case No. C17-1685RSM<br><br>MINUTE ORDER STRIKING ROBERT GOULD'S OBJECTIONS TO SUBPOENA |

This matter comes before the Court on non-party Robert Gould's Objections to Purported Subpoena, filed with the Court on May 30, 2018. Dkt. #92. Mr. Gould does not attach the purported subpoena in question.

Federal Rule of Civil Procedure 45 states in part:

> (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

ORDER STRIKING ROBERT GOULD'S OBJECTIONS TO SUBPOENA - 1

> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>
> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(d)(2)(B). This rule separately discusses how to file a motion to quash a subpoena. *See* Fed. R. Civ. P. 45(d)(3).

Given the limited information before it, the Court believes Mr. Gould is objecting to a subpoena to produce documents as contemplated by Rule 45 above. However, instead of (or in addition to) serving these objections on the party who served the subpoena, Mr. Gould has filed these objections with the Court. Mr. Gould has not filed a motion to quash the subpoena.

The Court will not rule on these objections. The Court finds that these objections are not properly before the Court, although they have now been served on the party by virtue of the Court's CM/ECF system. The next step, if it happens, would be for the party who served the subpoena to "move the court… for an order compelling production." Fed. R. Civ. P. 45(d)(2)(B)(i). Given all of the above, the Court will STRIKE the Objections, Dkt. #92, as procedurally improper and remove them from the Court's Motions Calendar. The Court DIRECTS the Clerk to mail a copy of this Order to Robert Gould at P.O. Box 6227 Edmonds, WA 98026.

DATED this 30th day of May, 2018.

WILLIAM McCOOL, Clerk

By: /s/ Paula McNabb
Deputy Clerk