UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>Defendants. | Case No. C17-1685RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CIVIL HARASSMENT CLAIM |

This matter comes before the Court on Plaintiff Sandra L. Ferguson's Motion for Partial Summary Judgment on Defendant Brian J. Waid's Civil Harassment Counterclaim. Dkt. #71. For the reasons stated below, the Court DENIES this Motion.

## I.  BACKGROUND[1]

Plaintiff Sandra L. Ferguson and Defendant Waid are both licensed attorneys in the state of Washington. *See* Dkt. #1. In July of 2017, Ms. Ferguson published a "client review" of Mr. Waid on the attorney-rating website Avvo.com. Ms. Ferguson's review stated, in part:

> I am an attorney. However, the opinions expressed in this review are based on my personal experience as a former client of this attorney, Brian J. Waid. I consulted and retained Brian Waid in

---

[1] For purposes of this Motion for Partial Summary Judgment, the Court will limit its discussion of background facts to those relevant to the civil harassment counterclaim only.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CIVIL HARASSMENT CLAIM - 1

> April 2011 regarding a contact [sic] dispute matter. He represented me until December 10, 2012, the date he abandoned me on a false pretext while an important motion was pending. Let me state it unequivocally: Brian J. Waid is a PREDATOR and a FRAUD. He should be prosecuted as a white collar criminal. However, this decision is not within my control. But I can write this review to warn and hopefully, prevent others from becoming future victims of Attorney Waid. I am not Waid's only victim. I assisted one of his other clients to find capable counsel. We have both filed civil suits against Waid for malpractice, false and deceptive business practices, and fraud. . . . Here is what Waid did to me: (1) he failed to enforce my priority lien over the money that was in dispute; (2) he advised me to file a lawsuit instead of using a more cost-effect [sic] procedure that was available, so that he could fraudulently charge, bill and collect fees from me for his worthless legal services; (3) he concealed and failed to disclose to me that he had a conflict of interest; (4) he deposited and left $265,000 of my money in the court registry. . . he [] abandoned me, lying to the court so that he would be allowed to withdraw over my objections. . . . By similar methods, Waid's other client-victim was bilked of hundreds of thousands of dollars by Waid and his co-counsel.

Dkt. #6-2.

Ms. Ferguson repeated these statements in a second internet posting on August 11, 2017, that was titled "This Lawyer Reported for Fraud." Dkt. #6-3. In addition to the above statements, the second posting also stated that Mr. Waid "violated the professional ethics rules," and had been reported by her "to the Washington State Bar Association and to law enforcement authorities for engaging in criminal conduct (fraud)." *Id*.

Ms. Ferguson's claims in this matter have been dismissed with prejudice as meritless. Dkt. #39. This Court has also granted Rule 11 sanctions against Ms. Ferguson for filing this case. Dkt. #40. Ms. Ferguson has pursued three prior lawsuits against Defendant Waid. *See* Dkt. #50 in *Caruso et al. v. Washington State Bar Association, et al.*, Case No. 2:17-cv-00003 (Ms. Ferguson failed in her attempt to add Mr. Waid as a defendant); Dkt. #87-1 (October 2014 Complaint filed in King County Superior Court); Dkt. #87-2 (December 2015 Complaint filed

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CIVIL HARASSMENT CLAIM - 2

in King County Superior Court with a new case number). Plaintiff's claims in *Caruso* against Defendant Waid were found to be procedurally improper and likely meritless. Dkt. #57 in *Caruso*, Case No. 2:17-cv-00003. The first of Ms. Ferguson's state actions resulted in dismissal with prejudice of a majority of Plaintiff's claims on summary judgment, and the remainder were dismissed when Plaintiff failed to appear prepared for trial. *See* Dkts. #74-1 and #74-2. Plaintiff subsequently appealed the dismissal of her claims and that appeal was dismissed for Plaintiff's failure to file an opening brief. *See* Dkt. #74-3. The second state court action, filed immediately after her claims were dismissed without prejudice in the first state court action, is currently stayed pending the outcome of an appeal.

