1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                         WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
8
9    SANDRA L. FERGUSON,                     Case No. C17-1685RSM
10          Plaintiff,
                                             ORDER DENYING MOTION TO RESET
11                                           DISCOVERY COMPLETION DATE
            v.
12
13   BRIAN J. WAID AND THE WAID
     MARITAL COMMUNITY,
14
15          Defendants.

16          This matter comes before the Court on Plaintiff Sandra Ferguson's Motion to Reset

17   Discovery Completion Date. Dkt. #98. The current discovery completion date is today, July

18   16, 2018. Dkt. #55. The deadline for filing "motions related to discovery" passed on June 18,

19   2018. *Id*. Trial remains set for November 13, 2018. *Id*.
20
21          Ms. Ferguson now requests a two-week extension of the discovery completion date.

22   Dkt. #98. She explains that she retained counsel on June 28, 2018, who began communicating

23   with Defendant on July 2, 2018, about taking his deposition and the depositions of two others.

24   *Id*. These depositions have been delayed. Ms. Ferguson requests this extension of the deadline
25
     to assist the parties in resolving any "scheduling issues" or "discovery-related disputes that
26
27   might arise." *Id*. at 2. She argues that this relief would not prejudice Defendant. She presents

28   no other reasons for the extension.


     ORDER DENYING MOTION TO RESET DISCOVERY COMPLETION DATE - 1

In Response, Defendant Waid argues that this Motion is brought without good cause and more than three weeks after the deadline for filing motions related to discovery. Dkt. #99. Mr. Waid states: "[p]rior to July 2, 2018—which is only two weeks before the discovery cut-off on July 16—Plaintiff never served any discovery requests on Defendant or notified Defense counsel of any intent to take depositions." *Id*. at 3. Mr. Waid argues that Ms. Ferguson has not been diligent in deposing the non-party witnesses, first scheduling them and then cancelling them, and generally failing to adequately communicate with Mr. Waid. *Id*. Mr. Waid requests attorney fees related to the failure of Ms. Ferguson's counsel to show up for the deposition of Kany Levine. *Id*. at 12–13.

On Reply, Ms. Ferguson argues that her counsel attempted to notify defense counsel that the deposition of Mr. Levine was not going forward. Dkt. #102. Both parties present significant email communications to the Court to support their version of what happened.

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). For good cause shown, the Court may grant a request to modify or enlarge the deadlines in a Case Scheduling Order. Fed. R. Civ. P. 16(b)(4). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(5).

The Court is not interested in every detail of the back and forth communications between counsel trying to schedule these last-minute depositions. The Court finds as an initial matter that the instant Motion *is* related to discovery and arrives well after the deadline for such motions. *See* Dkt. #55. Furthermore, the Court finds that Ms. Ferguson has failed to demonstrate good cause to modify the Scheduling Order. She failed to pursue these depositions until the last two weeks before the discovery cut-off; this shows a lack of diligence

ORDER DENYING MOTION TO RESET DISCOVERY COMPLETION DATE - 2

1   and disregard for Mr. Waid's ability and the ability of the other deponents to schedule and

2   prepare for those depositions. Although it may be Plaintiff's counsel's experience that

3   opposing parties agree to short extensions of time, Mr. Waid's refusal given the circumstances

4   does not appear unreasonable. In any event, Ms. Ferguson presents no reason for this extension

5   other than her failure to complete discovery within the time allowed, and by local rule this does

6   not demonstrate good cause. Given all of the above, this Motion will be denied. The Court

7   finds that Mr. Waid's request for attorney fees under Rule 30(g) is not warranted given the

8   particular facts of this case.

9           Having reviewed the relevant briefing, the declarations and exhibits attached thereto,

    and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Sandra

    Ferguson's Motion to Reset Discovery Completion Date, Dkt. #98, is DENIED.

            DATED this 16th day of July, 2018.


                                    RICARDO S. MARTINEZ
                                    CHIEF UNITED STATES DISTRICT JUDGE


ORDER DENYING MOTION TO RESET DISCOVERY COMPLETION DATE - 3