UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>Defendants. | Case No. C17-1685RSM<br><br>ORDER GRANTING IN PART MOTION FOR ENTRY OF FINAL JUDGMENT AND ORDERING PAYMENT OF RULE 11 SANCTIONS |

This matter comes before the Court on Defendant Brian J. Waid and the Waid Marital Community (collectively, "Mr. Waid")'s Motion for Entry of Final Judgment Pursuant to Rule 54(b). Dkt. #104. Mr. Waid also moves in the alternative for the Court to impose a 30-day deadline for Plaintiff Sandra L. Ferguson to pay the Court's previously-imposed Rule 11 sanctions. *Id.* Ms. Ferguson opposes the Motion.

Rule 54(b) of the Federal Rules of Civil Procedure provides that, "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." To determine whether there is no just reason for delay, the Court considers whether entry of a final judgment is "in the interest of sound judicial administration," as well as the equities involved. *Curtiss-Wright Corp. v. General Elec. Co.*,

ORDER GRANTING IN PART MOTION FOR ENTRY OF FINAL JUDGMENT AND ORDERING PAYMENT OF RULE 11 SANCTIONS - 1

446 U.S. 1, 8, 100 S. Ct. 1460, 1465, 64 L. Ed. 2d 1, 11 (1980). "Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id*. (internal quotation marks omitted). Acceptable considerations include whether the "claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. Counterclaims pose no specific problem under this Rule; the Court must simply determine the level of "interrelationship with the claims on which certification is sought." *Id*. at 9.

Ms. Ferguson argues that her now-dismissed claims and Mr. Waid's remaining counterclaims are "brought on the basis of a common constellation of facts." Dkt. #110 at 3. According to Ms. Ferguson, her claims that Mr. Waid "reached an understanding with state bar officials to file a meritless grievance" in violation of Constitutional due process, equal protection, free speech, and Title VII of the Civil Rights Act, are related in part to her allegedly defamatory statements, which in turn are the basis for Mr. Waid's remaining counterclaims. Ms. Ferguson's Complaint explicitly alleges that Mr. Waid "complained to the WSBA that Ferguson published negative statements about him… on a website called "AVVO." Dkt. #1 at 19. Ms. Ferguson does not discuss the equities involved in this Motion.

The Court finds that the *facts* of the claims and counterclaims partially overlap, but that the *nature* of the claims already determined are not "such that no appellate court would have to decide the same issues more than once" for the reasons cited by Mr. Waid in his Reply. *See* Dkt. #111 at 2.

However, the Court has other factors to consider. Immediate, successive appeals in this case are likely if the Court grants Rule 54(b) relief. Trial is currently set for November 13,

ORDER GRANTING IN PART MOTION FOR ENTRY OF FINAL JUDGMENT AND
ORDERING PAYMENT OF RULE 11 SANCTIONS - 2

2018. Dkt. #55. Mr. Waid has failed to show significant prejudice by a further three-month delay in the entry of final judgment. Considering the interest of sound judicial administration and the equities involved, the Court finds that the parties can wait for a single judgment after trial, and that this will avoid piecemeal appeals. Accordingly, the Court will not grant Rule 54(b) relief.

Mr. Waid alternatively requests the Court order payment of the Rule 11 sanctions without entry of a final judgment. Dkt. #104 at 8 (citing *Klestadt & Winters, LLP v. Cangelosi*, 672 F.3d 809, 817–18 (9th Cir. 2012); *Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 210, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999). It is typical practice for this Court to impose a deadline for payment of sanctions in the order imposing sanctions. This is all Mr. Waid seeks. Ms. Ferguson cites no reason why the Court cannot impose such a deadline in this case. Although the Court expected Ms. Ferguson to promptly pay the sanction without a deadline, The Court will now impose one.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Entry of Final Judgment, Dkt. #104, is GRANTED IN PART. Ms. Ferguson shall pay Defendants $39,399 in attorney's fees and $79 in costs as a sanction under Rule 11(c) **no later than thirty (30) days from the date of this Order**. All other requested relief is DENIED.

DATED this 6 day of August, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTION FOR ENTRY OF FINAL JUDGMENT AND ORDERING PAYMENT OF RULE 11 SANCTIONS - 3