UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN J. WAID AND THE WAID MARITAL COMMUNITY, <br><br> Defendants. | Case No. C17-1685RSM <br><br> ORDER GRANTING MOTION TO RESET THE TRIAL AS A JURY TRIAL |

This matter comes before the Court on Plaintiff's Motion to Reset the Trial as a Jury Trial. Dkt. #109. Defendants oppose this Motion.

"When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless… the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record…" Fed. R. Civ. P. 39(a). Issues on which a jury trial is not properly demanded are to be tried by the court. Fed. R. Civ. P. 39(b). But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded. *Id*. Although an untimely jury demand waives a party's right to trial by jury, a court should "indulge every reasonable presumption against

ORDER GRANTING MOTION TO RESET THE TRIAL AS A JURY TRIAL - 1

waiver of the jury trial right." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1064 (9th Cir. 2005) (internal quotation omitted).

Plaintiff filed a demand for a jury trial on December 27, 2017. Dkt. #13. This demand was timely because it was filed within 14 days of her Answer to Defendant's Counterclaims, Dkt. #8. She did not specify issues she wished to have tried by a jury, therefore she has demanded a jury trial on all issues so triable. Fed. R. Civ. P. 38(c). After this was filed, the Court designated this trial as a jury trial on the docket. However, the Court set this trial for a bench trial in the Scheduling Order. Dkt. #55 at 1. This was due to references to a bench trial contained in the parties Joint Status Report, Dkt. #19. Specifically, Plaintiff stated she was "open to the possibility of a bench trial" under a section titled "Bifurcation," and also stated "Plaintiff is open to considering a partial or full bench trial with bifurcation of liability and damages if the case goes to a jury." Dkt. #19.

The instant Motion was filed four months after the Court's Scheduling Order. The Court finds that Plaintiff did not stipulate to a nonjury trial by stating in the Joint Status Report that she was "open to" a bench trial. Her failure to object to the Court's Scheduling Order until now does not otherwise constitute a waiver. Defendants cite to no equivalent Ninth Circuit cases where a Court denied trial by jury based solely on an erroneous scheduling order. Accordingly, trial must be by jury. The Court is cognizant of Defendant's prejudice arguments. Any concerns are outweighed by Plaintiff's right to trial by jury, and Defendants still have over two months to prepare motions in limine and other pretrial filings.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to

Reset the Trial as a Jury Trial, Dkt. #109, is GRANTED. The clerk is directed to issue an amended scheduling order setting trial by jury for November 13, 2018.

DATED this 13 day of August, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO RESET THE TRIAL AS A JURY TRIAL - 3