# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

SANDRA L. FERGUSON,

Plaintiff,

v.

BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,

Defendants.

Case No. C17-1685 RSM

ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER

This matter comes before the Court on Plaintiff Sandra Ferguson's Motion for Relief from a Deadline and to Issue a Subpoena. Dkt. #125. The Court has determined it can rule on this Motion without responsive briefing.

The deadline for filing "motions related to discovery" passed on June 18, 2018. Dkt. #55. Discovery closed in this matter on July 16, 2018. *Id*. The dispositive motion deadline was August 15, 2018. Trial remains set for November 13, 2018. *Id*.

Ms. Ferguson now requests a modification of the scheduling order to reopen discovery and issue subpoenas to Mr. Waid and to Avvo, the attorney information website company. Dkt. #125 at 1. According to Ms. Ferguson, on July 16, 2018, a negative review of Mr. Waid was posted on the Avvo website by a client of Mr. Waid named "Michael." *Id*. at 1–2. Ms. Ferguson has tried to identify Michael but has been unsuccessful so far. Avvo apparently declined to provide identifying information absent a subpoena. Ms. Ferguson's counsel

ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER - 1

indicates that he first learned of the Avvo post on September 15, 2018. *Id*. at 3. No explanation is provided for the delay in learning of this post. Ms. Ferguson argues that this Motion is timely because she "could not have obtained this information prior to the discovery completion date set in the scheduling order," and because "[o]nce we learned of the post, we promptly requested the author's full name and court case number, from Avvo and from Mr. Waid's counsel." *Id*. at 4. Ms. Ferguson does not discuss the applicable good cause standard under Federal Rule of Civil Procedure 16(b)(4).

Ms. Ferguson argues the identity of Michael is relevant to her case because it could help determine: 1) whether the statements Ms. Ferguson made in her Avvo post in July of 2017 were truthful; 2) whether Ms. Ferguson was careful, sincere and accurate in her posting, rather than negligent or malicious; and 3) whether the matters discussed by Ms. Ferguson in her post involve matters of public concern. *Id*. at 5.

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Rule 16 requires "good cause" in order to modify a scheduling order after a deadline has passed. The "good cause" standard focuses on the diligence of the party requesting modification. *Johnson*, 975 F.2d at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id.* Local Civil Rule 16(b) further provides that the dates in the scheduling order are binding and "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of

ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER - 2

the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

This Court has previously denied a request by Ms. Ferguson to extend discovery deadlines. Dkt. #107. In examining this second request, the Court's first inquiry is diligence. Ms. Ferguson does not adequately address this critical question. This post was made on a public website. It appears Ms. Ferguson was not diligent in discovering this posting, or in tracking down dissatisfied clients of Mr. Waid generally. Ms. Ferguson will not be permitted to subpoena Defendant and others to pursue this kind of information after the close of discovery and on the eve of trial. More fundamentally, however, the Court does not believe that this new evidence is relevant to this case. Mr. Waid's conduct representing "Michael" in 2018 is not at issue. Ms. Ferguson has failed to convince the Court that information she gleans now from another dissatisfied client of Mr. Waid can show that the allegedly defamatory comments she made 2017 were truthful *at the time*, or whether Ms. Ferguson was careful, sincere and accurate in her posting, rather than negligent or malicious, *at the time*. Finally, the Court need not hear from Mr. Waid to know that reopening discovery would prejudice Mr. Waid by delaying trial in this matter, for which he is the only party seeking relief.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Sandra Ferguson's Motion for Relief from a Deadline and to Issue a Subpoena (Dkt.#125) is DENIED.

DATED this 12th day of September 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE