UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>Defendants. | Case No. C17-1685RSM<br><br>ORDER FINDING PLAINTIFF IN CONTEMPT OF COURT AND FOR PLAINTIFF'S COUNSEL TO SHOW CAUSE |

This matter comes before the Court on Defendant Brian J. Waid's Motion for Order to Show Cause, Dkt. #122, and the Court's Order to Show Cause, Dkt. #124.

On April 9, 2018, the Court issued an Order for Plaintiff Ferguson to pay Defendant $39,399 in attorney's fees and $79 in costs "as a sanction under Rule 11(c)." Dkt. #70. The Court did not provide a deadline. Later, on August 6, 2018, the Court set a deadline of September 5, 2018, for Ms. Ferguson to make payment. Dkt. #115. On the eve of that deadline, Ms. Ferguson filed a document stating she "acknowledges receipt of the Court's Order" and that she "understands that the order sets a deadline, and is not itself a judgment." Dkt. #120. Opaquely, her only further remark was that she "respectfully intends to file an appeal after trial and entry of judgment in this case, if appropriate." *Id*.

ORDER FINDING PLAINTIFF IN CONTEMPT OF COURT AND FOR PLAINTIFF'S COUNSEL TO SHOW CAUSE - 1

On September 10, 2018, Defendant Waid filed a Motion asking the Court to issue an "Order to Show Cause directing Plaintiff Sandra Ferguson to show cause why she should not be held in contempt for blatantly defying this Court's August 6, 2018 Order…" Dkt. #122 at 1. Mr. Waid suggested the Court fine Ms. Ferguson "at least $100 per day, payable to Waid, until she complies with the Court's Order," or consider issuing a warrant for her arrest and detention. *Id*. at 3. Mr. Waid pointed out that such a harsh sanction could be warranted under these circumstances considering that Ms. Ferguson "has filed four separate lawsuits against Defendant Waid in the past five years and clearly has no issue availing herself of the benefits and protections of the legal system." *Id*. at 4.

The Court issued an Order to Show Cause stating, "[i]t appears clear that [Ms. Ferguson] has failed to follow the Court's explicit order, and therefore the Court requires an explanation for why she should not be held in contempt." Dkt. #124 at 2.

Ms. Ferguson's Response is just as opaque as her prior filing on this subject. She states, "[u]ndersigned counsel interpreted the Court's prior order… as setting a deadline for payment, but declining to enter a judgment…. The Court has discretion to decline to enter a contempt finding now because of our good faith interpretation of the language of the court's orders." Dkt. #128 at 1–2 (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). Ms. Ferguson indicates that her counsel "believes that the order for payment (Dkt. #115) was intended to grant Mr. Waid's request to set a deadline, which is all he asked for… This interpretation, whether right or wrong, is reasonable given the language of the Court's order." *Id*. at 5. Finally, Ms. Ferguson states "[i]n the alternative, we request that the Court consider… that the decision on whether and when a sanctions order should be entered and its terms can be reserved until the end of the trial." *Id*. at 2 (citing *Cunningham v.*

*Hamilton County*, 527 U.S. 198, 210, 119 S.Ct. 1915, 1923, 144 L.Ed.2d 184 (1999)). *Cunningham* stated "in a particular case, a district court can reduce any hardship by reserving until the end of the trial decision such as whether to impose the sanction, how great a sanction to impose, or when to order collection." 527 U.S. at 210. Ms. Ferguson threatens that if the Court holds her in contempt it could risk an immediate appeal, and thus piecemeal appeals in this case—something the Court has tried to avoid.

A party may be held in contempt where it has "failed to take all reasonable steps within the party's power to comply with a specific and definite court order." *FTC v. Productive Mktg., Inc.*, 136 F. Supp. 2d 1096, 1106 (C.D. Cal. 2001) (quoting *Dual-Deck Video*, 10 F. 3d at 695 (internal quotations omitted)). A person should not be held in contempt if his action "appears to be based on a good faith and reasonable interpretation of the [court's order]." *Dual-Deck Video,* 10 F.3d at 695 (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence. *Vertex*, 689 F.2d at 889. "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F. 2d 1376, 1380 (9th Cir. 1986). A party seeking contempt may also be entitled to attorneys' fees and costs incurred in bringing the motion. *BMG Music v. Perez*, 952 F. 2d 318, 320 (9th Cir. 1991).

Ms. Ferguson has clearly failed to take all reasonable steps to comply with the Court's specific and definite order to pay the above Rule 11 sanctions by a set deadline. Her and her counsel's interpretations of the Court's prior Orders and the applicable law have not been made

ORDER FINDING PLAINTIFF IN CONTEMPT OF COURT AND FOR PLAINTIFF'S COUNSEL TO SHOW CAUSE - 3

in good faith.  It is not reasonable to suggest that the Court imposed only a *deadline* on August 6, 2018, and thus Ms. Ferguson was not *ordered* to make payment; the deadline was on top of the prior order imposing the sanction.  Rule 11 sanctions are routinely ordered and must be paid with or without a judgment.  To fail to comply with such an order has always risked being held in contempt.  The Court has considered Ms. Ferguson's suggestion to reserve ordering payment until the end of trial and declines to do so.  Ms. Ferguson has not set forth any evidence of her financial situation or why this sanction is a particular hardship.  To delay payment would further prejudice Mr. Waid, who has had to pay thousands of dollars to defend against the frivolous claims in this case and who continues to allege that this and other lawsuits are civil harassment.  Given all of the above, the Court now holds Ms. Ferguson in contempt of court and will impose a financial sanction against her for every day she fails to comply with making payment or arranging to do so.  The Court declines to award Mr. Waid additional attorney's fees at this time.

Ms. Ferguson explicitly relies on and cites to her counsel's interpretations in the above filings.  The Court believes her counsel, Mr. Muenster, has filed papers in this Court for the improper purposes of causing unnecessary delay in compliance with a Court order and increasing the cost of litigation.  *See* Dkts. #120 and #128.  With each of these filings, Mr. Muenster appears to have intended delay by implying that the above misinterpretations were reasonable and failing to present arguments of merit.  Mr. Muenster must now explain why further Rule 11 sanctions should not be imposed against him personally.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff Sandra Ferguson is hereby found in contempt of Court.

ORDER FINDING PLAINTIFF IN CONTEMPT OF COURT AND FOR PLAINTIFF'S COUNSEL TO SHOW CAUSE - 4

2) Plaintiff Ferguson is ORDERED to pay sanctions of $100 per day, starting from the date of this Order, payable to Defendant Brian Waid, until such time she complies with the Court's previous Orders to pay Rule 11 sanctions at Dkts. #70 and #115.

3) Plaintiff's counsel, Mr. Muenster, shall show cause why his conduct described above has not violated Rule 11(b). This response must be filed **within fourteen (14) days** and may not exceed **six (6) pages**.

DATED this 24 day of September, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE