UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>Defendants. | Case No. C17-1685RSM<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT ON DEFAMATION CLAIM |

This matter comes before the Court on Plaintiff Sandra L. Ferguson's second Motion for Summary Judgment on Defamation Counterclaim. Dkt. #117. Ms. Ferguson's filed her first motion to dismiss this counterclaim on March 29, 2018. Dkt. #58. The Court denied that Motion and made several rulings. Dkt. #85. Specifically, the Court found that "Ms. Ferguson's statements will be defamation per se if she is unable to prove the truth of her statements," and that "Mr. Waid's defamation claim can be actionable without proof of damages." *Id*. at 6. The Court found that Mr. Waid is not a public figure but a private individual for purposes of defamation law, and therefore could succeed on this claim under a negligence standard of fault. *Id*. at 7. The Court noted in dicta that "when defamation derives from negligence, rather than actual malice, a plaintiff may recover only for actual damages," and that "a trier of fact cannot

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT ON DEFAMATION CLAIM - 1

presume damages under the libel per se doctrine unless liability is based on malice rather than negligence." *Id*. at 7 n.3 (citing *Whiton v. Oregon Labor Press Publ'g Co.*, 1998 Wash. App. LEXIS 880, *28 (1998)). The Court concluded as a matter of law that Ms. Ferguson made statements of fact, not opinion, when she stated that Mr. Waid engaged in fraudulent and criminal activity. *Id*. at 8. The Court found that questions of fact remained and precluded summary judgment on this claim, specifically as to the truth of the underlying statements at issue. *Id*. at 8–10.

Ms. Ferguson moves again for summary judgment on this claim, arguing that Mr. Waid cannot establish actual damages, or that he is seeking only presumed damages under a defamation per se theory, and that therefore this claim fails. Dkt. #117. As an initial matter, it is clear from the Court's prior rulings that Mr. Waid's claim can proceed without actual damages if he establishes actual malice. On this basis alone this Motion can be denied, with any remaining issues to be determined by motions in limine or a discussion of jury instructions. However, the Court will take the opportunity now to decide whether Mr. Waid is permitted to proceed under the negligence standard of fault without evidence of actual damages.

The case *Maison de France, Ltd. v. Mais Oui!, Inc.*, 126 Wash. App. 34, 108 P.3d 787 (2005) is directly on point. In that case, the Court of Appeals cited to *Dun & Bradstreet, Inc., v. Greenmoss Builders, Inc.*, 472 U.S. 749, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985) to hold that "where no matters of public concern are involved, presumed damages to a private plaintiff for defamation without proof of actual malice may be available." 126 Wash. App. at 54. The plaintiff in *Dun & Bradstreet* was a private figure, as opposed to a public figure, and the statements involved no issue of public concern. *Id*. at 53. This case demonstrates an exception to the law as stated by *Whiton, supra*.

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT ON DEFAMATION CLAIM - 2

Mr. Waid argues that "the Court already has found that Defendant is a private individual" and that "Plaintiff fails to argue or present any evidence that the defamatory per se statements here involved matters of public concern." Dkt. #119 at 6. Mr. Waid cites *Vern Sims Ford, Inc. v. Hagel*, 42 Wash. App. 675, 713 P.2d 736 (1986) and *Maison, supra* as cases with similar fact patterns where the Court found the statements did not involve matters of public concern. On Reply, Ms. Ferguson relies exclusively on a lengthy citation to *Obsidian Financial Group, LLC v. Cox*, 740 F.3d 1284 (9th Cir. 2014). Ms. Ferguson does not provide any analysis as to the facts of her case, except to state, "Ms. Ferguson's AVVO postings involve matters of public concern." Dkt. #121 at 3–4.

The Court has already found that Mr. Waid was a private individual, and finds now that the statements at issue closely match the fact pattern of *Vern Sims Ford* and *Maison*. The Court finds that the statements here likewise involved a private business dispute between Ms. Ferguson and Mr. Waid. *Obsidian* is factually distinct, as it dealt with blog statements alleging a court-appointed trustee was committing tax fraud while administering the assets of a company in a Chapter 11 reorganization, and calling for the IRS and the Oregon Department of Revenue to investigate. 740 F.3d at 1291–92. Here, the statements at issue alleged that Mr. Waid was retained in a contract dispute matter, that he "is a… fraud" and "should be prosecuted as a white collar criminal" and that he engaged in "malpractice, false and deceptive business practices, and fraud." Dkt. #85 at 2 (citing the record). These statements indicate a much more private business dispute than in *Obsidian* and generally fail to indicate actual criminal behavior as opposed to tortious behavior. Without further analysis from Ms. Ferguson as to the facts of her case, the Court must conclude that she has failed to meet her burden on summary judgment. The Court is convinced that Ms. Ferguson's statements did not involve

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT ON DEFAMATION CLAIM - 3

matters of public concern as a matter of law, and therefore Mr. Waid is permitted to proceed under the negligence standard of fault without evidence of actual damages.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Ms. Ferguson's Motion for Summary Judgment on Defamation Counterclaim, Dkt. #117, is DENIED. Mr. Waid is permitted to argue at trial the negligence standard of fault for his defamation counterclaim without evidence of actual damages. The Court finds that further sanctions under 28 U.S.C. §1927 are not warranted against Ms. Ferguson.

DATED this 17 day of October, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT ON DEFAMATION CLAIM - 4