UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA L. FERGUSON,

    Plaintiff,

v.

BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,

    Defendants.

Case No. C17-1685 RSM

ORDER RE: MOTIONS IN LIMINE

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff/Counter-Defendant Sandra Ferguson's Motions in Limine (Dkt. #149), and Defendant/Counter-Plaintiff Brian J. Waid Motions in Limine (Dkt. #147). For the reasons set forth below, these Motions are GRANTED, DENIED, and DEFERRED.

## II.    MS. FERGUSON'S MOTIONS IN LIMINE

1. Ms. Ferguson first moves to "exclude evidence relating to civil harassment counterclaim and for dismissal of the counterclaim due to lack of subject matter jurisdiction." Dkt. #149 at 2. This is essentially a motion for summary judgment filed after the deadline. Although the issue of subject matter jurisdiction may be raised at

ORDER RE: MOTIONS IN LIMINE - 1

any time, the Court has already analyzed and ruled on this claim. *See* Dkt. #94. Ms. Ferguson brings no new facts to the Court's attention that would cause the Court to suddenly realize it lacked subject matter jurisdiction after it previously ruled. The Court agrees with Mr. Waid that RCW 10.14.150 provides this Court with concurrent original jurisdiction over this claim. The Court has supplemental jurisdiction over this related state law claim under federal law as well. Any evidentiary issues related to the civil harassment claim can be dealt with at the bifurcated bench trial (see below). This Motion is DENIED.

2. Ms. Ferguson next moves to "exclude evidence of conduct protected under the anti-SLAPP statute." Dkt. #149 at 5. Ms. Ferguson is referring to her King County lawsuits against Mr. Waid, sworn testimony in prior actions, her AVVO posts and statements to the bar association. *Id*. at 6. Mr. Waid asserts that Ms. Ferguson failed to meet and confer about this Motion as required by LCR 7(d)(4). Dkt. #151 at 6 (citing Dkt. #152 ("Bilanko Decl."), ¶ 2). The Court finds that this Motion is improperly brought without meeting and conferring. This Motion is therefore DENIED. Even if the parties did meet and confer on this, the Court finds that Ms. Ferguson is relying on a statute that has been ruled unconstitutional by the Washington State Supreme Court. *See Davis v. Cox*, 183 Wash.2d 269, 295, 351 P.3d 862, 874 (2015). Furthermore, this issue should have been raised by Ms. Ferguson earlier than the eve of trial and is not a proper motion in limine.

3. Ms. Ferguson moves for bifurcation of Mr. Waid's counterclaims, and that the civil harassment counterclaim be heard by the Court. Mr. Waid agrees to this plan. The

ORDER RE: MOTIONS IN LIMINE - 2

Court will conduct a jury trial for the defamation counterclaim, followed by a bench trial for the civil harassment counterclaim. This Motion is GRANTED.

4. Ms. Ferguson moves to exclude evidence or argument pertaining to "presumed damages" under the Fourteenth Amendment's Due Process Clause. Dkt. #149 at 8. Mr. Waid asserts that Ms. Ferguson failed to meet and confer about this Motion as required by LCR 7(d)(4). Dkt. #151 at 7 (citing Dkt. #152 ("Bilanko Decl."), ¶ 3). The Court finds that this Motion is improperly brought without meeting and conferring. The Court has already addressed Mr. Waid's right to seek presumed damages. *See* Dkts. #85 and #150. Presumed damages are to be compensatory and are not punitive damages. Certain issues raised by Ms. Ferguson may be resolvable at the jury instruction stage. This Motion is DENIED.

5. Ms. Ferguson moves to exclude evidence or argument of presumed damages "because the AVVO posts are speech on matters of public concern." Dkt. #149 at 9. The Court has already ruled that the AVVO posts were not speech on matters of public concern, *see* Dkt. #150. This Motion is DENIED.

### III.    MR. WAID'S MOTIONS IN LIMINE

1. Mr. Waid first moves to exclude witnesses from the courtroom while not testifying. Ms. Ferguson agrees. This Motion is GRANTED.

2. Mr. Waid moves to exclude documents and information that were not produced in discovery. Mr. Waid states:

   As an initial matter, Ferguson's responses to discovery were untimely, and she therefore waived any objections to the discovery requests. When Ferguson finally provided discovery responses, she refused to answer interrogatories and refused to produce documents. Rather, she simply asserted Waid already had all the relevant documents and information in his possession, directed Waid to the entirety of her 88-page declaration filed in support of her first defamation counterclaim summary judgment motion, and

directed Waid to the 2,000-plus pages of documents filed in support of her first defamation counterclaim summary judgment motion.

Dkt. #147 at 4. Mr. Waid details his frustrations with Ms. Ferguson and her failing to adequately supplement her discovery responses in a timely fashion. *Id*. at 5. "No documents were produced [prior to the discovery deadline.]" *Id*. Mr. Waid asks to exclude "all documents contained in FERG 1-14,616, FERG.SUPP1.1-1975, FERG, SUPP 2, 1-63 and all documents filed in support of Ferguson's first summary judgment motion on the defamation claim." *Id*. at 7. In Response, Ms. Ferguson states that "it appears that Ms. Ferguson produced the documents listed." Dkt. #153 at 2. Ms. Ferguson does not respond to the fact that such documents were produced after the discovery deadline and in no organized fashion. She does not explain why such was substantially justified or harmless. The Court finds that these documents are properly excluded from trial under Rule 37. Mr. Waid also moves to exclude witnesses Peter Jarvis and Richard Kilpatrick as they were not disclosed as expert witnesses and have no personal knowledge to testify as fact witnesses. *Id*. (citing Dkts. #58-1 and #60-4). Ms. Ferguson contends that Peter Jarvis is a fact witness because "[h]e provided information to Ms. Ferguson which forms part of the factual basis for her views about Mr. Waid." *Id.* at 3. Ms. Ferguson does not present further explanation, instead pointing the Court to a 121-page declaration. The Court has reviewed that declaration and finds no evidence to support Mr. Jarvis as a fact witness in this case. Instead, these materials, which are not explained by Ms. Ferguson's counsel in any fashion, indicate that information provided to Ms. Ferguson by Mr. Jarvis was solely expert opinion.[1] Ms. Ferguson attaches declarations of Mr. Jarvis where he was retained as an expert witness

---

[1] Mr. Jarvis writes "I have been retained to express expert opinions on behalf of Sandra L. Ferguson… in this matter." Dkt. #29-2 at 66. Mr. Jarvis was paid $500 an hour for his time. *Id*. at 66 n.2.

ORDER RE: MOTIONS IN LIMINE - 4

in two prior cases. Ms. Ferguson has previously stated that she intended to use Mr. Jarvis in *this* case "as an expert witness at trial." Dkt. #58-1 at 74. Turning to Mr. Kilpatrick, in Dkt. #58-1 Ms. Ferguson stated that he could testify as an expert *and* fact witness in this case "concerning his personal knowledge of the facts related to Waid's sudden withdrawal [as her counsel] on February 10, 2012." *Id*. at 75. The Court has reviewed the remainder of that document, and finds that she says she contacted Mr. Kilpatrick seeking legal counsel, although he never represented her. She later retained him as an expert witness in a prior matter to critique Mr. Waid's legal representation of her. *See* Dkt. #60-4 at 72–83. Mr. Kilpatrick's knowledge of the events in this case would be almost entirely hearsay. He may be able to testify as to his brief communications with Mr. Waid after Ms. Ferguson contacted him, however Ms. Ferguson has completely failed to explain why such would be relevant. It is infinitely more likely that Mr. Kilpatrick would be called to express his expert opinion as to the conduct of Mr. Waid. Ms. Ferguson cannot present expert witnesses that were not timely disclosed. She cannot present experts she retained in prior cases as fact witnesses in this case—they have no personal knowledge of events at issue. The Court further finds that Ms. Ferguson's counsel has intentionally deceived the Court. By signing Ms. Ferguson's response brief stating that "Mr. Jarvis is a fact witness" and "Mr. Kilpatrick is likewise a fact witness," Mr. Muenster has violated Rule 11(b). The Court will provide Mr. Muenster an opportunity to respond to this at the outset of trial. If he fails to explain the above unwarranted legal position and factual contentions, the Court will impose an appropriate sanction against Mr. Muenster personally. Given all of the above, this Motion is GRANTED.

3. Mr. Waid moves to exclude certain evidence under FRE 401 and 403:

   a. <u>Communications from Ms. Ferguson to the WSBA</u>. Mr. Waid fails to adequately explain the communications at issue. Mr. Waid is free to move at trial if he feels a line of questioning is more prejudicial than probative. This Motion is DENIED as unclear.

   b. <u>Evidence of actions or events that Ms. Ferguson learned about after the first Avvo posting</u>. As Ms. Ferguson herself suggests, she must seek leave of the Court before introducing after-acquired information. This Motion is GRANTED.

   c. <u>Evidence of emotional distress or other harm incurred by Ms. Ferguson</u>. The Court finds that Ms. Ferguson may introduce evidence and testimony of harm that forms the basis of her allegedly defamatory statements; such is necessary background for this case. This Motion is DENIED.

   d. <u>Evidence of irrelevant facts in the underlying fee dispute and the underlying SEBS matter</u>. Mr. Waid urges the Court to avoid a relitigation of issues ruled on in these prior cases. Ms. Ferguson does not respond. The Court urges the parties and their counsel to diligently avoid the relitigation of issues already ruled on by this Court and in prior actions. This Motion is GRANTED.

   e. <u>Prejudicial terms</u>. The Court finds that the prejudicial terms listed by Mr. Waid are relevant because this is a case about what Ms. Ferguson has said about Mr. Waid, using many of the same terms. Such terms have been used by both parties in Court filings. This Motion is DENIED.

   f. <u>Evidence, except the defamatory statements, that references Ms. Ferguson or Ms. Oppe's malpractice claims against Waid in prior lawsuits</u>. The Court finds that

such prior malpractice claims are relevant because they were part of the basis for her allegedly defamatory statements and her truth defense. Any confusion the jury may experience with the interplay between the RPCs and these malpractice claims can be addressed by Mr. Waid's counsel. This Motion is DENIED.

g. <u>Evidence related to alleged discrimination and constitutional violations by the Washington Lawyer Discipline system by Waid or the WSBA</u>. Ms. Ferguson's claims on these topics have been deemed frivolous and meritless by this Court. Such evidence is more prejudicial than probative in the defamation case before the jury. This Motion is GRANTED.

h. <u>Evidence related to the fact that Carole La Roche filed a lawsuit against Waid</u>. Mr. Waid argues that the La Roche lawsuit was dismissed on summary judgment before the Avvo posts, therefore it is irrelevant to the truth defense. Ms. Ferguson alleges that Mr. Waid failed to disclose Ms. La Roche in discovery. The Court finds that, based on the record before it, Ms. La Roche's prior lawsuit against Waid is far more prejudicial than probative and is properly excluded under FRE 403. This Motion is GRANTED.

i. <u>Evidence of discovery abuse in a prior state court action</u>. Accusations of a discovery abuse in a prior action are irrelevant and more prejudicial than probative. This Motion is GRANTED.

j. <u>Evidence of Ms. Ferguson's financial condition</u>. Mr. Waid argues that such was not produced in discovery and is more prejudicial than probative as it is designed to elicit an emotional response from jurors. The Court agrees. Ms. Ferguson can testify about the factual circumstances of the withholding of the $265,000 at

ORDER RE: MOTIONS IN LIMINE - 7

issue without going into her financial condition at that time or the present time. This Motion is GRANTED.

  k. <u>Evidence or testimony outside of Ms. Ferguson's personal knowledge or that is speculative or offers legal opinions</u>. Mr. Waid is free to raise such objections at trial. This Motion is DEFERRED.

4. Mr. Waid asks the Court to take judicial notice of the following adjudicative facts: "1) that, prior to Ferguson filing a lawsuit against Teller, Teller took the position that Ferguson may be entitled to less than 50% or even nothing [citing a petition filed in King County Superior Court]; 2) on December 30, 2013, the Washington Court of Appeals determined that Waid's lien was valid pursuant to the parties' fee agreement and under RCW 60.40; and 3) the Washington Supreme Court decision in *In re Disciplinary Proceeding Against Ferguson*, 170 Wn.2d 916, 246 P.3d 1236 (2011)." Dkt. #147 at 19. In Response, Ms. Ferguson states only: "The authenticity of the rulings is not disputed. Their admissibility in the defamation and civil harassment trials is disputed." Dkt. #153 at 17. Ms. Ferguson provides no further argument or explanation. This Motion is GRANTED.

5. Finally, Mr. Waid moves to bifurcate trial. The Court has already addressed this above. This Motion is GRANTED.

## IV. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the above Motions in Limine (Dkts. #147 and #149) are GRANTED,

//

ORDER RE: MOTIONS IN LIMINE - 8

DENIED, AND DEFERRED as stated above.

DATED this 2nd day of November 2018.

*[signature]*
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE