UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>                  Plaintiff,<br><br>    vs.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>                  Defendants. | NO. 2:17-cv-1685-RSM<br><br>**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF** |

## I.     INTRODUCTION

Counter-Plaintiff Brian Waid ("Mr. Waid") filed counterclaims against Counter-Defendant Sandra Ferguson ("Ms. Ferguson") for defamation *per se* and civil harassment stemming from Ms. Ferguson's repeated publication of defamatory statements on the internet which impugn the character and reputation of Mr. Waid by accusing him of fraud, violations of the rules of professional conduct for lawyers, and criminal activity. Mr. Waid's cause of action for civil harassment is supported by both the repeated publication of the defamatory statements identified above as well as Ms. Ferguson's repeated filing of meritless lawsuits against Mr. Waid over the course of the past four years.

**COUNTER-PLAINTIFF BRIAN J. WAID'S
TRIAL BRIEF - 1**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, &
BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

The evidence presented at trial by Mr. Waid will establish both that the defamatory statements repeatedly published by Ms. Ferguson were untrue at the time they were made, that they remain untrue today, and that Ms. Ferguson was negligent in her publication of those statements. The evidence will also establish that Ms. Ferguson's repeated publication of defamatory statements and filing of meritless lawsuits against Mr. Waid is a knowing and willful course of conduct directed at Mr. Waid which seriously alarmed, annoyed, harassed, and was detrimental to Mr. Waid and which served no legitimate or lawful purpose. The course of action undertaken by Ms. Ferguson would cause a reasonable person to suffer substantial emotional distress and actually caused substantial emotional distress to Mr. Waid.

Ms. Ferguson, through counsel, filed a memorandum on the eve of trial waiving her right to a jury trial and waiving her right to present evidence at trial. These waivers were subsequently confirmed by Ms. Ferguson's counsel at the pre-trial conference on November 7, 2018.

## II. RELEVANT FACTS

### A. Publication of Defamatory Statements

On or before August 8, 2017, Ms. Ferguson published a statement on Mr. Waid's AVVO.com webpage which stated:

> I am an attorney. However, the opinions expressed in this review are based on my personal experience as a former client of this attorney, Brian J. Waid. I consulted and retained Brian Waid in April 2011 regarding a contact dispute matter. He represented me until December 10, 2012, the date he abandoned me on a false pretext while an important motion was pending. Let me state it unequivocally: Brian J. Waid is a PREDATOR and a FRAUD. He should be prosecuted as a white collar criminal. However, this decision is not within my control. But I can write this review to warn and hopefully, prevent others from becoming future victims of Attorney Waid. I am not Waid's only victim. I assisted one of his other clients to find capable counsel. We have both filed civil suits against Waid for malpractice, false and deceptive business practices, and fraud. . . . Here is what Waid did to me: (1) he failed to enforce my priority lien over the money that was in dispute; (2)

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF - 2**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

> he advised me to file a lawsuit instead of using a more cost-effect [sic] procedure that was available, so that he could fraudulently charge, bill and collect fees from me for his worthless legal services; (3) he concealed and failed to disclose to me that he had a conflict of interest; (4) he deposited and left $265,000 of my money in the court registry. . . he [] abandoned me, lying to the court so that he would be allowed to withdraw over my objections. . . . By similar methods, Waid's other client-victim was bilked of hundreds of thousands of dollars by Waid and his co-counsel.

Ms. Ferguson repeated these statements in a second internet posting on August 11, 2017, that was titled "This Lawyer Reported for Fraud." In addition to the above statements, the second posting also stated that Mr. Waid "violated the professional ethics rules," and had been reported by her "to the Washington State Bar Association and to law enforcement authorities for engaging in criminal conduct (fraud)." Ms. Ferguson admits to publishing these statements.

At trial, the evidence will demonstrate Ms. Ferguson knew or should have known that each of the statements contained in her defamatory publications were not true at the time of publication because she was present at the time of each specific action and had knowledge of their falsity. For example:

1. **"He abandoned me on a false pretext while an important motion was pending."**

   **"He immediately abandoned me, lying to the court, so that he would be allowed to withdraw over my objections."**

   **"He withdrew without proper notice and lied to the court so that he would be permitted to withdraw, leaving me to fend for myself against the sanctions claim which was his fault."**

The evidence at trial will show that Ms. Ferguson knew or should have known that these statements were untrue when she published them because at the hearing on the issue of Mr. Waid's withdrawal as her attorney, the King County Superior Court reviewed the e-mails between Mr. Waid and Ms. Ferguson and noted that the e-mails between them accurately reflected Mr. Waid's version of the events that lead to his withdrawal.

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF - 3**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

**2. "He plead the wrong claims on my behalf and failed to plead the right ones."**

**"After five months of charging and billing me for litigation, he stood up in court without my advance knowledge and consent and conceded that the claims should have never been filed in the first place."**

**"He lost my case although it could have been won if he had brought the correct claims."**

**"He pled the wrong claims instead of the correct claims when he filed the unnecessary lawsuit."**

**"After five months of litigation for which he charged and billed me, he stood up in open court without my advance knowledge or consent, and conceded that he brought the wrong claims to begin with."**

The evidence at trial will show that Ms. Ferguson knew or should have known that these statements were untrue when she published them because the causes of action pled in the complaint were approved by her and in some instances were based on legal theories developed by her. She also had prior knowledge of any strategy decisions to concede claims and approved of such concessions.

**3. "He Failed to enforce my priority lien over the money that was in dispute"**

**"I had a priority lien over 90% of the $530,000 that was the subject of the disagreement; however, Waid failed to use a procedure available to foreclose on my lien."**

The evidence at trial will show that Ms. Ferguson knew or should have known that these statements were untrue when she published them because a lien dispute existed between her and her co-counsel, and there was never a legal or factual determination by a court that she had a priority lien over any amount of money.

**4. "He advised me to file a lawsuit instead of using a more cost-effective procedure that was available, so that he could fraudulently charge, bill and collect fees from me for his worthless legal services."**

**"Instead of using a cost-effective procedure that was available to resolve the dispute, he advised me to file a costly and unnecessary lawsuit against the other**

**COUNTER-PLAINTIFF BRIAN J. WAID'S
TRIAL BRIEF - 4**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, &
BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

> **party, so that he could fraudulently charge me attorneys' fees for worthless legal services."**

The evidence at trial will show that Ms. Ferguson knew or should have known that these statements were untrue when she published them because she was aware that the trial court had rejected two attempts by the opposing party to have the lien dispute resolved summarily in the underlying case. The evidence also will show that both Orders denying the relief encouraged the parties to file a separate lawsuit to resolve the lien dispute. Furthermore, the evidence will demonstrate that Ms. Ferguson is the one who decided that filing the lawsuit to resolve the lien dispute was the best course of action.

**5. "He concealed and failed to disclose to me that he had a conflict of interest."**

**"He violated professional ethics rules by concealing the existence of a conflict of interest he had."**

Ms. Ferguson knew or should have known that these statements were untrue when she published them because her claim of a conflict of interest appears to be based on her assertion that Mr. Waid retained a financial interest in a former client's appeal after he left her former employer that there was no basis for her belief. The evidence will to the contrary. The evidence also will show that Mr. Waid sent e-mails to Ms. Ferguson disclosing the content of his discussions with this former client immediately after his discussions and she never objected to his continuing to represent her.

**6. "He deposited and left $265,000 of my money in the court registry…"**

**"He deposited and left $265,000 in the court registry, refusing my repeated requests to obtain possession and control of my own money on my behalf."**

The evidence will show that Ms. Ferguson knew or should have known that these statements were untrue when she published them because she agreed to the stipulation to deposit the funds into the Court registry and even stated in emails that doing so was her own idea. Ms. Ferguson also insisted on drafting a portion of the motion to disburse the funds from the court

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF - 5**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

registry, which she never completed, a failure that prevented a summary judgment motion for disbursement of funds from being filed.

**7. "His lien attached to my money being wrongfully held in the court registry."**

**"He filed a lien of his own which attached to my money that was being unlawfully held by him in the court registry, claiming he was owed $78,000 for his worthless legal services."**

The evidence will show that Ms. Ferguson knew or should have known that these statements were untrue when she published them because she attempted to sue Mr. Waid for civil conversion for the same activity complained of in this statement and that claim was dismissed with prejudice on summary judgment.

**8. "Let me state unequivocally: Brian J. Waid is a PREDATOR and a FRAUD."**

**"He should be prosecuted as a white-collar criminal."**

**"I assumed he was qualified and ethical. I was wrong on both counts."**

**"I have reported this attorney to law the Washington State Bar Association and to law enforcement authorities for engaging in criminal conduct (fraud)."**

The evidence will show that Ms. Ferguson knew or should have known that these statements were untrue when she published them because she also attempted to sue Mr. Waid for civil fraud and that claim was dismissed with prejudice on summary judgment. The evidence also will show that she made reports to several law enforcement agencies regarding Mr. Waid's actions but there was never any investigation or charges brought against Mr. Waid. Finally, the evidence will show that Mr. Waid has never engaged in any activity that would constitute criminal fraud under Washington law.

As relief on his defamation per se claim, Mr. Waid requests general damages for emotional harm, including but not limited to emotional distress; loss of enjoyment of life;

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF - 6**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

humiliation; emotional pain and suffering; personal indignity; embarrassment; fear; anxiety; damage to reputation; and mental anguish.

### B. Course of Conduct Constituting Civil Harassment

In addition to the repeated publication of defamatory statements described above, the evidence at trial will show that, over the past four years, Ms. Ferguson has filed, or attempted to file, four separate lawsuits against Mr. Waid. Two of those lawsuits were determined to be without legal merit and were dismissed with prejudice based on the pleadings. Another lawsuit resulted in the dismissal with prejudice of a majority of Ms. Ferguson's claims on summary judgment, and the remainder of her claims were dismissed without prejudice when Ms. Ferguson failed to appear prepared for trial. Ms. Ferguson subsequently appealed the dismissal of her claims and that appeal was dismissed for Ms. Ferugson's failure to file an opening brief. The final lawsuit, filed the day after her claims were dismissed without prejudice for failing to appear ready for trial, is currently stayed pending the outcome of the appeal.

The civil harassment claim seeks relief in the form of an injunction preventing Plaintiff from further engaging in any course of conduct that is legally determined to constitute harassment of Mr. Waid, including further publishing of defamatory statements and/or the filing of meritless lawsuits against Mr. Waid.

### III. PROCEDURAL HISTORY

The parties filed cross-motions for summary judgment on the defamation per se claim. On May 11, 2018, this Court issued an Order denying both motions for summary judgment. While the motions were denied, the Court did issue rulings on some important issues in the defamation per se claim.

> The Court finds that Ms. Ferguson's statements will be defamation per se if she is unable to prove the truth of her statements. There can be no reasonable dispute that Ms. Ferguson's statements, which she does not deny making, injured Mr. Waid in his business, trade, profession, or office. The statements were directed at Mr.

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF - 7**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

> Waid as a legal professional, intending to discourage any potential clients. Her statements also clearly and unquestionably impute to Mr. Waid criminal conduct involving moral turpitude by accusing him of fraud, malpractice, false and deceptive business practices, and of being a white collar criminal. Accordingly, Mr. Waid's defamation claim can be actionable without proof of damages.

The Court further concluded that Mr. Waid is a private individual.

> The Court finds that Mr. Waid is not a limited-purpose public figure solely because he has an Avvo.com profile. The Avvo.com profile is akin to advertising of services for a business. Further, there is no evidence that Mr. Waid took voluntary and significant action to move from a private person to a public person with regard to this controversy. Accordingly, as a private individual, Mr. Waid need only prove a negligence standard of fault.

Ms. Ferguson subsequently filed a second motion for summary judgment on the defamation per se counterclaim. The Court issued an Order denying this second summary judgment motion on October 17, 2018. In its Order, the Court held that the statements published by Ms. Ferguson involved a private business dispute rather than a matter of public concern.

> The Court has already found that Mr. Waid was a private individual, and finds now that the statements at issue closely match the fact pattern of *Vern Sims Ford* and *Maison*. The Court finds that the statements here likewise involved a private business dispute between Ms. Ferguson and Mr. Waid… The Court is convinced that Ms. Ferguson's statements did not involve matters of public concern as a matter of law, and therefore Mr. Waid is permitted to proceed under the negligence standard of fault without evidence of actual damages… Mr. Waid is permitted to argue at trial the negligence standard of fault for his defamation counterclaim without evidence of actual damages.

## IV. ISSUES OF LAW

### A. Defamation Per Se Claim

Under Washington State law, to prevail on a defamation claim, a plaintiff generally has the burden to prove the following elements: (1) a false statement, (2) the statement was unprivileged, (3) fault, and (4) the statement proximately caused damages. *See Mark v. Seattle*

**COUNTER-PLAINTIFF BRIAN J. WAID'S
TRIAL BRIEF - 8**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, &
BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

*Times*, 96 Wash.2d 473, 486, 635 P.2d 1081 (1981); *Mohr v. Grant*, 153 Wash.2d 812, 822, 108 P.3d 768 (2005).

However, "defamatory words spoken of a person, which in themselves prejudice him in his profession, trade, vocation, or office, are slanderous and actionable per se unless they are either true or privileged." *Id.* at n. 1 (quoting *Waechter v. Carnation Co.,* 5 Wash. App. at 126, 485 P.2d 1000 (1971). Statements that are defamatory per se are presumed to be false. *Roper v. Mabry*, 15 Wash. App. 819, 824 n. 3, 551 P.2d 1381, 1386 (1976) (finding a jury instruction that "The law presumes that defamatory statements that are slander per se are false" was proper statement of law). "Truth is an absolute defense to a per se defamatory statement." *Maison de France, Ltd.*, 126 Wash. App. at 44. "With respect to falsity, . . . [a] defendant need only show that the statement is substantially true or that the gist of the story, the portion that carries the 'sting', is true." *Mohr*, 153 Wash.2d at 825 (internal citations and quotations omitted).

"A defamatory publication is [defamatory] per se (actionable without proof of special damages) if it (1) exposes a living person to hatred, contempt, ridicule or obloquy, to deprive him of the benefit of public confidence or social intercourse, or (2) injures him in his business, trade, profession or office." *Maison de France, Ltd. v. Mais Oui!, Inc.*, 126 Wash. App. 34, 44, 108 P.3d 787 (2005) (quoting *Caruso v. Local 690, Int'l Bhd. of Teamsters*, 100 Wash.2d 343, 353, 670 P.2d 240 (1983). "A publication is also [defamatory] per se if it imputes to the plaintiff criminal conduct involving moral turpitude." *Id.* In addition, a statement is defamatory per se if it accuses an attorney of violating rules of professional conduct. *See Grayson v. Ressler & Ressler*, 271 F.Supp.3d 501, 518 (S.D.N.Y. 2017) ("Statements that constitute defamation *per se* with regards to attorneys include those statements which show lack of character or a total disregard of professional ethics, for example, statements that indicate an attorney has been disloyal to the best interest of his client or statements that accuse an attorney of unprofessional conduct." (internal quotations omitted)); *Clemente v. Espinosa*, 749 F. Supp. 672, 678 (E.D.

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF - 9**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

Penn. 1990) (finding that statements relating to attorneys "are slanderous per se where they tend to show a lack of character or a total disregard of professional ethics or . . . accuse an attorney of unprofessional conduct." (internal quotations omitted)).

The standard of fault is determined by the type of plaintiff, public or private, and whether a qualified privilege exists. If the plaintiff is merely a private individual, a negligence standard of fault applies. *Caruso*, 100 Wash.2d at 352. A defendant is negligent in making defamatory per se statements if the defendant knew or, in the exercise of ordinary care, should have known that the statement was false or would create a false impression in some material respect. *Maison de France, Ltd.*, 126 Wash. App. at 44; *Vern Sims Ford, Inc. v. Hagel,* 42 Wash. App. 675, 680, 713 P.2d 736 (1986). Actual malice is a heightened standard of fault that applies if a the subject person is a public figure or a qualified privilege exists; malice is "knowledge of the falsity or reckless disregard of the truth or falsity of the statement." *Maison de France, Ltd*, 126 Wash. App. at 44 (internal quotations omitted).

If statements are defamatory per se, damages are presumed, and no proof of actual damages is required. *Maison de France, Ltd.*, 126 Wn. App. at 54. "[W]here no matters of public concern are involved, presumed damages to a private plaintiff for defamation without proof of actual malice may be available." *Id.*

At trial Ms. Ferguson will not be able to prove the truth of the statements she published in the Avvo reviews. Mr. Waid did not engage in the criminal, fraudulent, and unethical conduct of which Ms. Ferguson accuses him. Mr. Waid has not violated any Washington state criminal laws. Nor has Mr. Waid violated the Rules of Professional Conduct governing attorneys. Additionally, at trial, Mr. Waid will prove that Ms. Ferguson's statements were not only negligent but also were made with actual malice. She had personal knowledge of all the relevant events, testimony, and court decisions before she published her false statements and therefore knew that such statements were in fact false accusations of criminal and unethical conduct at the

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF - 10**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

time she published them. Therefore, Mr. Waid is entitled to an award of presumed general damages.

### B. Civil Harassment Claim

Under Washington law, "unlawful harassment" is defined as a

> knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serve no legitimate or lawful purpose. The course of conduct shall be such as would cause a reasonable person to suffer substantial emotional distress, and shall actually cause substantial emotional distress to the petitioner."

RCW 10.14.020(2). Under the same statutory provision, a "course of conduct" is defined as

> a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose… [and] includes, in addition to any other form of communication, contact, or conduct, the sending of an electronic communication, but does not include constitutionally protected free speech.

RCW 10.14.020(1). Course of conduct includes all "form[s] of communication, contact, or conduct" that is not constitutionally protected activity. *Id.*

Defamatory statements are not constitutionally protected activity. *See Vern Sims Ford, Inc. v. Hagel*, 42 Wn. App. 675, 683-84, 713 P.2d 736, 741 (1986) (finding that "[a]ccusations of criminal activity, *even in the form of opinion,* are not constitutionally protected" (emphasis in original)); *Duc Tan v. Le*, 177 Wash.2d 649, 666, 300 P.3d 356, 365 (2013) (finding defamatory statements were not protected by the First Amendment); *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743, 103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983) ("[F]alse statements are not immunized by the First Amendment right to freedom of speech.").

Likewise, "suits based on insubstantial claims—suits that lack . . . a 'reasonable basis. . . . are not within the scope of First Amendment protection." *Id. See also Davis v. Cox*, 183 Wash.2d 269, 291, 351 P.3d 862 (2015) ("The only instance in which this

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF - 11**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

petitioning activity may be constitutionally punished is when a party pursues frivolous litigation, whether defined as lacking a reasonable basis, or as sham litigation." (internal quotations and citations omitted)); *Pruitt v. City of Arlington*, No. C08-1107 MJP, 2009 WL 481293, at *1 (W.D. Wash. Feb. 23, 2009) ("Even if lawsuits generally are protected speech, the lawsuits covered by the Washington statute [governing malicious prosecution claims] concern suits that are false and unfounded. Baseless litigation, motivated by unlawful purpose, is not protected by the First Amendment.").

Ms. Ferguson's conduct in prosecuting her multiple actions against Mr. Waid demonstrates that they lack a reasonable basis and were brought for an improper purpose. Ms. Ferguson's history of filing complaints against Mr. Waid includes filing duplicative lawsuits in both state and federal courts. In *Ferguson I*, her first state court case, after having her claims dismissed without prejudice for failing to appear prepared for trial, Ms. Ferguson filed *Ferguson II* the next day alleging the same facts and three of the same causes of action at issue in the first lawsuit—breach of fiduciary duty, professional negligence, and CPA violations. In addition, Plaintiff appealed the dismissal of those claims, thereby maintaining an appeal and a lawsuit on the same claims against the same defendant at the same time. Then, the appeal of *Ferguson I* was dismissed because Ms. Ferguson failed to timely file her opening brief.

Similarly, in her federal court case, *Caruso/Ferguson*, Ms. Ferguson attempted to amend the complaint she had filed against the WSBA to name Mr. Waid as a defendant. This Court denied Ms. Ferguson's motion to amend the Complaint noting "even if it were procedurally proper to review the evidence and argument presented by Ms. Ferguson, such would likely not be sufficient to change the outcome of this case for the reasons articulated by Defendants in their Response." Three months later, Ms. Ferguson filed the instant action against Mr. Waid alleging causes of action for violating her civil rights in connection with his cooperation with the WSBA

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF - 12**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

investigation of Ms. Ferguson. The claims brought in the instant lawsuit were duplicative of the claims she had attempted to file against Mr. Waid in *Caruso/Ferguson*.

In addition, Ms. Ferguson has a history of bringing claims against Mr. Waid in both federal and state courts that lack a reasonable basis. In *Ferguson I*, most of Ms. Ferguson's claims were dismissed because she "failed to come forward with objective evidence, as opposed to allegations and argument." When it was time to prove her remaining two claims at a trial on the merits, Ms. Ferguson refused to go forward with trial. In *Ferguson II*, she included a cause of action that previously had been dismissed with prejudice. Moreover, the two tort causes of action in *Ferguson II* were barred by a three-year statute of limitations at the time they were filed. *See* RCW 4.16.080. Likewise, this Court issued Rule 11 sanctions against Ms. Ferguson for filing her meritless civil rights claims against Mr. Waid in the present lawsuit.

Each of these four lawsuits, along with the seven separate appeals filed by Ms. Ferguson, has caused unnecessary expense and emotional distress to Mr. Waid. In addition, in proving his defamation per se claim, Mr. Waid is presumed to have suffered emotional harm.

At trial, Mr. Waid will prove, under RCW 10.14.020, that the multiple publications of defamatory per se statements and the repeated filing of meritless claims against Mr. Waid constitute a knowing and willful course of conduct directed at Mr. Waid which seriously alarms, annoys, harasses, or is detrimental to him; serves no legitimate or lawful purpose; is such conduct that would cause a reasonable person to suffer substantial emotional distress; and actually caused Mr. Waid to suffer substantial emotional distress. Therefore, Mr. Waid is entitled to appropriate injunctive relief.

///
///
///
///

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF - 13**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

| | | |
|---|---|---|
| Dated: November 8, 2018 | | CARROLL, BIDDLE, & BILANKO, PLLC |
| | By: | */s/Jeffrey E. Bilanko* <br> Jeffrey E. Bilanko, WSBA 38829 |
| | | */s/Susan K. Kaplan* <br> Susan K. Kaplan, WSBA 40985 |
| | | Carroll, Biddle, & Bilanko, PLLC <br> 801 2nd Avenue, Suite 800 <br> Seattle, WA 98104 <br> Phone: (206) 489-5549 <br> Email: jbilanko@cbblegal.com <br> Email: skaplan@cbblegal.com <br> Attorneys for Counter-Plaintiff Brian J. Waid |

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF - 14**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549

# CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day a true and accurate copy of the document to which this declaration is affixed was filed with the above-entitled Court through CM/ECF and was sent as indicated below on this day, to:

**Attorneys for Plaintiff**:
John Muenster
Muenster & Koenig
14940 Sunrise Drive NE
Bainbridge Island, WA 98110
Tel: (206) 501-9565

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: Jmkk1613@aol.com

DATED this 8th day of November 2018.

*/s/ Stephanie M. Hosey*
Stephanie M. Hosey, Paralegal

**COUNTER-PLAINTIFF BRIAN J. WAID'S TRIAL BRIEF- 15**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 489-5549