Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN J. WAID,<br>　　　　Counter-Plaintiff,<br>　　　v.<br>SANDRA L. FERGUSON,<br>　　　　Counter-Defendant. | No. 2:17-cv-01685-RSM<br><br>COUNTER-DEFENDANT'S<br>TRIAL MEMORANDUM<br><br>Trial date: November 13, 2018 |

COMES NOW the counter-defendant, Sandra Ferguson, by and through her attorney, John R. Muenster, and provides the Court with the following trial memorandum.

I. **Waiver of jury trial and waiver of trial.**

As noted in Dkt. # 158, undersigned counsel has received and reviewed the court's order on the parties' motions in limine. Dkt. #157.  Undersigned counsel is of opinion that the rulings contained therein, considered separately or

COUNTER-DEFENDANT'S TRIAL
MEMORANDUM -1

MUENSTER & KOENIG
IN MEMORIAM:
KIM KOENIG (1956-2018)
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WA 98110
TEL: (206) 501-9565
EMAIL:  JMKK1613@AOL.COM

in conjunction with the Court's previous rulings on the summary judgment motions in this matter (Dkt. Nos. 85, 94, and 150, hereinafter "Court's rulings"), are tantamount to a directed verdict as to the defamation counterclaim. Undersigned counsel is also of opinion that the Court's rulings are tantamount to summary judgment in favor of Mr. Waid as to the civil harassment counterclaim.

In the interest of brevity, the contents of our memorandum waiving trial, Dkt. #158, are incorporated by reference herein as though fully set forth.

Ms. Ferguson makes the waivers and consents set forth in Dkt. #158, page 2, lines 16-20, and page 3, lines 1-4, to conserve resources, to expedite resolution of the disputed liability and damages issues in the trial court, and to preserve all issues she has presented in this case for appeal.

## II. The civil harassment counterclaim

**A. The two Superior Court cases do not constitute "unlawful harassment" under RCW 10.14.020(2).**

"Unlawful harassment" is defined as follows:

> (2) "Unlawful harassment" means a knowing and willful *course of conduct* directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, *and which serves no legitimate or lawful purpose.* The course of conduct shall be such as would cause a reasonable person to suffer substantial emotional distress, and shall actually cause substantial emotional distress to the petitioner, or, when the course of conduct would cause a reasonable parent to

COUNTER-DEFENDANT'S TRIAL MEMORANDUM -2

MUENSTER & KOENIG
IN MEMORIAM:
KIM KOENIG (1956-2018)
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WA 98110
TEL: (206) 501-9565
EMAIL: JMKK1613@AOL.COM

fear for the well-being of their child.

RCW 10.14.020(2) (italics supplied).

The term "course of conduct" is defined in the statute as follows:

> (1) "Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. "Course of conduct" includes, in addition to any other form of communication, contact, or conduct, the sending of an electronic communication, but does not include constitutionally protected free speech. *Constitutionally protected activity is not included within the meaning of "course of conduct."*

RCW 10.14.020(1) (italics supplied).

**1. Superior Court case #14-2-29265-1.** Mr. Waid alleges this case ("Ferguson I") as part of his "civil harassment" counterclaim. *See* Dkt. #6, ¶¶8, 12, 13, 22(n), page 19, lines 8-16. Mr. Waid admits that his motion for summary judgment in Ferguson I was denied as to two claims. See Dkt. #6, ¶13, page 3, lines 24-25. The two claims going forward are major claims: malpractice and violation of the state Consumer Protection Act. *See* Exhibit 1, Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, 6-19-2015. The survival of the claims past summary judgment demonstrates that Ferguson I "serves [a] legitimate and lawful purpose." It does not constitute "unlawful harassment" under RCW 10.14.020(2).

Also, Ms. Ferguson's filing of the case, with two meritorious claims surviving summary judgment, is protected by Constitution's right of access to

COUNTER-DEFENDANT'S TRIAL
MEMORANDUM -3

MUENSTER & KOENIG
IN MEMORIAM:
KIM KOENIG (1956-2018)
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WA 98110
TEL: (206) 501-9565
EMAIL: JMKK1613@AOL.COM

the courts. It is "constitutionally protected activity" within the meaning of RCW 10.14.020(1). Accordingly, "Ferguson I" does not qualify as part of a "course of conduct" of "unlawful harassment" for purposes of the "civil harassment" counterclaim.[1]

**2. Superior Court case #15-2-28797-4 SEA.** Mr. Waid alleges this case ("Ferguson II") as part of his "civil harassment" counterclaim. *See* Dkt. #6, ¶¶8, 13, 22(n), page 19, lines 8-16. Mr. Waid appears to admit that the claims which survived summary judgment in Ferguson I are contained in the Ferguson II complaint. *Ibid*, page 19, lines 10-12. It appears that Ferguson II has been stayed pending Mr. Waid's appeal of adverse rulings against him in Ferguson I. These facts demonstrate that Ferguson II "serves [a] legitimate and lawful purpose." RCW 10.14.020(2). It does not constitute "unlawful harassment" under the statute. *Ibid*.

Like Ferguson I, Ms. Ferguson's filing of Ferguson II, with the two meritorious claims that survived summary judgment in Ferguson I, is protected by Constitution's right of access to the courts. It is "constitutionally protected activity" within the meaning of RCW 10.14.020(1). Accordingly, Ferguson II does not qualify as part of a "course of conduct" of "unlawful harassment" for purposes of the "civil harassment" counterclaim.

---

[1] Ferguson I was dismissed without prejudice by Judge Ramseyer. *See* Exhibit 2. Waid's motion to dismiss the case with prejudice was denied by the trial court. *See* Order Denying Defendant's Motion for Dismissal with Prejudice, King County #14-2-29265-1SEA, Sub.# 357, 12-31-2015.

COUNTER-DEFENDANT'S TRIAL MEMORANDUM -4

MUENSTER & KOENIG
IN MEMORIAM:
KIM KOENIG (1956-2018)
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WA 98110
TEL: (206) 501-9565
EMAIL: JMKK1613@AOL.COM

**B.  Ms. Ferguson's sworn statements made in litigation are protected by witness immunity and are not "unlawful harassment".**

Mr. Waid alleges sworn statements by Ms. Ferguson as part of his "civil harassment" counterclaim.  *See* Dkt. #6, ¶21, ¶22(a) through (e), (g) through(i), and (k) through (m), pages 16-19.

Mr. Waid's counterclaim cites Mr. Waid's letter to Ms. Congalton at the bar association as an exhibit.  The letter in turn appears to cite exhibits which mostly appear to be sworn statements, declarations and/or deposition testimony in the Ferguson I case.  Mr. Waid says the statements are not true.  However, as noted above, the two main claims of malpractice and violation of the Consumer Protection Act survived summary judgment in Ferguson I, and now await disposition as part of Ferguson II.

The sworn statements do not fit the definition of "unlawful harassment" in RCW 10.14.020(2).  The testimony "serves [a] legitimate and lawful purpose." *Ibid*.  The testimony Ms. Ferguson gave in Ferguson I would appear to be constitutionally protected activity as part of the right of access to the courts, not an unlawful "course of conduct". *See* RCW 10.14.020(1).[2]

Finally, liability in this counterclaim for the sworn testimony appears to be barred by the doctrine of witness immunity.  *See Bruce v. Byrne-Stevens & Assoc. Eng'rs*, 113 Wash.2d 123, 124, 776 P.2d 666, 667(1989).  Accordingly, the sworn testimony does not qualify as part of a "course of conduct" of "unlawful harassment" for purposes of the "civil harassment" counterclaim.

---

[2]  In the opinion of undersigned counsel, there is no "constitutional right to lie".  Here the parties vigorously dispute the truthfulness of each other's statements.  The burden of proof in this civil harassment claim rests on Mr. Waid.

COUNTER-DEFENDANT'S TRIAL MEMORANDUM -5

MUENSTER & KOENIG
IN MEMORIAM:
KIM KOENIG (1956-2018)
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WA 98110
TEL: (206) 501-9565
EMAIL:  JMKK1613@AOL.COM

RCW 10.14.020(1) and (2), *supra*.

**C. Ms. Ferguson's statements to the bar association are protected by ELC 2.12 and are not "unlawful harassment".**

Mr. Waid seeks to sue Ms. Ferguson based upon her statements to the state bar association. See Docket #6, page 14, ¶ 6, lines 15-17; page 19, ¶o, lines 17-19. Ms. Ferguson is immune pursuant to ELC 2.12. The immunity rule establishes that such communications "serve [a] legitimate or lawful purpose". Her statements to the bar association do not constitute "unlawful harassment" under RCW 10.14.020(2). Such communications would also appear to be constitutionally protected, and thus not part of an unlawful "course of conduct" under RCW 10.14.020(1).

**III. The defamation counterclaim.**

**A. Mr. Waid does not have actual damages.**

Mr. Waid's defamation counterclaim is based upon Ms. Ferguson's AVVO postings. *See Order*, Dkt. No. 85, page 1, lines 23-26; and page 2. Mr. Waid's testimony re his claimed damages on his defamation counterclaim is excerpted as Exhibit A to the *Documents Declaration of John Muenster in support of our summary judgment motion to dismiss the defamation counterclaim,* Dkt. #118 deposition pages 93-104 and 130 (hereinafter "*Excerpts*"). The testimony is summarized as follows:

(1) Mr. Waid is asserting "presumed damages, general damages, presumed general damages, if you will, for defamation per se." *Excerpts*, page 93, lines 8-12.

COUNTER-DEFENDANT'S TRIAL MEMORANDUM -6

MUENSTER & KOENIG
IN MEMORIAM:
KIM KOENIG (1956-2018)
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WA 98110
TEL: (206) 501-9565
EMAIL: JMKK1613@AOL.COM

(2) The dollar amount for "presumed damages" he is claiming "will be well into seven figures". *Excerpts*, page 94, lines 22-25; page 95, lines 1-4.

(3) Mr. Waid stated: "I don't know who didn't call or who didn't contact us because of Ms. Ferguson's defamation." *Excerpts*, page 95, lines 22-24.

(4) Mr. Waid does not know how long the postings were on the Internet. He stated that AVVO took down the first posting sometime between August 8th and August 11th. *Excerpts*, page 96, lines 22-25; page 97; page 98, lines 1-13.

(5) Mr. Waid can't tell if he lost business due to the postings. He is not putting a dollar value on humiliation. *Excerpts*, page 100, page 20-25; page 101, lines 1-18.

(6) Mr. Waid does not recall anyone telling him they saw the AVVO posting. *Excerpts*, page 101, lines 19-25; page 102, lines 1-11.

(7) Mr. Waid is not claiming having to go to a therapist or out of pocket expenses due to these publications. *Excerpts*, page 103, lines 12-16.

(8) This is a "presumed damages" case only. *Excerpts*, page 103, lines 17-25; page 104, lines 1-6.

(9) The terms "general damages" and "presumptive damages" were used interchangeably in the deposition. *Excerpts*, page 130, lines 13-25; page 131, line 1.

COUNTER-DEFENDANT'S TRIAL
MEMORANDUM -7

MUENSTER & KOENIG
IN MEMORIAM:
KIM KOENIG (1956-2018)
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WA 98110
TEL: (206) 501-9565
EMAIL: JMKK1613@AOL.COM

### B. Presumed damages.

Actual damages are off the table. In its order denying our motion for summary judgment on the defamation claim, the Court ruled: "Mr. Waid is permitted to argue at trial the negligence standard of fault for his defamation counterclaim without evidence of actual damages." Order, Dkt. #150, page 4, lines 5-7. Per the Court's prior rulings, Mr. Waid can attempt to obtain "presumed damages".[3] "The trial court's discretion is to determine which presumed damages, either nominal or substantial, are awarded." *Maison de France v. Mais Oui!*, 126 Wash.App. 34, 54, 108 P.3d 787 (2005).

If the Court finds that any of the AVVO statements are defamatory and untrue, the Court then exercises its discretion in choosing between nominal and substantial damages to be awarded based upon the statement. *Maison de France, supra.* The Court should take into account the fact that Mr. Waid has no actual damages. There is apparently no evidence that anyone saw the AVVO posts, outside of the respective "camps" of the parties and their lawyers. Presumed damages are not punitive damages. Punitive damages cannot be awarded. See Dkt. #157, page 3, lines 10-11. Given all the circumstances, if any damages are to be awarded (which we dispute), the Court should award nominal damages in the amount of $1.00.

---

[3] This discussion is submitted without waiving our position that "presumed damages" are not available at all.

COUNTER-DEFENDANT'S TRIAL MEMORANDUM -8

MUENSTER & KOENIG
IN MEMORIAM:
KIM KOENIG (1956-2018)
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WA 98110
TEL: (206) 501-9565
EMAIL: JMKK1613@AOL.COM

### IV. <u>The Court should decide the case based on the record to date</u>.

The parties have already compiled a voluminous record of thousands of pages in the case. The record as it stands is sufficient for the Court to decide. This seems especially true given the absence of actual damages.

It is clear that Ms. Ferguson's purpose was to protect the public from Waid. She helped Waid's former client Angela Oppe (who had been wronged by Waid) secure counsel for her own case. Ms. Ferguson helped Ms. Oppe without any pecuniary gain for herself.

The AVVO posts show that Ms. Ferguson was neither negligent nor malicious. The posts show that she was concerned for the public; she had nothing to gain for herself.

We respectfully contend that Waid should have to prove fault and falsity. The defamation per se concept should not relieve Waid of the burden of proving the elements of defamation.

The Court should find for Ms. Ferguson on the civil harassment claim. The Court should find for Ms. Ferguson on the defamation claim. Her sincerity and dedication in pursuing justice is clear. She would not have devoted her time and resources to this cause unless she believed that the truth is on her side.

DATED this the 8th day of November, 2018

Respectfully submitted,
MUENSTER & KOENIG
By: <u>S/John R. Muenster</u>
    JOHN R. MUENSTER
    Attorney at Law
    WSBA No. 6237
    jmkk1613@aol.com

COUNTER-DEFENDANT'S TRIAL MEMORANDUM -9

MUENSTER & KOENIG
IN MEMORIAM:
KIM KOENIG (1956-2018)
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WA 98110
TEL: (206) 501-9565
EMAIL: JMKK1613@AOL.COM

Of Attorneys for Counter-Defendant

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on or about the 8th day of November, 2018, a true and correct copy of the foregoing document was filed with the Clerk of the Court via ECF and served via ECF on opposing counsel.

S/ John R. Muenster
Muenster & Koenig

COUNTER-DEFENDANT'S TRIAL MEMORANDUM -10

MUENSTER & KOENIG
IN MEMORIAM:
KIM KOENIG (1956-2018)
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WA 98110
TEL: (206) 501-9565
EMAIL:  JMKK1613@AOL.COM