UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>Defendants. | Case No. C17-1685 RSM<br><br>ORDER TO SHOW CAUSE RE: RULE 11 VIOLATIONS BY JOHN MUENSTER |

This matter comes before the Court *sua sponte* to address repeated potential violations of Rule 11 by Plaintiff Sandra Ferguson's counsel John Muenster in this case.

Rule 11 of the Federal Rules of Civil Procedure states in pertinent part that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney… certifies to the best of the person's knowledge information, and belief, formed after an inquiry reasonable under the circumstances: 1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; 2) the… legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] 3) the factual contentions have evidentiary support or, if

ORDER TO SHOW CAUSE RE: RULE 11 VIOLATIONS BY JOHN MUENSTER - 1

specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…" Fed. R. Civ. P. 11(b). If the Court determines, after notice and a reasonable opportunity to respond, that the above rule has been violated, the Court may impose an appropriate sanction on any attorney that violated the rule or is responsible for the violation. Fed. R. Civ. P. 11(c)(1). The Court may impose this sanction on its own initiative after issuing an order to show cause. Fed. R. Civ. P. 11(c)(3).

The Court has twice previously ordered Mr. Muenster to show cause why he should not face Rule 11 sanctions. On September 24, 2018, the Court held Ms. Ferguson in contempt for failing to pay her own Rule 11 sanctions. Dkt. #129. The Court stated:

> Ms. Ferguson explicitly relies on and cites to her counsel's interpretations in the above filings. The Court believes her counsel, Mr. Muenster, has filed papers in this Court for the improper purposes of causing unnecessary delay in compliance with a Court order and increasing the cost of litigation. See Dkts. #120 and #128. With each of these filings, Mr. Muenster appears to have intended delay by implying that the above misinterpretations were reasonable and failing to present arguments of merit. Mr. Muenster must now explain why further Rule 11 sanctions should not be imposed against him personally.

*Id*. at 4. Mr. Muenster provided his Response to this order to show cause on October 8, 2018. Dkt. #146. The Court issued no further ruling on this first potential Rule 11 violation.

On November 2, 2018, the Court stated the following in its Order on Motions in Limine:

> Mr. Waid also moves to exclude witnesses Peter Jarvis and Richard Kilpatrick as they were not disclosed as expert witnesses and have no personal knowledge to testify as fact witnesses. *Id*. (citing Dkts. #58-1 and #60-4). Ms. Ferguson contends that Peter Jarvis is a fact witness because "[h]e provided information to Ms. Ferguson which forms part of the factual basis for her views about Mr. Waid." *Id*. at 3. Ms. Ferguson does not present further explanation, instead pointing the Court to a 121-page declaration. The Court has reviewed that declaration and finds no evidence to

ORDER TO SHOW CAUSE RE: RULE 11 VIOLATIONS BY JOHN MUENSTER - 2

> support Mr. Jarvis as a fact witness in this case. Instead, these materials, which are not explained by Ms. Ferguson's counsel in any fashion, indicate that information provided to Ms. Ferguson by Mr. Jarvis was solely expert opinion. Ms. Ferguson attaches declarations of Mr. Jarvis where he was retained as an expert witness in two prior cases. Ms. Ferguson has previously stated that she intended to use Mr. Jarvis in this case "as an expert witness at trial." Dkt. #58-1 at 74. Turning to Mr. Kilpatrick, in Dkt. #58-1 Ms. Ferguson stated that he could testify as an expert and fact witness in this case "concerning his personal knowledge of the facts related to Waid's sudden withdrawal [as her counsel] on February 10, 2012." *Id*. at 75. The Court has reviewed the remainder of that document, and finds that she says she contacted Mr. Kilpatrick seeking legal counsel, although he never represented her. She later retained him as an expert witness in a prior matter to critique Mr. Waid's legal representation of her. See Dkt. #60-4 at 72–83. Mr. Kilpatrick's knowledge of the events in this case would be almost entirely hearsay. He may be able to testify as to his brief communications with Mr. Waid after Ms. Ferguson contacted him, however Ms. Ferguson has completely failed to explain why such would be relevant. It is infinitely more likely that Mr. Kilpatrick would be called to express his expert opinion as to the conduct of Mr. Waid. Ms. Ferguson cannot present expert witnesses that were not timely disclosed. She cannot present experts she retained in prior cases as fact witnesses in this case—they have no personal knowledge of events at issue. The Court further finds that Ms. Ferguson's counsel has intentionally deceived the Court. By signing Ms. Ferguson's response brief stating that "Mr. Jarvis is a fact witness" and "Mr. Kilpatrick is likewise a fact witness," Mr. Muenster has violated Rule 11(b). The Court will provide Mr. Muenster an opportunity to respond to this at the outset of trial. If he fails to explain the above unwarranted legal position and factual contentions, the Court will impose an appropriate sanction against Mr. Muenster personally.

Dkt. #157 at 4–5. This issue was not addressed by the Court at trial.

On November 28, 2018, Mr. Muenster filed with this Court a declaration of Emily Rains. Dkt. #184. This was filed after the Court had already reached its rulings and found against Ms. Ferguson in its Findings of Fact and Conclusions of Law. Dkt. #179. The declaration is titled "Post Trial Declaration of Emily Rains" and states "I am filing this declaration to correct factual errors, within my personal knowledge, contained in the Findings

of Fact and Conclusions of Law entered by the Court" and "[t]his memorandum is offered to correct the following erroneous findings of fact." Dkt. #184. Mr. Muenster (or Ms. Rains for that matter) presents no legal basis for the filing of this Declaration; it is not attached to a motion or other brief. The Court promptly struck the Declaration by Minute Order. Dkt. #185.

This Declaration was likely filed in an improper attempt to convince the Court to revisit its ruling or to supplement the record in this case on appeal. The Court is not aware of any legal basis supporting this addition to the record. The Court notes that Ms. Ferguson was given the opportunity to call this witness at trial, waived that opportunity, and indeed waived her right to present any evidence at trial. *See, e.g.,* Dkt. #162. The Court believes Mr. Muenster has violated Rule 11 by filing this declaration for an improper purpose. The Court also believes Mr. Muenster has violated Rule 11 by filing this declaration, also purporting to be a "memorandum," containing the legal contention that erroneous findings of fact could be corrected by such a filing.

Accordingly, given all of the above, the Court ORDERS Mr. Muenster to show cause why his conduct described above has not violated Rule 11(b). This response must be filed within **seven (7) days** and may not exceed **six (6) pages**. The Court will permit, and indeed encourages, Mr. Muenster to rely on his previous Response (Dkt. #146). Mr. Muenster need not repeat arguments contained in that Response.

DATED this 30th day of November 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE