UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON, | Case No. C17-1685 RSM |
| Plaintiff, | ORDER IMPOSING RULE 11 SANCTIONS AGAINST ATTORNEY JOHN MUENSTER |
| v. | |
| BRIAN J. WAID AND THE WAID MARITAL COMMUNITY, | |
| Defendants. | |

This matter comes before the Court *sua sponte* to address repeated potential violations in this case of Rule 11 by Plaintiff Sandra Ferguson's counsel John Muenster. The Court has ordered and received a response from Mr. Muenster on the issues below. Dkt. #187.

Rule 11 of the Federal Rules of Civil Procedure states, in pertinent part: "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney… certifies to the best of the person's knowledge information, and belief, formed after an inquiry reasonable under the circumstances: 1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; 2) the… legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] 3) the factual contentions have evidentiary support or, if

ORDER IMPOSING RULE 11 SANCTIONS AGAINST ATTORNEY JOHN MUENSTER - 1

specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…" Fed. R. Civ. P. 11(b). If the Court determines, after notice and a reasonable opportunity to respond, that the above rule has been violated, the Court may impose an appropriate sanction on any attorney that violated the rule or is responsible for the violation. Fed. R. Civ. P. 11(c)(1). The Court may impose this sanction on its own initiative after issuing an order to show cause. Fed. R. Civ. P. 11(c)(3).

The Court has previously ordered Mr. Muenster to show cause why he should not face Rule 11 sanctions. On September 24, 2018, the Court held Ms. Ferguson in contempt for failing to pay her own Rule 11 sanctions. Dkt. #129. The Court stated:

> Ms. Ferguson explicitly relies on and cites to her counsel's interpretations in the above filings. The Court believes her counsel, Mr. Muenster, has filed papers in this Court for the improper purposes of causing unnecessary delay in compliance with a Court order and increasing the cost of litigation. See Dkts. #120 and #128. With each of these filings, Mr. Muenster appears to have intended delay by implying that the above misinterpretations were reasonable and failing to present arguments of merit. Mr. Muenster must now explain why further Rule 11 sanctions should not be imposed against him personally.

*Id*. at 4. Mr. Muenster provided his Response to this order to show cause on October 8, 2018. Dkt. #146. The Court issued no further ruling on this first potential Rule 11 violation.

On November 2, 2018, the Court stated the following in its Order on Motions in Limine:

> Mr. Waid also moves to exclude witnesses Peter Jarvis and Richard Kilpatrick as they were not disclosed as expert witnesses and have no personal knowledge to testify as fact witnesses. *Id*. (citing Dkts. #58-1 and #60-4). Ms. Ferguson contends that Peter Jarvis is a fact witness because "[h]e provided information to Ms. Ferguson which forms part of the factual basis for her views about Mr. Waid." *Id*. at 3. Ms. Ferguson does not present further explanation, instead pointing the Court to a 121-page declaration. The Court has reviewed that declaration and finds no evidence to

ORDER IMPOSING RULE 11 SANCTIONS AGAINST ATTORNEY JOHN MUENSTER - 2

> support Mr. Jarvis as a fact witness in this case. Instead, these materials, which are not explained by Ms. Ferguson's counsel in any fashion, indicate that information provided to Ms. Ferguson by Mr. Jarvis was solely expert opinion. Ms. Ferguson attaches declarations of Mr. Jarvis where he was retained as an expert witness in two prior cases. Ms. Ferguson has previously stated that she intended to use Mr. Jarvis in this case "as an expert witness at trial." Dkt. #58-1 at 74. Turning to Mr. Kilpatrick, in Dkt. #58-1 Ms. Ferguson stated that he could testify as an expert and fact witness in this case "concerning his personal knowledge of the facts related to Waid's sudden withdrawal [as her counsel] on February 10, 2012." *Id*. at 75. The Court has reviewed the remainder of that document, and finds that she says she contacted Mr. Kilpatrick seeking legal counsel, although he never represented her. She later retained him as an expert witness in a prior matter to critique Mr. Waid's legal representation of her. See Dkt. #60-4 at 72–83. Mr. Kilpatrick's knowledge of the events in this case would be almost entirely hearsay. He may be able to testify as to his brief communications with Mr. Waid after Ms. Ferguson contacted him, however Ms. Ferguson has completely failed to explain why such would be relevant. It is infinitely more likely that Mr. Kilpatrick would be called to express his expert opinion as to the conduct of Mr. Waid. Ms. Ferguson cannot present expert witnesses that were not timely disclosed. She cannot present experts she retained in prior cases as fact witnesses in this case—they have no personal knowledge of events at issue. The Court further finds that Ms. Ferguson's counsel has intentionally deceived the Court. By signing Ms. Ferguson's response brief stating that "Mr. Jarvis is a fact witness" and "Mr. Kilpatrick is likewise a fact witness," Mr. Muenster has violated Rule 11(b). The Court will provide Mr. Muenster an opportunity to respond to this at the outset of trial. If he fails to explain the above unwarranted legal position and factual contentions, the Court will impose an appropriate sanction against Mr. Muenster personally.

Dkt. #157 at 4–5. This issue was not addressed by the Court at trial.

On November 28, 2018, Mr. Muenster filed with this Court a declaration of Emily Rains. Dkt. #184. This was filed after the Court had already reached its rulings and found against Ms. Ferguson in its Findings of Fact and Conclusions of Law. Dkt. #179. The declaration is titled "Post Trial Declaration of Emily Rains" and states "I am filing this declaration to correct factual errors, within my personal knowledge, contained in the Findings

ORDER IMPOSING RULE 11 SANCTIONS AGAINST ATTORNEY JOHN MUENSTER - 3

of Fact and Conclusions of Law entered by the Court" and "[t]his memorandum is offered to correct the following erroneous findings of fact." Dkt. #184. Mr. Muenster (or Ms. Rains for that matter) present no legal basis for the filing of this Declaration; it is not attached to a motion or other brief. The Court promptly struck the Declaration by Minute Order. Dkt. #185.

On November 30, 2018, this Court issued an Order to Show Cause why the above does not warrant Rule 11 sanctions against Mr. Muenster. Dkt. #186. Mr. Muenster filed his response on December 6, 2018.

The Court finds that the above shows a repeated willingness by Mr. Muenster to present materials to the Court for an improper purpose. The Court was willing to excuse one or two instances of baseless factual and legal contentions. However, the submission of Mr. Jarvis and Mr. Kilpatrick as fact witnesses and the filing of the "Post Trial Declaration of Emily Rains" demonstrate such a fundamental misunderstanding of the law, and a disregard for the Court and opposing party, that a small monetary sanction against Mr. Muenster is warranted. The amount below was calculated to be sufficient "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

The Court will not revisit the issue of Mr. Muenster delaying his client's payment of sanctions, and such does not factor into this Order.

After reviewing Mr. Muenster's Response, the Court stands by its analysis of Mr. Jarvis and Mr. Kilpatrick above. These expert witnesses cannot become fact witnesses just because their paid-for opinions informed Ms. Ferguson as to the strength of her case against Mr. Waid.

The Court still believes Ms. Rains' Declaration was filed for the improper purpose of convincing the Court, which acted as the finder-of-fact in this case, to revisit its ruling or to supplement the record in this case. There is no other reasonable explanation for Mr. Muenster

to file this declaration; Ms. Rains is not permitted a chance "to respond and present her side of the story," as Mr. Muenster suggests in his Response. *See* Dkt. #187 at 5. She is not a party to this action, and she did not file this Declaration—Mr. Muenster did, presumably to help his client. Mr. Muenster has not presented, and the Court is not aware of, any legal basis supporting this addition to the record. It is not simply the case that Mr. Muenster submitted this declaration in advance of some forthcoming motion.

The Court also notes that, under Rule 11, by filing this declaration Mr. Muenster is certifying that the legal contentions are warranted therein. This declaration, drafted by an attorney, refers to itself at one point as a "memorandum" and attempts to correct the record. The Court does not appreciate Mr. Muenster's attempts to evade responsibility under Rule 11 by filing a declaration without making an explicit legal argument as to its purpose. By presenting this document for the Court's consideration without comment, he is implicitly arguing that the record *can* be corrected, an unwarranted legal contention. As noted above, Rule 11 allows the Court to sanction counsel not just for their words, but also for their filings.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) A Rule 11 sanction of $1,000 is imposed on Plaintiff's counsel, John Muenster, which shall be paid to a pro bono legal non-profit organization of his choice.

2) Mr. Muenster shall file documentation within thirty (30) days of this Order certifying payment.

DATED this 6th day of December 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER IMPOSING RULE 11 SANCTIONS AGAINST ATTORNEY JOHN MUENSTER - 5