THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA L. FERGUSON,

               Plaintiff,

   vs.

BRIAN J. WAID AND THE WAID
MARITAL COMMUNITY,

              Defendants.

NO. 2:17-cv-1685-RSM

**COUNTER-PLAINTIFF/DEFENDANT
BRIAN J. WAID'S MOTION FOR
SUPPLEMENTAL PROCEEDINGS**

NOTE DATE: FEBRUARY 15, 2019

## I.    INTRODUCTION & REQUEST FOR RELIEF

On November 19, 2018, judgment in the amount of $60,000 was rendered in favor of Counter-Plaintiff/Defendant Brian Waid ("Waid") and against Counter-Defendant/Plaintiff Sandra Ferguson ("Ferguson").  (Dkt. no. 181.)  On January 2, 2019, costs in the amount of $1,452.33 were taxed against Ferguson.  (Dkt. no. 197.)  The judgment against Ferguson therefore totals $61,452.33, not including interest.  To aid in the enforcement of judgment, Waid seeks an order requiring Ferguson to appear for supplemental proceedings and to testify under oath concerning assets and property that may be used to satisfy the outstanding judgment.

**DEFENDANT BRIAN J. WAID'S MOTION FOR
SUPPLEMENTAL PROCEEDINGS -1**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, &
BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

## II.      EVIDENCE RELIED UPON

Counter-Plaintiff/Defendant relies upon the Declaration of Brian Waid and exhibits attached thereto; as well as all documents on file with the Court in this matter.

## III.      AUTHORITY AND ARGUMENT

Federal Rule of Civil Procedure 69(a)(2) provides "[i]n the aid of the judgment . . . the judgment creditor . . . may obtain discovery from any person—including the judgment debtor— as provided in these rules or by the procedure of the state where the court is located." Washington Civil Rule 69 is substantially similar to its federal counterpart, and in addition, allows for examinations to occur in the manner provided by the Washington civil rules for taking depositions or as provided by RCW 6.32.

Washington's supplemental proceedings statute provides that a judgment creditor may, "[a]t any time within ten years after entry of a judgment," apply for an order requiring the judgment debtor "to appear at a specified time and place before the judge granting the order . . . to answer concerning [the judgment]."  RCW 6.32.010.  In addition, under RCW 6.32, a court may order a judgment debtor not only "to appear in court for examination" but also "to produce certain described documents."  *See Arnold v. Nat'l Union of Marine Cooks & Stewards Ass'n*, 42 Wn.2d 648, 649, 257 P.2d 629 (1953); *Britannia Holdings Ltd. v. Greer*, 127 Wn. App. 926, 929, 113 P.3d 1041, 1042 (2005) (referencing court orders in supplemental proceedings under RCW 6.32 requiring judgment debtor to provide "information and documents" and "full accounting" to judgment creditor).  The purpose of supplemental proceedings is "to make the judgment debtor answer concerning the extent and whereabouts of his or her property and, if possible, to enable the judgment creditor to locate nonexempt property belonging to the judgment debtor which may be applied on the debt."  *Rainier Nat'l Bank v. McCracken*, 26 Wn. App. 498, 511, 615 P.2d 469 (1980).

**DEFENDANT BRIAN J. WAID'S MOTION FOR SUPPLEMENTAL PROCEEDINGS -2**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

1    "All property, real and personal, of the judgment debtor that is not exempted by law is

2    liable to execution."   RCW 6.17.090.   Additionally, "[w]ages, salary, or other compensation

3    regularly paid for personal services rendered by the debtor . . . shall not be claimed as exempt."

4    In this case, a valid judgment was entered, and to date, no payment has been made to satisfy any

5    portion of the judgment.  (Waid Decl. ¶ 2.)  Ferguson may own property or have assets that could

6    be used to satisfy the judgment, especially given that she recently was able to pay nearly $40,000

7    within one day of this Court's order of contempt.  (*See* Dkt. no. 129; Dkt. no. 130.)  In addition,

8    Ferguson has an active law license and still maintains her law practice.  (Waid Decl. ¶ 3, Ex. A.)

9    Given her active license and practice, Ferguson may be receiving, or have received, payments for

10   legal services that could be used to satisfy the judgment.  Moreover, Ferguson's law practice

11   does not have any corporate form such that her personal assets and property would be legally

12   separate from her business assets and property (Waid Decl. Ex. B).  *See Bankston v. Pierce Cty.*,

13   174 Wn. App. 932, 937, 301 P.3d 495 (2013) ("When an individual does business as a sole

14   proprietorship, the individual and the sole proprietorship are legally indistinguishable.").

15   Pursuant to Rule 69 and RCW 6.32, Waid is entitled to an order directing Ferguson to produce

16   documents and answer questions under oath concerning her assets and property that may be used

17   to pay the outstanding judgment.

18       Waid requests that the examination of Ferguson be conducted pursuant to Civil Rule

19   30(b)(1).  *See* Rule 69, CR 69.  Information that will be sought at this examination includes:

20   1.  Identification of savings accounts, checking accounts, other bank accounts and/or

21       safety deposit boxes that have been maintained on behalf of Ferguson or her law firm

22       since January 1, 2014;

23   2.  Identification of all real property owned by Ferguson or her law firm at any time

24       between January 1, 2014 and present;

25

26
**DEFENDANT BRIAN J. WAID'S MOTION FOR**
**SUPPLEMENTAL PROCEEDINGS -3**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, &**
**BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

3.  Identification of all trusts maintained for the benefit of Ferguson or her law firm, including identification of all trust property; and

4.  Identification of all personal property owned by Ferguson or her law firm at any time between January 1, 2014 and present, including but not limited to vehicles, furnishings, equipment, machinery, artwork, jewelry, electronics, computers, apparel, appliances, media devices, cash, stocks, notes, judgments, bonds, U.S. treasury bills, mutual funds, money market investments, and other household goods and personal property.

Waid also seeks an order for production of documents that will ensure a full disclosure of all relevant information, including:

1.  Financial statements for all savings accounts, checking accounts, other bank accounts and/or safety deposit boxes that have been maintained on behalf of Ferguson or her law firm since January 1, 2014;

2.  Personal income tax returns for Ferguson for the last five years, including any returns or other tax documents related to Ferguson's law firm.  If the filing of the tax return for 2018 has been prepared or the supporting information/documentation is available, this information also is requested;

3.  Insurance policies held by Ferguson or her firm between January 1, 2014 and present, and documents reflecting any claims filed and status of such claims;

4.  Documents reflecting current assets and liabilities of Ferguson and her law firm;

5.  Documents reflecting all personal property owned in whole or in part by Ferguson or her law firm between January 1, 2014 and present, including but not limited to vehicles, furnishings, equipment, machinery, artwork, jewelry, electronics, computers, apparel, appliances, media devices, cash, stocks, notes, judgments, bonds,

**DEFENDANT BRIAN J. WAID'S MOTION FOR SUPPLEMENTAL PROCEEDINGS -4**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

U.S. treasury bills, mutual funds, money market investments, and all other household goods and personal property;

6.  Documents and records reflecting all real property owned in whole or in part by Ferguson or her law firm between January 1, 2014 and present;

7.  Documents and records reflecting or referencing any mortgages or liens against real property owned in whole or in part by Ferguson or her law firm between January 1, 2014 and present;

8.  Certificates of title reflecting all vehicles owned in whole or in part by Ferguson or her law firm between January 1, 2014 and present, including but not limited to cars, trucks, motorcycles, boats, or recreational vehicles or vessels;

9.  Non-privileged documents reflecting legal services provided by Ferguson or her law firm as well as payments received for legal services since January 1, 2014, including all retainer agreements;

10. Documents reflecting the existence of any security interest, sales contracts, or conditional sales contracts on the items of property owned by Ferguson or her law firm;

11. Documents or records related to any trust in which Ferguson or her law firm is a beneficiary, including all documents reflecting or referencing any real or personal property held by the trust from January 1, 2014 to present and all documents reflecting or referencing any disbursements made to Ferguson or her law firm from January 1, 2014 to present; and

12. Records of all accounts receivable, notes receivable, or indebtedness due to Ferguson or her law firm.

**DEFENDANT BRIAN J. WAID'S MOTION FOR SUPPLEMENTAL PROCEEDINGS -5**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

#### IV.    CONCLUSION

For the foregoing reasons, Waid respectfully requests that this Court grant an order directing Ferguson to appear for a supplemental proceedings examination and to bring copies of the requested documents.

Dated: January 30, 2019                    CARROLL, BIDDLE, & BILANKO, PLLC


                                            By:    /s/Jeffrey E. Bilanko
                                                   Jeffrey E. Bilanko, WSBA 38829

                                                   /s/Susan K. Kaplan
                                                   Susan K. Kaplan, WSBA 40985

                                                   Carroll, Biddle, & Bilanko, PLLC
                                                   801 2nd Avenue, Suite 800
                                                   Seattle, WA 98104
                                                   Phone: (206) 489-5549
                                                   Email: jbilanko@cbblegal.com
                                                   Email: skaplan@cbblegal.com
                                                   Attorneys for Defendant Brian J. Waid

**DEFENDANT BRIAN J. WAID'S MOTION FOR SUPPLEMENTAL PROCEEDINGS -6**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, & BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549

1

## CERTIFICATE OF SERVICE

2    The undersigned declares under penalty of perjury under the laws of the State of

3 Washington that on this day a true and accurate copy of the document to which this declaration is

4 affixed was filed with the above-entitled Court through CM/ECF and was sent as indicated

5 below on this day, to:

6

7 **Attorneys for Plaintiff**:
 Sandra L. Ferguson

8 The Ferguson Firm
 The Pioneer Building

9 600 First Avenue
 Seattle, WA 98104

10 Tel.: (206) 624-5696
 Fax: (206) 770-7340

11

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: sandra@slfergusonlaw.com

12

13   DATED this 30th day of January 2019.

14

15       */s/ Stephanie M. Hosey*
       Stephanie M. Hosey, Paralegal

16

17

18

19

20

21

22

23

24

25

26

1119993/32081398

**DEFENDANT BRIAN J. WAID'S MOTION FOR
SUPPLEMENTAL PROCEEDINGS -7**
(2:17-CV-01685-RSM)

**CARROLL, BIDDLE, &
BILANKO, PLLC**
801 2nd Avenue, Suite 800
Seattle, WA  98104
Telephone: (206) 489-5549