Judge Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>BRIAN J. WAID, et. al.,<br>Defendants/Counter-Plaintiff. | NO. 2:17-cv-01685 RSM<br><br>PLAINTIFF/COUNTER-DEFENDANT'S RESPONSE TO MOTION FOR SUPPLEMENTAL PROCEEDINGS<br><br>Noted for consideration:<br>February 15, 2019 |

Defendant/Counter-Plaintiff Brian Waid seeks an order requiring Ms. Ferguson to appear for supplemental proceedings and to testify under oath concerning assets and property that may be used to satisfy the judgment herein. Dkt. # 199.

> The purpose of such proceedings is to make the judgment debtor answer concerning the extent and whereabouts of his or her property and, if possible, to enable the judgment creditor to locate nonexempt property belonging to the judgment debtor which may be applied on the debt.

*Rainier Nat'l Bank v. McCracken*, 26 Wash.App. 498, 511, 615 P.2d 469 (1980).

PLAINTIFF/COUNTER-DEFENDANT'S
RESPONSE TO MOTION FOR
SUPPLEMENTAL PROCEEDINGS-1

JOHN R. MUENSTER
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL: JMKK1613@AOL.COM

In his motion, Mr. Waid asks for documents going back to 2014. Dkt. #199, pp. 3-5. We believe the duration requested is unduly burdensome and overbroad. The factors Mr. Waid cites do not support the 5-year lookback he requests.

(1) First, Mr. Waid notes that Ms. Ferguson paid $39,478.00 ($39,399 in attorney's fees and $79 in costs) on September 25, 2018. Dkt. #199, page 3, lines 5-7. From this, he suggests that Ms. Ferguson may own property or have assets that could be used to pay the judgment. This recent 9-25-2018 payment does not justify a five-year lookback.

As of 1-1-2017, as Mr. Waid is likely aware, Ms. Ferguson's principal asset was her home, which was burdened with liens. She sold her home in the spring of 2017, prior to the filing of this lawsuit. The funds for the fees and costs payment in this case came from her home sale proceeds. She will produce the 2017 home sale documents and 2017-2018 bank statements at her deposition. Ms. Ferguson's receipt of the proceeds from her 2017 home sale and resulting ability to pay the fees and costs ordered here in 2018 does not justify a five-year lookback.

(2) Second, Mr. Waid notes that Ferguson has an active law license and still maintains her law practice. *Waid motion*, Dkt. #199, page 3, lines 7-10. He contends that she may be receiving, or may have received, payments for legal services that could be used to satisfy the judgment. Ms. Ferguson's records from the last two years would disclose this information, including whether she still has any wages or salary received more than two years ago.

(3) Third, Mr. Waid's request for records dating back five years to 1-1-

PLAINTIFF/COUNTER-DEFENDANT'S
RESPONSE TO MOTION FOR
SUPPLEMENTAL PROCEEDINGS-2

JOHN R. MUENSTER
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL: JMKK1613@AOL.COM

2014 could be repetitious. The record herein shows that Mr. Waid represented Ms. Ferguson in 2011-2012. Beginning in 2012, the two parties litigated issues against each other pertaining to the disbursement of funds Ms. Ferguson received in the SEBS settlement. Thereafter, they litigated related issues in the 2014 King County case between them. Mr. Waid made discovery requests in that case. Undersigned counsel believes that Ms. Ferguson provided financial records to Mr. Waid then. A portion of the 2014 King County case remains on appeal in Division One. Given this background, a two-year lookback is enough.

Any non-exempt asset Ms. Ferguson has should show up in her recent records. We ask that the lookback period be set at 2 years (beginning 1-1-2017). That is sufficient to serve the purposes of the proceeding.[1]

DATED February 11th, 2019
Respectfully submitted,
S/ John R. Muenster
John R. Muenster*

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on or about the 11th day of February, 2019, a true and correct copy of the foregoing document was filed with the Clerk of the Court via ECF and served via ECF on counsel for the defendant/counter-plaintiff.

S/ John R. Muenster
John R. Muenster*
*appearing in compliance with the Court's minute order, Dkt. # 183.

---

[1] We will propose a protective order to ensure that the private records produced in these supplemental proceedings (i.e., bank account records) are not disseminated to others.

PLAINTIFF/COUNTER-DEFENDANT'S
RESPONSE TO MOTION FOR
SUPPLEMENTAL PROCEEDINGS-3

JOHN R. MUENSTER
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL:  JMKK1613@AOL.COM