UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>                Plaintiff,<br><br>  vs.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>                Defendants. | NO. 2:17-CV-01685-RSM<br><br>ORDER GRANTING COUNTER-PLAINTIFF/DEFENDANT BRIAN J. WAID'S MOTION FOR SUPPLEMENTAL PROCEEDINGS |

This matter comes before the Court on Defendant Brian J. Waid's Motion for Supplemental Proceedings. Dkt. #199. The Court has considered the briefing, declarations, and exhibits filed by the parties in this matter. The parties generally agree to supplemental proceedings covering the topics below. The Court finds that Mr. Waid's request for five years of information is warranted given the law cited in his briefing and the particular circumstances of this case. Ms. Ferguson has failed to convince the Court that two years of information is adequate, or that Mr. Waid has had adequate access to her financial records from prior litigation.

Based on the foregoing, the Court hereby finds and ORDERS that:

1) Brian Waid's Motion for Supplemental Proceedings, Dkt. #199, is GRANTED.
2) Judgment Debtor Sandra Ferguson shall appear in the courtroom of Judge Ricardo Martinez on **March 15, 2019, at 10 a.m.** to be examined under oath concerning any assets or property the Judgment Debtor may have.

3) The Judgment Debtor shall bring to the examination the following documents:
    a. Financial statements for all savings accounts, checking accounts, other bank accounts and/or safety deposit boxes that have been maintained on behalf of Judgment Debtor or her law firm since January 1, 2014;
    b. Personal income tax returns for Judgment Debtor for the last five years, including any returns or other tax documents related to Judgment Debtor's law firm. If the filing of the tax return for 2018 has been prepared or the supporting information/documentation is available, this information also is requested;
    c. Insurance policies held by Judgment Debtor or her firm between January 1, 2014 and present, and documents reflecting any claims filed and status of such claims;
    d. Documents reflecting current assets and liabilities of Judgment Debtor and her law firm;
    e. Documents reflecting all personal property owned in whole or in part by Judgment Debtor or her law firm between January 1, 2014 and present, including but not limited to vehicles, furnishings, equipment, machinery, artwork, jewelry, electronics, computers, apparel, appliances, media devices, cash, stocks, notes, judgments, bonds, U.S. treasury bills, mutual funds, money market investments, and all other household goods and personal property;
    f. Documents and records reflecting all real property owned in whole or in part by Judgment Debtor or her law firm between January 1, 2014 and present;
    g. Documents and records reflecting or referencing any mortgages or liens against real property owned in whole or in part by Judgment Debtor or her law firm between January 1, 2014 and present;

h. Certificates of title reflecting all vehicles owned in whole or in part by Judgment Debtor or her law firm between January 1, 2014 and present, including but not limited to cars, trucks, motorcycles, boats, or recreational vehicles or vessels;

i. Non-privileged documents reflecting legal services provided by Judgment Debtor or her law firm as well as payments received for legal services since January 1, 2014, including all retainer agreements;

j. Documents reflecting the existence of any security interest, sales contracts, or conditional sales contracts on the items of property owned by Judgment Debtor or her law firm;

k. Documents or records related to any trust in which Judgment Debtor or her law firm is a beneficiary, including all documents reflecting or referencing any real or personal property held by the trust from January 1, 2014 to present and all documents reflecting or referencing any disbursements made to Judgment Debtor or her law firm from January 1, 2014 to present; and

l. Records of all accounts receivable, notes receivable, or indebtedness due to Judgment Debtor or her law firm.

4) Failure of the Judgment Debtor to appear at the time, date, and place set forth above may cause the Court to issue a bench warrant for the apprehension of Judgment Debtor. Additionally, pursuant to RCW 6.32.010, reasonable attorneys' fees and costs may be assessed at a later date by motion.

Dated this 20 day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING COUNTER-PLAINTIFF/DEFENDANT
BRIAN J. WAID'S MOTION FOR SUPPLEMENTAL
PROCEEDINGS - 3