IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>BRIAN J. WAID, et. al.,<br>Defendants/Counter-Plaintiff. | NO. C17-1685 RSM<br><br>STIPULATED PROTECTIVE ORDER RE SUPPLEMENTAL PROCEEDINGS |

**I. Purposes & Limitations.** The parties anticipate that the supplemental proceedings phase of this matter will involve disclosure of confidential or private information, including bank account numbers, for which special protection is warranted. Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The protection it affords from public disclosure and use extends only to the certain documents and information identified below that Plaintiff/Counter-Defendant Sandra Ferguson produced or will produce in compliance with the Court's supplemental proceedings order, Dkt #207 (hereinafter "the Order"). This protection does not presumptively entitle the parties to file confidential information under seal.

**II. Confidential material.** "Confidential" material is protected. "Confidential" material shall include the following documents produced by Ms.

STIPULATED PROTECTIVE ORDER RE: SUPPLEMENTAL PROCEEDINGS-1

JOHN R. MUENSTER
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL: JMKK1613@AOL.COM

Ferguson:

    (a)    Financial statements for all bank accounts and safe deposit boxes, as described in paragraph 3)a. of the Order;

    (b)    The personal income tax returns for Judgment Debtor for the last five years, including any returns or other tax documents related to Judgment Debtor's law firm, as described in paragraph 3)b. of the Order; and

    (c)    Non-privileged documents reflecting legal services provided by the Judgment Debtor or her law firm as well as payments received for legal services since January 1, 2014, including all retainer agreements, as described in paragraph 3)i. of the Order.

**III. Scope**. The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through court hearings.

**IV. Access To and Use of Confidential Material.** The Judgment Creditor is Defendant/Counter-Plaintiff Brian Waid. The Judgment Debtor is Sandra Ferguson. The Order granted Judgment Creditor's motion for supplemental proceedings and required Judgment Debtor to provide certain information and produce certain documents to Judgment Creditor.

> The purpose of such [supplemental] proceedings is to make the judgment debtor answer concerning the extent and whereabouts of his or her property and, if possible, to enable the judgment creditor to locate nonexempt property

STIPULATED PROTECTIVE ORDER RE:
SUPPLEMENTAL PROCEEDINGS-2

JOHN R. MUENSTER
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL: JMKK1613@AOL.COM

belonging to the judgment debtor which may be applied on the debt.

*Rainier Nat'l Bank v. McCracken*, 26 Wash. App. 498, 511, 615 P.2d 469 (1980). In consideration of the purpose of these proceedings, the Judgment Creditor may use the confidential material produced by Judgment Debtor, pursuant to the Court's Order, solely for the purpose of 1) determining the extent and whereabouts of the Judgment Debtor's property; 2) locating nonexempt property belonging to the Judgment Debtor which may be applied on the debt set forth in the judgment in this matter; and 3) collecting the money due to the Judgment Creditor. The confidential material may not be used or published by the Judgment Creditor for any other purpose.

Confidential material produced by the Judgment Debtor must be stored and maintained by the Judgment Creditor at a location and in a secure manner that ensures that access is limited to persons who are determining and locating the Judgment Debtor's property and persons who are collecting the money due to the Judgment Creditor, including the Judgment Creditor, his attorneys and their support staff.

**VI.** **<u>Unauthorized Disclosure Of Confidential Material.</u>** If the Judgment Creditor learns that, by inadvertence or otherwise, he has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the Judgment Creditor must immediately (a) notify the Judgment Debtor in writing of the unauthorized disclosures and (b) use his best efforts to retrieve all unauthorized copies of the protected material. The Judgment Debtor may seek relief from the Court as circumstances warrant.

**VII. <u>Case Termination And Return Of Documents</u>.** Within 60 days after the judgment is satisfied, the Judgment Creditor must return all confidential

STIPULATED PROTECTIVE ORDER RE:
SUPPLEMENTAL PROCEEDINGS-3

JOHN R. MUENSTER
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL: JMKK1613@AOL.COM

material to the Judgment Debtor, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until the parties agree otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 20, 2019

*/s/ John R. Muenster*
John R. Muenster, WSBA 6237
Attorney for Plaintiff/Counter-Defendant Sandra Ferguson

DATED: March 20, 2019

*/s/ Jeffrey E. Bilanko*
Jeffrey E. Bilanko, WSBA 38829
*/s/ Susan K. Kapan*
Susan K. Kaplan, WSBA 40985
Carroll, Biddle, & Bilanko, PLLC
801 2nd Avenue, Suite 800
Seattle, WA 98104
Phone: (206) 489-5548
Email: jbilanko@cbblegal.com
Email: skaplan@cbblegal.com
Attorneys for Defendant/Counter-Plaintiff Brian Waid

PURSUANT TO STIPULATION, IT IS SO ORDERED

STIPULATED PROTECTIVE ORDER RE: SUPPLEMENTAL PROCEEDINGS-4

JOHN R. MUENSTER
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL: JMKK1613@AOL.COM

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 22nd day of March 2019.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER RE:
SUPPLEMENTAL PROCEEDINGS-5

JOHN R. MUENSTER
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL: JMKK1613@AOL.COM