Hon. Ricardo S. Martinez
**ORAL ARGUMENT REQUESTED**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>Judgment Debtor,<br><br>vs.<br><br>BRIAN J. WAID and the WAID MARITAL COMMUNITY,<br><br>Judgment Creditor | CASE NO. 17-cv-01685-RSM<br><br>**JUDGMENT CREDITOR'S MOTION FOR CONTEMPT AND IMPOSITION OF APPROPRIATE REMEDIES**<br><br>**NOTE ON MOTION CALENDAR:** April 4, 2025 |

May It Please Court:

**I.     Introduction and Facts**

More than five (5) years ago, this Court granted a permanent injunction against Sandra L. Ferguson that prohibited her from (among other prohibitions) "publishing again the same or effectively identical statements found to be defamatory in this case. Dkt. 181. The defamatory

Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies

Page 1 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

statements to which the Court referred were listed in the Court's Findings of Fact and Conclusions of Law [Dkt. 179, pp. 16-17],[1] and included the following:

> Mr. Waid did not engage in the criminal, fraudulent, and unethical conduct of which Ms. Ferguson accuses him. Mr. Waid has not violated any Washington state criminal laws. Nor has Mr. Waid violated any applicable ethical rules that govern attorneys.
>
> Mr. Waid did not abandon Ms. Ferguson on a false pretext while an important motion was pending; he did not fraudulently charge, bill, and collect fees from Ms. Ferguson; he did not advise her to file a lawsuit instead of following a more cost effective procedure that was available; he did not conceal and fail to disclose a conflict of interest; he did not lie to the court so he could withdraw over Ms. Ferguson's objections; he did not bilk Ms. Ferguson or any other client out of hundreds of thousands of dollars. **These statements were false.** [Emphasis added].

The Washington State Bar Association has been pursuing disciplinary proceedings against Ms. Ferguson, which have been delayed due to Ms. Ferguson's litigiousness[2] and the intervening pandemic. After all impediments to discipline had been removed, the WSBA tried to

---

[1] *Ferguson v. Waid,* 2018 WL 6040174 *8 (W.D. Wash).
[2] The WSBA has a written policy to generally defer disciplinary proceedings while active litigation continues between the grievant and the attorney subject to discipline.

Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies

Page 2 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

proceed, only to have Ms. Ferguson assert an inability to retain an attorney and later that she needed an unspecified accommodation for an unspecified disability. When the WSBA Hearing Office (Henry Stiles, III) tried to proceed, Ms. Ferguson filed a lawsuit against Mr. Stiles and the WSBA in the King County Superior Court ("*Ferguson v. WSBA-II*"), in which she alleges that the defendants have denied her Due Process and Equal Protection, and violated the Washington Law Against Discrimination. Waid Decl. (03/10/25) ¶6 and **Ex. B.**

In connection with her filings in *Ferguson v. WSBA-II,* Ms. Ferguson revived her long-discredited, defamatory allegations, in violation of this Court's injunction. *Id.* ¶7. (Ms. Ferguson has also expanded on her prior defamatory statements by adding allegations such as "serial fraudster" and "dangerous predator" and "racketeer" who is part of a "criminal enterprise." *Id.* ¶¶10-11).

Ms. Ferguson is recalcitrant, having refused to retract her false assertions in violation of this Court's injunction despite a written request that she correct her filings; she has instead reiterated the same

Judgment Creditor's Motion for Contempt and
Imposition of Appropriate Remedies

Page 3 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

contemptuous statements in her more recent filings. *Id.* ¶¶8-11 **Ex. C, D.** To further illustrate Ms. Ferguson's willfulness, this is also not the first time that she has acted in contempt of this Court's orders, the Court having previously found her in contempt for failing to timely pay sanctions that the Court had ordered that she pay. Dkt. 129.[3] Indeed, Ms. Ferguson maintains that she may ignore this Court's permanent injunction with impunity because (she says) "Judge Martinez' order is null and void under the UPEPA."

## II. Issues Presented

1. Has Ms. Ferguson acted in contempt of this Court's lawful order? **Answer: Yes.**

2. What remedies should the Court impose on Ms. Ferguson to compel her compliance and punish her disobedience? **Answer: See List on pg. 13-14.**

## III. Evidence Relied Upon

1. Declaration of Brian J. Waid dated March 10, 2025;

2. The entire record of these proceedings.

---

[3] The Washington Supreme Court also previously disciplined Ms. Ferguson for dishonesty before a Court. *In re Disciplinary Proceeding Against Ferguson,* 170 Wn.2d 916, 922, 246 P.3d 1236, 1240 (2011)

Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies

Page 4 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

## IV. ARGUMENT

### A. The Court Has Inherent Authority to Enforce Its Orders by Contempt.

Rule 70(e) of the Federal Rules of Civil Procedure authorizes the Court to hold disobedient parties in contempt. 18 U.S.C.A §401 further authorizes the Court to "punish by fine or imprisonment, or both, at its discretion," for disobedience of the Court's orders. Courts also have inherent power to enforce compliance with their lawful orders through civil and/or criminal contempt. *Shillitani v. U.S.,* 384 U.S. 364, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966); *Michaelson v. U. S. ex rel. Chicago, St. P., M. & O. Ry. Co.,* 266 U.S. 42, 45 S. Ct. 18, 69 L. Ed. 162 (1924); *U.S. v. Hudson*, 11 U.S. 32, 7 Cranch 32, 3 L. Ed. 259, 1812 WL 1524 (1812); accord, *e.g., Top Brand, LLC v. Cozy Comfort Co., LLC,* 2025 WL 317527 at *1 (D. Ariz. 01/28/2025). Courts thus have the power to adjudge persons who willfully disobey their orders to be in contempt and this power extends to both civil and criminal contempt. *Taylor v. Finch,* 423 F.2d 1277 (8th Cir. 1970), *citing, United States v. United Mine Workers of Am.,* 330 U.S. 258, 293, 67 S. Ct. 677, 696, 91 L. Ed. 884 (1947).

Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies

Page 5 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

This Court thus has the authority necessary to hold Ms. Ferguson in contempt of its orders and impose appropriate remedies against her to compel her compliance with the Court's orders *and* to punish her for her violations.[4]

**B.    Defamatory Statements Are Not Constitutionally Protected Activity.**

As this Court explained to Ms. Ferguson in its Findings of Fact and Conclusions of Law in this case "[d]efamatory statements are not constitutionally protected activity." Dkt. 179, p. 18 [citations omitted];[5] accord, *e.g., Duc Tan v. Le,* 177 Wn.2d 649, 666, 300 P.3d 356 (2013). No change in that fundamental legal principle has occurred since this Court's entry of the permanent injunction.

**C.    This Court's Order Is *Not* "Null and Void;" Nevertheless, Even If It Were (Which It Is Not), Ms. Ferguson Must Obey The Injunction Unless and Until It Is Set Aside.**

Ms. Ferguson has asserted that she can ignore this Court's injunction because, in her opinion, the Washington Legislature nullified it when it

---

[4] See further, RCW 7.21.020.
[5] 2018 WL 6040174 *9 (W.D. Wash. 11/19/2018).

Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

adopted the Uniform Public Expression Protection Act, RCW 4.105.903. ("UPEPA"). "UPEPA is a type of anti-SLAPP law, designed to combat the problem of strategic lawsuits against public participation." *Thurman v. Cowles Co.,* __Wn.2d __, 562 P.3d 777, 780 (Wash. 2025).

UPEPA has *no* application here. UPEPA "instead applies only to a cause of action against a party based on the person's exercise of the constitutional right of freedom of speech or of the press on a matter of public concern." *Id at* 562 P.3d at 781.[6] UPEPA thus provides a *defense* to a cause of action (usually for defamation or false light) based upon a person's protected speech. Here, the WSBA did *not* sue Ms. Ferguson and she does *not* invoke UPEPA to defend a cause of action asserted by the WSBA. Instead, *she* sued the WSBA and her causes of action do *not* seek reasonable accommodation based on a violation of *her* free speech rights.

Ms. Ferguson also cannot claim that the "litigation privilege" protects her contempt of the Court's injunction. More specifically, Ms. Ferguson's statements made in the course of her litigation against the

---

[6] RCW 4.105.010(2) "applies to a **cause of action** asserted in a civil action **against a person** based on the person's [covered communications]."

Judgment Creditor's Motion for Contempt and
Imposition of Appropriate Remedies

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

WSBA are *not* privileged unless they are "pertinent and material to the redress of relief sufficient to obtain relief." *Young v. Rayan,* 27 Wn. App.2d 500, 509, 533 P.3d 123 (2023). Here, Ms. Ferguson's defamatory statements about Mr. Waid (*e.g.,* "serial fraudster," "racketeer," etc.) are completely irrelevant and immaterial to her causes of action based on her allegations that the WSBA and its Hearing Officer deprived her of Due Process and Equal Protection in connection with a pending disciplinary proceeding.[7]

In analogous situations, other Courts have explained that neither the litigation privilege nor the Anti-SLAPP statutes immunize a person from a finding of contempt. For example, *Herrera v. AllianceOne Receivable Mgmt., Inc.,* 2015 WL 3796123 *4, 5 (S.D. Cal. 06/18/2015), which arose out of a debt collector's continued collection efforts even after a Court Order that had established that the defendants did *not* owe the debt

---

[7] Ms. Ferguson's irrelevant allegations about Waid in *Ferguson v. WSBA-II* appear designed as a pretext to circumvent this Court's order that she not commence new litigation against him without first obtaining this Court's authorization. Based on those false allegations, she has continued her harassment by issuing subpoenas deuce tecum seeking an extraordinary array of voluminous documents from Waid, his former attorneys, and his malpractice insurer, which have no relationship to her causes of action against the WSBA.

Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies

Page 8 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

claimed, held that the litigation privilege did *not* immunize the debt collector's conduct:

> Knowingly pursuing collection action against an innocent party does nothing to further the litigation privilege's purpose. On the contrary, **extending the privilege to such action encourages contemptuous conduct and subverts the legal system.**
> ……………..
> **The litigation privilege was never designed to shield actions in contempt of court.** Therefore, the Court finds that Defendant's actions are not given protection. [Emphasis added].

*Centeno v. City of Carlsbad*, 2021 WL 2779576 *7 (S.D. Cal. 0702/2021), which considered whether the litigation privilege or the California Anti-SLAPP statute protected an attorney from sanctions, similarly explained:

> …[N]either the litigation privilege nor California's Anti-SLAPP statute protect attorneys from sanctions for unprofessional conduct. Instead, the litigation privilege protects individuals from derivative "tort liability" arising out of conduct occurring during litigation. *Silberg v. Anderson*, 786 P.2d 365, 370–71 (1990). The litigation privilege's "principal purpose ... is to afford litigants and witnesses ... the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Id.* at 369. Court-imposed sanctions are not derivative tort actions.
>
> The Anti-SLAPP statute provides that a "cause of action against a person arising from any act of that person in furtherance of

Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies

Page 9 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

the person's right of petition or free speech ... in connection with a public issue shall be subject to a special motion to strike...." Cal. Civ. Proc. Code § 425.16. **The Court's Order to Show Cause is not a "cause of action" and Lara's letters to Modafferi are not "public issues."** [Emphasis added].

And finally, as *US v. United Mine Workers* explained, "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings. **This is true without regard even for the constitutionality of the Act under which the order is issued**." *US v. United Mine Workers, supra,* 330 U.S. at 293 (emphasis added). Indeed, "[v]iolations of an order are punishable as criminal contempt even though the order is set aside on appeal." *Id.* at 294.

Thus, even if Ms. Ferguson were correct (which she is not), her misguided belief that UPEPA allows her to ignore this Court's permanent injunction would not provide her with a defense to contempt.

    **C.    Ms. Ferguson Acted Willfully in Contempt of This Court's Order.**

To prevail on a motion for civil contempt, the moving party must prove by "clear and convincing evidence that the alleged contemnor

Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies

Page 10 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

violated the court order, beyond substantial compliance, not based on a good faith and reasonable interpretation of the order." *E.g., RG Paige, LLC v. Shop Paige LLC,* 2024 WL 4436887 *2 (C.D. Cal. 09/16/2024)(citations omitted). *In re Crystal Palace Gambling Hall, Inc.,* 817 F.2d 1361, 1365 (9th Cir. 1987) explains

> A person fails to act as ordered by the court when he fails to take "all the reasonable steps within [his] power to insure compliance with the [court's] order [ ]." **It does not matter what the intent of the appellants was when they disobeyed the court's order. Moreover, the contempt need not be willful**. [Citations omitted; emphasis added].

Movant thus need not establish that Ms. Ferguson's contempt was willful.[8] Nevertheless, Ms. Ferguson is an experienced attorney who has practiced in State and Federal trial and appellate Courts for many years. She knows better. Her violations of this Court's injunction are clear and unambiguous. It is also indisputable that she has acted willfully,

---

[8] " *United States v. Armstrong*, 781 F.2d 700, 706 (9th Cir. 1986) defines "'Willfulness'…as "a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful.' It implies a 'deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order.'" *United States v. Armstrong*, 781 F.2d 700, 706 (9th Cir. 1986)(citations omitted). Willfulness nevertheless remains an essential element of *criminal* contempt. *Id.*

**Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies**

Page 11 of 15

**WAID LAW OFFICE, PLLC**
**P.O. BOX 16737**
**SEATTLE, WASHINGTON 98116**
**206-714-7535**

considering her refusal to retract the false and defamatory assertions when notified and corrected, her prior act of contempt, her history of vexatious litigation,[9] and her history of prior discipline for dishonesty.

The Court should therefore find that Ms. Ferguson has acted in contempt of this Court's Order and further find that her contempt has been willful.

### D. The Court Should Impose Appropriate Remedies to Compel Ms. Ferguson to Comply with the Injunction and to Punish Her for Her Contumacious Conduct to Prevent Future Contempt.

The court's "contempt powers are broadly divided into two categories: civil contempt and criminal contempt." *Oracle USA, Inc. v. Rimini St., Inc.*, 81 F.4th 843, 858 (9th Cir. 2023)[citations omitted]. "The purpose of civil sanctions is to "coerce" compliance with a court order or to 'compensate' the aggrieved party for sustained losses." *Id.* Civil contempt' proceedings thus "serve two purposes: (1) coercing compliance

---

[9] See, Dkt. 179, p. 19, noting that the Court could have relief upon a vexatious litigation designation in support of its injunction. See further, *e.g., Arunachalam v. Int'l Bus. Machines Corp.*, 989 F.3d 988, 997 (Fed. Cir. 2021)(affirming sanctions based upon "vexatious and wanton litigation conduct."

Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies

Page 12 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

with a court order; and (2) compensating the prevailing party." *Id.*

This Court has broad discretion to design remedies to achieve the purposes of the contempt finding. *E.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S. Ct. 2123, 2132–33, 115 L. Ed. 2d 27 (1991)("A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process").

Appropriate sanctions may include: (a) an order that requires Ms. Ferguson to amend her pleadings and declarations to retract all assertions of fact that violate the Court's injunction that she has filed in any Court record; (b) disclose and retract all assertions of fact that violate the Court's injunction that she has posted on the internet subsequent to entry of the Court's injunction; (c) require that Ms. Ferguson disclose all future instances in which she files or posts any assertions of fact relating to Mr. Waid to allow for prompt review as to whether they violate the Court's injunction; (d) an appropriate award of compensatory damages payable to Waid within a specified time period; (e) an award of reasonable attorney fees for filing this motion, payable to Waid within a specified time period,

Judgment Creditor's Motion for Contempt and
Imposition of Appropriate Remedies

Page 13 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

and; (f) such other and different relief as the Court in its discretion may find appropriate considering Ms. Ferguson's willful conduct and the need to prevent future reoccurrences.

## V. Conclusion

Judgment Creditor Brian J. Waid therefore respectfully requests that the Court grant this motion, find Sandra L. Ferguson in contempt of the Court's March 20, 2020 injunction, and impose appropriate remedies on Ms. Ferguson to compensate for her contempt, including an award of damages and reasonable attorney fees, and to deter her from future contemptuous conduct

**VI.   LCR 7(e)(4) Certification:**  I hereby certify that this Motion contains 2,577 words, which is less than the word limit applicable to this Motion.

DATED:     March 10, 2025.

WAID LAW OFFICE, PLLC

BY:   /s/ Brian J. Waid
         BRIAN J. WAID
         WSBA No. 26038
         *Pro Se* Judgment Creditor

Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies

Page 14 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535

## CERTIFICATE OF SERVICE

I hereby certify that I emailed a copy of this Motion and Declaration to all counsel and/or parties of record on the 10th day of March 2025 via the Court's ECF delivery system and/or email.

DATED:   March 10, 2025.

                                        WAID LAW OFFICE, PLLC

                                        BY;    /s/ Brian J. Waid
                                             BRIAN J. WAID
                                             WSBA No. 26038
                                             *Pro se* Judgment Creditor

Judgment Creditor's Motion for Contempt and Imposition of Appropriate Remedies

Page 15 of 15

WAID LAW OFFICE, PLLC
P.O. BOX 16737
SEATTLE, WASHINGTON 98116
206-714-7535