UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>Defendants. | Case No. C17-1685RSM<br><br>ORDER DENYING MOTION FOR RECUSAL |

This matter comes before the Court on Plaintiff Ferguson's Motion for Recusal, Dkt. #242. Ms. Ferguson noted this Motion for consideration on June 10, 2025. *See id*. Defendant Waid has filed a response, Dkt. #250.

Although both Ms. Ferguson and Mr. Waid bring in a mountain of outside evidence and arguments, the only requested relief is recusal of the undersigned judge, and the Court will only address that issue. The Court will not, for example, address accusations of bias against other judicial officers in state or appellate courts.

The Court finds that the tone of the briefing has gone off the rails, *see* Dkt. # 250 at 4, necessitating an immediate response from the Court.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *See* 28 U.S.C. § 455(b)(1). However, "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see*

ORDER DENYING MOTION FOR RECUSAL - 1

*also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("[t]o warrant recusal, judicial bias must stem from an extrajudicial source.").

Ms. Ferguson says she filed a "Complaint of Judicial Misconduct" against the undersigned in 2022 and that this is a basis for the requested relief. Dkt. #242 at 2 and 29. She explains further that she shipped "a large carton" to the Ninth Circuit containing "thousands of pages of court records and filings from a decade of proceedings in the state and federal courts that took place before, and after this case was closed." *Id*. at 5–6. She accused the undersigned of "improper motives for taking this case from the magistrate judge to whom it was assigned, making summary judgment and evidentiary rulings that deprived her of fundamental due process and effectively, of her Seventh Amendment right to a jury trial, and abused the sanctions and contempt powers of the Federal Court to extort approximately $40,000 from her, so his co-conspirators at CBB Legal would be paid for defending Waid free of charge." *Id*. at 6. She alleged that the undersigned's "motive was to ensure that he (instead of a jury) would determine the outcome of this case so that the outcome of this case could be used as a pretext for his co-conspirators in the state courts to strip the undersigned of her right to a trial so that the Defendants' insurance company, Travelers, and members of the criminal enterprise will be unjustly enriched." *Id*.

Ms. Ferguson states that the Ninth Circuit "issued a conclusory order dismissing the complaint of judicial misconduct, instead of appointing a special committee to investigate disputed issue [sic] fact capable of being established through an investigation." *Id*. at 8. Ms. Ferguson then goes on to critique the Ninth Circuit's order. *See id*. at 9–10.

The Court has reviewed this filing without the need of responsive briefing from Mr. Waid. Ms. Ferguson has presented no reasonable basis to question the undersigned's

ORDER DENYING MOTION FOR RECUSAL - 2

impartiality. There is no evidence of personal bias or prejudice. Filing a complaint of judicial misconduct, alone, cannot establish a basis for recusal—if that were true, motions for recusal would be self-executing. The fact that she seeks this relief after already filing a complaint for judicial misconduct, which was dismissed, raises the strong presumption that the instant Motion is frivolous or intended to delay the proceedings. To the extent she challenges the undersigned's prior adverse rulings, such cannot form a sufficient cause for recusal. *See Studley*, *supra*. All other issues raised are either totally irrelevant or intended to show an implausible conspiracy theory involving nearly every judicial officer or regulatory body who has dealt with her in the last decade.

Accordingly, the undersigned judge declines to voluntarily recuse himself.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff Ferguson's Motion for Recusal, Dkt. #242, is DENIED.

2. In accordance with LCR 3(f), this Order is referred to the Honorable David G. Estudillo for review of this decision. The Clerk is directed to provide a copy of this Order to Chief Judge Estudillo.

3. The Court cautions the parties not to use filings in this case to attack each other. The Court will rule on the pending Motion once matters in the parallel state action are resolved. No further briefing is required from either party at this time.

DATED this 10th day of June, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECUSAL - 3