UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDRA L. FERGUSON,

                Plaintiff,

    v.

BRIAN J. WAID,

                Defendant.

CASE NO. 2:17-cv-01685-RSM

ORDER AFFIRMING DENIAL OF RECUSAL

## I    INTRODUCTION

This matter comes before the Court on Honorable Ricardo S. Martinez's Order Denying Recusal. (Dkt. No. 251.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Martinez's decision not to recuse.

## II     BACKGROUND

Plaintiff filed a lengthy motion to recuse, touching on alleged bias by Judge Martinez and a host of other matters.  (Dkt. No. 242.)  Plaintiff references a complaint she filed with the state Commission on Judicial Conduct alleging that Judge Martinez was engaged in "a conspiracy to obstruct justice" with four state judges.  (*Id.* at 3.)  That complaint was dismissed.  (*Id.*)  Plaintiff likewise filed a complaint against Judge Martinez with the Ninth Circuit Judicial Council, for which she shipped a "large carton" containing "thousands of pages of court records."  (*Id.* at 5.)  This complaint alleged that Judge Martinez "had improper motives for taking this case from the magistrate judge to whom it was assigned" in order to "determine the outcome of this case so that the outcome of this case could be used as a pretext for his co-conspirators in the state courts to strip the undersigned of her right to a trial" and "unjustly enrich[]" the co-conspirators.  (*Id.* at 6.)  This complaint was likewise dismissed.  (*Id.* at 8.)  Plaintiff makes a number of unrelated allegations against other judges and details her history of litigation against the Washington State Bar Association.  (*See generally*, Dkt. No. 242.)  Her motion is accompanied by over a thousand pages of exhibits.  (*See* Dkt. Nos. 243, 244, 245.)

Judge Martinez denied the motion, finding that Plaintiff "presented no reasonable basis to question the undersigned's impartiality."  (Dkt. No. 251 at 2–3.)  The Court further reasoned that "[f]iling a complaint of judicial misconduct, alone, cannot establish a basis for recusal—if that were true, motions for recusal would be self-executing."  (*Id.* at 3.)  Moreover, "[t]he fact that [Plaintiff] seeks this relief after already filing a complaint for judicial misconduct, which was dismissed, raises the strong presumption that the instant Motion is frivolous or intended to delay the proceedings."  (*Id.*)  Likewise, the Court noted that disagreement with prior rulings cannot form the basis for recusal, and "[a]ll other issues raised are either totally irrelevant or intended to

show an implausible conspiracy theory involving nearly every judicial officer or regulatory body who has dealt with [Plaintiff] in the last decade." (*Id.*)

### III    DISCUSSION

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff has failed to meet this objective standard. Plaintiff's fantastical allegations of a criminal conspiracy against her involving Judge Martinez and a host of state court judges are unsupported by objective evidence and cannot form the basis for recusal. "A party cannot manufacture grounds for recusal by fantastic allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge." *Royer v. Pennsylvania State Univ.*, No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) (internal citation omitted). Indeed, as noted by Judge Martinez, the fact that Plaintiff has already raised these allegations in complaints with two other judicial

oversight bodies and both have been dismissed indicates that the allegations are without merit, and the Court will not treat this recusal motion as an opportunity to relitigate those claims. Likewise, given Plaintiff's extensive history of allegations of impropriety against any adjudicator with whom she has dealt, "[t]here is no reason to think that if [Judge Martinez] recused, Plaintiff would not sue [or move to recuse] the next judge too, if she had not already. Recusing in this circumstance would do no good and would not serve the recusal statute's purpose." *Chase v. Ahuja*, No. 5:22-CV-225-AW-HTC, 2022 WL 17730878 at *1 (N.D. Fla. Dec. 16, 2022).

## IV    CONCLUSION

Accordingly, Judge Martinez's Order denying recusal (Dkt. No. 251) is AFFIRMED.

Dated this 18th day of June, 2025.

David G. Estudillo
United States District Judge