UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA L. FERGUSON,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>BRIAN J. WAID AND THE WAID MARITAL COMMUNITY,<br><br>　　　　　　Defendants. | Case No. C17-1685RSM<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES FOR CONTEMPT |

　　　This matter comes before the Court on Defendant Brian Waid's Motion for Attorney Fees, Dkt. #258. This Motion was filed in conjunction with Defendant's earlier Motion for Contempt, Dkt. #235, which was granted by the Court at Dkt. #257. Plaintiff Sandra Ferguson has not filed an opposition brief. The Court has determined that it can rule without oral argument.

　　　The record shows Ms. Ferguson was aware of the instant Motion and had the capability of responding. If Ms. Ferguson disagreed with any factual or legal contentions at issue here, she failed to defend herself. The Court interprets Ms. Ferguson's failure to file papers in opposition to this Motion as an admission that the Motion has merit. *See* LCR 7(b)(2).

ORDER GRANTING MOTION FOR ATTORNEY'S FEES FOR CONTEMPT - 1

Courts finding civil contempt may award attorney's fees and costs incurred in responding to the opposing side's violation of a court order, even in the absence of willful disobedience, to compensate the innocent party. *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985). Even after concluding that a compensatory award of attorney's fees is appropriate in response to a party's civil contempt, the court must determine what fee is reasonable, which it generally does by calculating the lodestar—*i.e.*, the number of hours reasonably expended multiplied by the reasonable hourly rate. *Innovation Ventures, LLC v. Distrib., Inc.*, No. 12-CV-00717-AB, 2015 WL 5319815, at *2 (C.D. Cal. Apr. 29, 2015) (collecting cases). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

On July 9, 2025, the Court directed Mr. Waid to file this Motion. Dkt. #257. In that Order, the Court held Ms. Ferguson in contempt for violation of the Court's injunction, sanctioned her $50,000, and awarded Mr. Waid "attorney fees for his time responding to Ms. Ferguson's violation of the injunction." *Id*. at 4–5.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns*

ORDER GRANTING MOTION FOR ATTORNEY'S FEES FOR CONTEMPT - 2

*v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1]  In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'"  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)).  "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity."  *Id*. (internal quotation omitted).  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…"  *Welch*, 480 F.3d at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  It is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities.  *Welch*, 480 F.3d at 948.  The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'"  *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

      The Court will first address the hourly rate.  The Court finds that the hourly rate of $500 per hour is reasonable, based on the experience, skill, and education of Mr. Waid, and

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation.  *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING MOTION FOR ATTORNEY'S FEES FOR CONTEMPT - 3

supported with citations to relevant cases where similar billing rates were awarded. *See* Dkt. #258 at 4–5; Dkt. #259.

The Court next turns to the hours requested. Mr. Waid did not keep contemporaneous or detailed time records in this matter, although he has historically done so. *See* Dkt. #259 at ¶ 7. His "re-constructed" billing records indicate a total of 16.5 hours spent on correspondence with Ms. Ferguson, drafting the Motion to Compel briefing, filing a status report, reading Ms. Ferguson's Motion for Reconsideration, and drafting the instant Motion for Attorney's Fees. *Id*. Drafting the Motion for Attorney's Fees, with research time, totaled 7.95 hours. The Court finds this time excessive, considering the instant Motion was 699 words, unopposed, and essentially perfunctory. The Court will reduce this time by 4 hours. The Court finds that all other hours were reasonable and can be considered "time responding to Ms. Ferguson's violation of the injunction." Accordingly, the Court will reduce the total time from 16.5 hours to 12.5 hours. At a rate of $500 per hour, this comes out to a total award of $6,250.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Brian J. Waid's Motion for Attorney Fees, Dkt. #258, is GRANTED IN PART as stated above. Plaintiff Ferguson shall pay Defendant an additional $6,250 in attorney's fees. This payment is due thirty (30) days from the date of this Order.

DATED this 8th day of August, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR ATTORNEY'S FEES FOR CONTEMPT - 4