Defendant Waid has asserted counterclaims of defamation and civil harassment in this case. Dkt. #6. The Court previously declined to dismiss the claim of defamation on summary judgment, and that claim is currently proceeding to trial. *See* Dkt. #85. The civil harassment counterclaim now before the Court, brought under RCW 10.14, seeks relief in the form of an injunction preventing Plaintiff and others at her direction from engaging in further harassment. *See* Dkt. #6.

## II. DISCUSSION

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco,*

*Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Civil Harassment Counterclaim**

Under Washington State law, to prevail on his counterclaim for civil harassment, Mr. Waid must demonstrate that Ms. Ferguson engaged in "a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves no legitimate or lawful purpose." RCW 10.14.020. "Course of conduct" means "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose," but does not include constitutionally protected free speech. *Id.* The course of conduct must be "such as would cause a reasonable person to suffer substantial emotional distress, and shall actually cause substantial emotional distress to the petitioner…" *Id.*

Ms. Ferguson argues in this Motion that her internet postings and lawsuits were constitutionally protected free speech and that they do not otherwise fall under the requirements above. Dkt. #71. Ms. Ferguson appears to contend that anything she has done cannot qualify under the statute because she has not had actual, face-to-face contact with Mr. Waid in some

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CIVIL HARASSMENT CLAIM - 4

time. *See id.* at 11. Ms. Ferguson argues that this claim will interfere with her pending state court lawsuit. *See id.* at 17–19. Finally, Ms. Ferguson questions the Court's ability to impose the injunctive relief Mr. Waid is requesting without violating the First Amendment. *See id.* at 19–24.

Mr. Waid argues that Ms. Ferguson's alleged defamation and filing of frivolous lawsuits do not qualify as constitutionally protected free speech under the statute. *See* Dkt. #86 at 6–11. The Court has already considered the argument that "[a]ccusations of criminal activity, even in the form of opinion, are not constitutionally protected. . . . No First Amendment protection enfolds false charges of criminal behavior." Dkt. #73 at 15 (citing *Vern Sims Ford v. Hagel*, 42 Wn. App. 675, 683, 713 P.2d 736, 739 (1986). The Court previously agreed with this argument, and found that Ms. Ferguson had stated that Mr. Waid engaged in fraudulent and criminal activity in her internet postings. *See* Dkt. #85 at 7–8. The Court also now finds that Ms. Ferguson's prior lawsuits, if considered frivolous or baseless, do not qualify as constitutionally protected free speech. *See Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743, 103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983).

Mr. Waid argues it is a question of fact whether Plaintiff's conduct in publishing the defamatory statements and the filing of meritless lawsuits constitutes harassment under RCW 10.14.020. The Court agrees. If the jury finds that Ms. Ferguson's statements about Mr. Waid were false and her lawsuits frivolous, along with finding in favor of Mr. Waid on the other elements of these claims, then Mr. Waid can obtain relief on this counterclaim. The statute considers harassment that takes any "form of communication, contact, or conduct [including] the sending of an electronic communication… RCW 10.14.020(1). Ms. Ferguson's online postings and lawsuits clearly qualify without a continuing pattern of face-to-face contact.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CIVIL HARASSMENT CLAIM - 5

There is no basis to dismiss this counterclaim as a matter of law and questions of fact preclude summary judgment.

The Court also finds that this claim will not improperly interfere with Ms. Ferguson's state court actions. Many of Ms. Ferguson's state court claims have been dismissed with prejudice, and the remainder have been dismissed for procedural reasons based on her or her attorney's failure to comply with timing requirements and failure to be prepared for trial. Ms. Ferguson has failed to convince the Court that the jury in this matter would need to address the underlying factual questions of her state court actions to determine whether or not these lawsuits contribute to Mr. Waid's civil harassment counterclaim, and any evidentiary issues can be addressed at or before trial.

Finally, the Court finds that it can craft the appropriate injunctive relief if necessary after trial in such a way as to address Ms. Ferguson's First Amendment concerns.

### III. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the Plaintiff Ferguson's Motion for Partial Summary Judgment on Defendant Brian J. Waid's Civil Harassment Counterclaim, Dkt. #71, is DENIED.

DATED this 12 day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE